UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

_____
                                   )
MARK MANCINI,                      )
                                   )
        Plaintiff,                 )
                                   )
    v.                             )   C.A. No. 13-92 S
                                   )
CITY OF PROVIDENCE, by and through )
its Treasurer, James J. Lombardi,  )
III; and HUGH CLEMENTS, JR.,       )
                                   )
        Defendants.                )
_____)

### CERTIFICATION ORDER

WILLIAM E. SMITH, United States District Judge.

In accordance with Rule 6 of the Rhode Island Supreme Court Rules of Appellate Procedure, the following question is hereby certified[1] to the Rhode Island Supreme Court:

> Does Section 28-5-7(6) of the Rhode Island Fair Employment Practices Act, R.I. Gen. Laws § 28-5-1 et seq. ("FEPA"), provide for the individual liability of an employee of a defendant employer and, if so, under what circumstances?

In addition to the question articulated above, this Court "would welcome the advice of the Rhode Island Supreme Court on any other relevant aspect of Rhode Island law which it believes

---

[1] Though neither party requested that this question be certified to the Rhode Island Supreme Court, this Court may properly certify a question to the state's highest court on its own motion under the circumstances presented in this case. Hundley v. Marsh (In re Hundley), 603 F.3d 95, 98 (1st Cir. 2010).

would aid in the proper resolution of this issue." Am. States Ins. Co. v. LaFlam, 672 F.3d 38, 44 (1st Cir. 2012).

I. Background[2]

The question certified has been considered by several judges of this Court and the Rhode Island Superior Court for decades. It is now raised in a Motion to Dismiss Plaintiff's Complaint in the present action. Plaintiff Mark Mancini, a Sergeant of the Providence Police Department (the "PPD"), has filed an eleven-count Complaint (ECF No. 1), which includes ten counts against Defendant City of Providence (the "City"), his employer, and one count against Defendant Hugh Clements, Jr., Chief of Police for the PPD. Plaintiff's claims generally involve employment and disability discrimination. At issue here is Plaintiff's employment discrimination claim under the Rhode Island Fair Employment Practices Act, R.I. Gen. Laws § 28-5-1 et seq ("FEPA"), against Clements, in his individual capacity, for the alleged failure to promote Plaintiff from the rank of sergeant to the rank of lieutenant within the PPD. (See Compl. ¶¶ 119-20.) Specifically, Plaintiff alleges that Clements violated Plaintiff's rights under R.I. Gen. Laws § 28-5-7(6)

---

[2] Rule 6(b) of the Rhode Island Supreme Court Rules of Appellate Procedure requires that the certifying court "set forth (1) the questions of law to be answered; and (2) a statement of all facts relevant to the questions certified and showing fully the nature of the controversy in which the questions arose."

2

because Clements aided, abetted, incited, compelled, and/or coerced the City to engage in an unlawful employment practice through his involvement in the promotion process. (Id.)

According to the Complaint, Plaintiff injured his right knee while chasing a suspect in the line of duty on November 15, 2010. (Id. ¶ 15.) As a result of Plaintiff's injured right knee, he was placed on "injured on duty" status, and was out of work until May 2011. (Id. ¶ 19.) When he returned to work, Plaintiff was placed on "light duty" status. (Id. ¶ 22.) In or about August 2011, the PPD terminated his light duty status, and by September 2, 2011, as a result of a directive from his employer, Plaintiff filed for accidental disability benefits with the City. (Id. ¶¶ 23-24.) Plaintiff's accidental disability pension was ultimately denied, and the City refused to allow him to return to work on "light duty" status. (Id. ¶ 29.) Plaintiff alleges that his physical impairment substantially limited one or more of his life's major activities including, but not limited to, working. (Id. ¶ 31.)

On May 3, 2012, Plaintiff was notified that a written examination (the "Exam") for promoting police officers from the rank of sergeant to the rank of lieutenant was scheduled to be administered to all eligible sergeants. (Id. ¶ 35.) The criteria for selecting a lieutenant would be based on a 100-point overall score whereby each candidate is awarded points as

follows: (1) 0-85 points for his or her score on a 100-question written examination; (2) 0-5 points for his or her level of education; (3) 0-5 points for his or her level of seniority; and (4) 0-5 points for his or her service. (Id. ¶ 37.) The service component pertains to the candidate's overall performance as a police officer. (Id. ¶ 41.) The Chief of Police considers letters of commendation, memoranda of merit received and other factors to determine a candidate's service points. (Id.) Service points are awarded at the Police Chief's sole discretion. (Id. ¶ 42.) The candidates with the five highest overall scores were to receive a promotion from sergeant to lieutenant. (Id. ¶ 45.)

