UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MARK MANCINI, | : | |
|     *Plaintiff*, | : | |
| | : | |
| vs. | : | Civil Action No. Ca 13-092S |
| | : | |
| CITY OF PROVIDENCE, by and through its | : | |
| Treasurer, James J. Lombardi, III, | : | |
|     *Defendant.* | : | |

## DEFENDANT'S STATEMENT OF UNDISPUTED FACTS

Pursuant to Rule 56 of the Federal Rules of Civil Procedure and LR cv 56 of the Local Rules of the United States District Court of the District of Rhode Island, Defendant submits the within Statement of Undisputed Facts. Defendant states that the following facts are undisputed:

1. Plaintiff injured his right knee while chasing a suspect in the line of duty on or about November 15, 2010. (Def. **Ex. A**, Mancini Depo. Tr. Vol. II 6:18-21.)

2. As a result of his injury, he was placed on "injured on duty" status, see R.I. Gen. Laws § 45-19-1 et seq., and was out of work until May 2011.

3. He returned to work on "light duty" status until August 2011.

4. On or about September 2, 2011, Plaintiff applied for an accidental disability pension, which was denied on June 27, 2012 because Plaintiff did not qualify. (Pl. Ex 4, Ex. 5.)

5. Plaintiff applied for a promotion from the rank of sergeant to the rank of lieutenant. (Pl. Ex. 8.)

6. The promotional process is governed by the Collective Bargaining Agreement ("CBA") between the City and the police union, the Providence Fraternal Order of Police Lodge 3 (the "Union"). (Pl. Ex. 3.)

1

7. The criteria for selecting a lieutenant is based upon a 100-point overall score whereby each candidate is awarded points as follows: (1) 0-85 points for his or her score on a 100-question written examination; (2) 0-5 points for his or her level of education; (3) 0-5 points for his or her level of seniority; and (4) 0-5 points for his or her service. (Pl. Ex. 3.)

8. The service component pertains to the candidate's overall performance as a police officer. (Pl. Ex. 3.)

9. The Chief of Police considers letters of commendation, memoranda of merit received, and other factors to determine a candidate's service points. (Pl. Ex. 3.)

10. Service points are awarded at the Police Chief's sole discretion. (Pl. Ex. 3.)

11. Pursuant to the CBA, the Chief of Police is to deliver his or her award of service points for all candidates to the Union *prior* to the administration of the written examination. (Pl. Ex. 3.)

12. On June 16, 2012, Plaintiff completed the exam and received an overall score of 88.2: (1) 78.2 points for the written examination; (2) 5 points for education; (3) 5 points for seniority; and (4) 0 points for his service. (Pl. Ex. 8.)

13. Plaintiff's 88.2 overall score ranked him seventh of the sixteen sergeants who took the exam; therefore, he did not receive a promotion to lieutenant. (Pl. Ex. 8.)

14. Had Plaintiff received one more point overall, he would have tied with the fifth highest test taker and been eligible for promotion based on his seniority. (Pl. Ex. 3, Ex. 8.)

15. Colonel Hugh T. Clements, Jr., Chief of Police, testified extensively during his deposition over the course of two days as to the nondiscriminatory reasons that he

chose to award Mancini zero (0) service points. (Def. **Ex. B** Clements Depo Tr. Vol I and II**.**)

16. The only evidence Mancini presents to this Court to establish that his purported physical impairment substantially limits one or more major life activities is his own affidavit, prepared for purposes of moving for summary judgment. (See Pl. Mem. at 14.)

17. In his affidavit, Mancini avers the following: "At the time I sat for the June 2012 Lieutenants Exam, my physical impairment substantially limited by ability to stand, walk, bend, lift, and work as compared to the average member in society." (Def. **Ex. C** Mancini Aff. ¶ 12.)

18. Pursuant to the CBA, light duty status is reserved for those officers who are "expected to fully recover and return to his/her full police duties or other normal duties." (Def. **Ex. D**, Article X, Section 10 of the CBA.)

19. Eleven (11) candidates for the 2012 Sergeant's promotional examination were also on injured on duty status at the time that they signed up to take that examination. (Pl. Ex. 6.)

20. Every candidate on IOD status at the time of the Sergeant's examination received a five (5) for service points from Colonel Clements, other than Sean Carroll who received a four (4), and William Dickie, who did not meet the criteria for eligibility. (Def**. Ex. E**; Pl. Ex. 6.)

DEFENDANTS,
By their Attorney,

JEFFREY DANA
CITY SOLICITOR

/s/Kevin F. McHugh
Kevin F. McHugh (#3927)
Senior Assistant City Solicitor
Steven B. Nelson (#8142)
Assistant City Solicitor
City of Providence Solicitor's Office
444 Westminster Street, Suite 220
Providence, RI 02903
(401) 680-5333
(401) 680-5520 (Fax)
kmchugh@providenceri.gov
snelson@providenceri.gov

## **CERTIFICATION**

I hereby certify that I have filed the within with the United States District Court on this day of May 26, 2017, that a copy is available for viewing and downloading via the ECF system, and that I have caused a copy to be sent to:

Mark P. Gagliardi
120 Wayland Avenue, Suite 7
Providence, RI 02906

/s/Steven B. Nelson