On June 16, 2012, Plaintiff completed the Exam and received an overall score of 88.2: (1) 78.2 points for the written examination; (2) 5 points for education; (3) 5 points for seniority; and (4) 0 points for service. (Id. ¶ 50.) Plaintiff's 88.2 overall score ranked him seventh of the sixteen sergeants who took the Exam; therefore, he did not receive a promotion to lieutenant. (Id. ¶ 51.) The fifth ranked sergeant scored an 89.2 on the Exam. (Id. ¶ 61.)

It is the Police Chief's decision to award Plaintiff 0 service points that is the basis for Plaintiff's claim against Clements. Of the sixteen sergeants who completed this Exam, nine officers received a rating of 5, two officers received a

4

rating of 4.5, two officers received a rating of 4, two officers received a rating of 3.5, and one officer, Plaintiff, received a rating of 0. (Id. ¶ 64.) Plaintiff has previously completed five promotional exams, in which he was awarded a 5 for service points in each examination. (Id. ¶ 60.) Furthermore, Plaintiff has received letters of commendation and memoranda of merit throughout his career. (Id. ¶ 57.) Had Plaintiff received even one service point, he would have tied with the fifth highest test taker and been eligible for a promotion. (Id. ¶ 63.)

II.   Reasons for Certification

The dispute in this case revolves around whether FEPA permits individual liability. Specifically at issue here is R.I. Gen. Laws § 28-5-7(6), which makes it unlawful

> [f]or any person, whether or not an employer, employment agency, labor organization, or employee, to aid, abet, incite, compel, or coerce the doing of any act declared by this section to be an unlawful employment practice, or to obstruct or prevent any person from complying with the provisions of this chapter or any order issued pursuant to this chapter, or to attempt directly or indirectly to commit any act declared by this section to be an unlawful employment practice.

R.I. Gen. Laws § 28-5-7(6).

Title VII, the federal Civil Rights Act, does not provide for individual liability. See Fantini v. Salem State Coll., 557 F.3d 22, 28-30 (1st Cir. 2009). Defendants rely on this fact,

and decisional authority from other courts, to argue that, like Title VII, FEPA does not provide for individual liability.

Trial court judges who have considered the issue of individual liability under FEPA have disagreed on the answer. On one end of the spectrum at least two judges have rejected the notion that individual liability exists under the statute. See Bringhurst v. Cardi's Dep't Store, Inc., No. KC-2010-1025, 2011 WL 9379273 (R.I. Super. Dec. 30, 2011) (Judge K. Rodgers) (holding that FEPA, like Title VII, does not permit individual liability); Fabrizio v. City of Providence, C.A. No. 04-3025 (R.I. Super. Oct. 19, 2010) (Judge Stern) (dismissing employment discrimination action against individual defendants without explanation). Judge Rogers based her ruling on the continued practice of Rhode Island courts turning "to federal courts' interpretation of Title VII for guidance in interpreting [FEPA]." Bringhurst, 2011 WL 9379273 (citations omitted).

The midpoint in this spectrum is represented by Johnston v. Urban League of R.I., Inc., No. C.A. 09-167 S, 2009 WL 3834129 (D.R.I. Nov. 13, 2009), which unsurprisingly is cited by both parties for conflicting propositions. Defendant correctly notes that in Johnston, this Court initially dismissed an individual claim of liability under FEPA. Id. at *3. As Plaintiff points out, however, that dismissal provided leave to amend the complaint to re-plead in accordance with R.I. Gen. Laws § 28-5-

7(6), reasoning that this provision itself provides a basis for finding individual liability. Id. Plaintiff notes that ultimately the plaintiff in Johnston won a jury verdict on the issue of individual liability after successfully amending his complaint. (See Ex. B Pl. Opp'n. to Def.'s Mot. to Dismiss, ECF No. 11.)

Plaintiff relies on two decisions at the other end of the spectrum. These rulings came to the conclusion that FEPA does permit individual liability, relying in part on language contained within FEPA that is not contained in Title VII. In Wyss v. Gen. Dynamics Corp., Judge Lagueux, of this Court, held that FEPA "is broader than Title VII. . . . [because i]t explicitly reaches 'any person, whether or not an employer.'" 24 F. Supp. 2d 202, 210 (D.R.I. 1998) (quoting R.I. Gen. Laws § 28-5-7(6)). Thus, he reasoned this language "provides an independent ground[] for individual liability." Id. This position reaffirmed Judge Lagueux's earlier ruling that "FEPA reaches past employers to forbid discriminatory acts by individual employees." Iacampo v. Hasbro, Inc., 929 F. Supp. 562, 573 (D.R.I. 1996).

Because the proper scope and meaning of R.I. Gen. Laws § 28-5-7(6) with respect to individual liability is not clear, this Court believes that an answer to the question certified above would greatly assist it in resolving the matter currently

7

pending before it, and would assist this and other courts in rendering decisions related to FEPA in the future.

IT IS SO ORDERED.


*William E. Smith*
William E. Smith
United States District Judge
Date:  September 26, 2013