**FILED**

## UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF RHODE ISLAND

2013 FEB -6  A 11: 04

U.S. DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| MARK MANCINI, <br> Plaintiff | : <br> : <br> : <br> : |
| v. | : <br> : <br> :    C.A. No. |
| CITY OF PROVIDENCE, By and Through Its <br> Treasurer, James J. Lombardi, III and <br> HUGH CLEMENTS, JR., <br> Defendants | : <br> :    CA 13- 092 S <br> : <br> : |

### COMPLAINT

Plaintiff Mark Mancini hereby commences this action against his employer, the City of Providence, and his supervisor, Hugh Clements, Jr., the Chief of Police for the Providence Police Department, and alleges the following:

### THE PARTIES

1.  Plaintiff Sergeant Mark Mancini is an individual, male person of legal age, who, at all times relevant to this action, was an employee of the City of Providence and a resident of the State of Rhode Island. Plaintiff is a "person" within the meaning of R.I. Gen. Laws § 42-112-1 and an "employee" within the meaning of R.I. Gen. Laws § 28-5-1 et seq.; R.I. Gen. Laws § 42-87-1 et seq.; and 42 U.S.C. § 12111(4)).

2.  Defendant City of Providence (the "City of Providence") is a municipal corporation and is being sued by and through its Treasurer, James J. Lombardi, III. At all times relevant to this action, Defendant City of Providence managed, maintained, operated, and controlled the Providence Police Department, a department within the City of Providence located at 325 Washington Street, Providence, RI, and is an "employer" within the meaning of R.I. Gen. Laws § 28-5-6(7); 42 U.S.C. § 12111(5); and R.I. Gen. Laws § 42-87-1 et. seq.

3.  Defendant Colonel Hugh T. Clements, Jr. is Chief of the Providence Police Department and is being sued in both his individual and official capacities.

4.  Defendant Clements, at all times relevant to this action, acted in a supervisory capacity over Plaintiff. Based upon the authority and control granted to him by Defendant City of Providence, Defendant Clement exercised control over the terms and conditions of Plaintiff's employment, is an agent of an "employer" within the meaning of R.I. Gen. Laws 28-5-6(7); and 42 U.S.C. § 12111(5); and a "person" within the meaning of R.I. Gen. Laws § 42-87-1 et. seq.

- 1 -

### JURISDICTION AND VENUE

5.   The jurisdiction of this Court is invoked pursuant to 42 U.S.C. § 12101 et. seq.

6.   This Court's exercise of supplemental jurisdiction with respect to Plaintiff's state law claims is warranted because they are so related to Plaintiff's federal claims that they form part of the same case or controversy.

7.   Venue is proper because the actions complained of herein occurred in the State of Rhode Island.

### ADMINISTRATIVE PROCEDURES

8.   On August 2, 2012, Plaintiff filed a Charge of Discrimination with the Rhode Island Commission for Human Rights ("RICHR") for violation of the Rhode Island Fair Employment Practices Act, R.I. Gen. Laws § 28-5-1 et. seq. ("RI FEPA"), which was simultaneously filed with the Equal Employment Opportunity Commission (the "EEOC") for violation of the Americans With Disabilities Act, 42 U.S.C. § 12101 et. seq.

9.   On December 4, 2012, the RICHR issued to Plaintiff a Notice of Right to Sue letter, a copy of which is attached hereto as Exhibit "A."

10.  On December 11, 2012, prior to instituting this suit, Plaintiff served via certified mail a Notice of Claim upon the Providence City Council pursuant to R.I. Gen. Laws § 45-15-5, a copy of which is attached hereto as Exhibit "B."

11.  On December 27, 2012, the EEOC issued to Plaintiff a Notice of Right to Sue letter, a copy of which is attached hereto as Exhibit "C."

### FACTUAL ALLEGATIONS

12.  At all times relevant to this action, Defendant City of Providence employed 15 or more employees in the State of Rhode Island.

13.  At all times relevant to this action, Defendant Colonel Hugh T. Clements, Jr. served as Chief of Police of the Providence Police Department.

14.  Plaintiff Sergeant Mark Mancini ("Sergeant Mancini") has been employed by Defendant City of Providence in the Providence Police Department as a police officer since 1994 and is a "person" within the meaning of R.I. Gen. Laws § 42-112-1 and an "employee" within the meaning of R.I. Gen. Laws § 28-5-1 et seq.; R.I. Gen. Laws § 42-87-1 et seq.; and 42 U.S.C. § 12111(4)).

15.  On November 15, 2010, Sergeant Mancini injured his right knee while chasing a suspect in the line of duty.

16.  On November 17, 2010, Sergeant Mancini sought medical treatment for his injured right knee.

17.   On February 3, 2011, Sergeant Mancini underwent arthroscopic surgery of his right knee.

18.   Beginning on or about February 15, 2012, Sergeant Mancini began approximately ten weeks of physical therapy.

19.   As a result of his injured right knee, Sergeant Mancini was placed on "Injured on Duty" ("IOD") status and placed out of work until May 2011.

20.   On May 20, 2011, Sergeant Mancini had a follow-up appointment with his orthopedic surgeon, Michael Feldman, M.D., who requested that Sergeant Mancini take a Function Capacity Examination ("FCE") to determine if he needed any restrictions of his job duties because of his injured knee.

21.   Upon information and belief, Defendants never answered Dr. Feldman's request for a FCE on Sergeant Mancini.

22.   In or about May 2011, Sergeant Mancini returned to work and was placed on "light duty" status.

23.   In or about August 2011, Sergeant Mancini's employer terminated his light duty status and required him to file with the City of Providence for accidental disability benefits on the grounds that he was incapacitated from his duties as a police officer and should be retired from service.

24.   On September 2, 2011, against Sergeant Mancini's wishes and as a direct result of a directive from his employer, Sergeant Mancini reluctantly filed for accidental disability benefits with the City of Providence.

25.   Pursuant to his application for accidental disability benefits, Sergeant Mancini underwent three (3) independent medical examinations ("IMEs") by three (3) physicians engaged by the City of Providence.

26.   Two of the three IMEs provided that Sergeant Mancini could perform his full duties as a Sergeant, that he was not permanently disabled, and that he should not be retired from service.

27.   On June 27, 2012, at a hearing before the Providence Retirement Board, (the "Board") Sergeant Pasquale Granada, a Human Resources administrator for the Providence Police Department, urged the Board to grant Sergeant Mancini a disability pension and intentionally misled the Board by stating that Sergeant Mancini's doctor would not release him to work regardless of the outcome of Sergeant Mancini's FCE.

28.   On June 27, 2012, the City of Providence denied Sergeant Mancini's application for accidental disability benefits based on the results of the IMEs.

29.   After Sergeant Mancini was denied an accidental disability pension, Defendant City of Providence refused to allow him to return to work on light duty status.

30.   At all times relevant to this action, Sergeant Mancini suffered from a physical impairment to his right knee.

- 3 -

31.     At all times relevant to this action, Sergeant Mancini's physical impairment substantially limited one or more of his life's major activities including, but not limited to, walking, standing, bending, taking care of himself, and working.

32.     At all times relevant to this action, Defendants perceived Sergeant Mancini to suffer from a physical impairment as defined by federal and state law.

33.     At all times relevant to this action, Defendants were aware of Sergeant Mancini's record of a physical impairment as defined by federal and state law.

34.     At all times during the course of Sergeant Mancini's employment with Defendant City of Providence, Plaintiff's job performance always met his employer's legitimate expectations.

35.     On May 3, 2012, Sergeant Mancini was notified that on June 16, 2012, a written examination for promoting police officers from the rank of Sergeant to the rank of Lieutenant would be administered to all eligible Sergeants (the "June 16, 2012 Lieutenants Promotional Examination").

36.     Upon information and belief, Defendant City of Providence was seeking to fill five (5) Lieutenant positions.

37.     The Collective Bargaining Agreement (the "CBA") between the Defendant City of Providence and the Union sets forth the criteria for selecting a Lieutenant based on a 100 point overall score where each candidate is awarded points as follows: (1) 0-85 points for his or her score on a 100 question, written examination; (2) 0-5 points for his or her level of education; (3) 0-5 points for his or her level of seniority; and (4) 0-5 points for his or her service points.

38.     To arrive at a candidate's overall score, the candidate's raw score on his written examination on a scale of 0 to 100 points is multiplied by eighty-five percent (85%) and added to the points awarded for level of education, level of seniority, and service points.

39.     For the level of education category, a candidate is awarded points as follows:

        a.   five (5) points for attaining a bachelor's degree;
        b.   four (4) points for attaining an associate's degree;
        c.   three (3) points for attaining 31 to 45 credits;
        d.   two (2) points for attaining 16 to 30 credits; and
        e.   one (1) point for attaining up to 15 credits

40.     For the level of seniority category, a candidate is awarded points as follows:
        a.   five (5) points for 15 years of seniority;
        b.   four (4) points for 13-15 years of seniority;
        c.   three (3) points for 10-13 years of seniority;
        d.   two (2) points for 7-10 years of seniority; and
        e.   one (1) point for 4-7 years of seniority

- 4 -

41. The service category pertains to the candidate's overall performance as a police officer. Letters of commendation, and memoranda of merit received as wells as unused sick time may be considered.

42. Service points are awarded at the Police Chief's sole discretion.

43. A candidate's score for service points is determined prior to the administration of the written examination, and the score for service points is forwarded by the Police Chief to the President of the Union.

44. After the written examinations are graded, the candidates' examination points are added to the points for education, seniority, and service to arrive at an overall score.

45. The candidates are then ranked by their overall scores from highest to lowest, and the candidates with the five highest overall scores receive a promotion from Sergeant to Lieutenant.

46. Based on the criteria set forth in the CBA, upon information and belief, thirty-two (32) Sergeants including Sergeant Mancini were eligible to take the June 16, 2012 Lieutenants Promotional Examination.

47. Upon information and belief, twenty-two (22) Sergeants, including Sergeant Mancini, signed up to take the June 16, 2012 Lieutenants Promotional Examination.

48. On June 16, 2012, sixteen (16) Sergeants, including Sergeant Mancini, took the written June 16, 2012 Lieutenants Promotional Examination.

49. On July 7, 2012, Defendants released the results of the June 16, 2012 Lieutenants Promotional Examination.

50. Sergeant Mancini received an overall score of 88.2 on the June 16, 2012 Lieutenants Promotional Examination:

    a. 78.2 points for the written examination;
    b. 5 points for education;
    c. 5 points for seniority; and
    d. 0 points for service

51. Sergeant Mancini's 88.2 overall score ranked him seventh of the sixteen Sergeants who took the June 16, 2012 Lieutenants Promotional Examination and, therefore, he did not receive a promotion to Lieutenant.

52. Sergeant Mancini received a raw score of 92 on the written portion of the promotional examination, so he was awarded 78.2 points for this category (92 * 85% = 78.2).

53. Because Sergeant Mancini has attained a bachelor's degree, he was awarded five (5) points for the level of education category.

Case 1:13-cv-00092-WES-PAS   Document 85-2   Filed 05/26/17   Page 6 of 25 PageID #: 1445

Case 1:13-cv-00092-S-PAS   Document 1   Filed 02/06/13   Page 6 of 16 PageID #: 6

54.    Because Sergeant Mancini had 18 years of seniority at the time of the June 16, 2012 Lieutenants Promotional Examination, he was awarded five (5) points for the level of seniority category.

55.    However, Defendants awarded Sergeant Mancini "0" points for service, by far the lowest score of all sixteen (16) officer who took the June 16, 2012 Lieutenants Promotional Examination.

56.    Sergeant Mancini has never received any meaningful discipline during his entire eighteen (18) year career with the Providence Police Department.

57.    Sergeant Mancini has received letters of commendation and memoranda of merit throughout his career.

58.    Sergeant Mancini is regarded by his supervisors as an effective and capable police officer.

59.    Prior to the June 16, 2012 Lieutenants Promotional Examination, upon information and belief, Commander Tom Oates ("Commander Oates") stated at a Command Staff Meeting in relation to the upcoming June 16, 2012 Lieutenants Promotional Examination: "Give Mancini a '3' [for service]."

60.    In the years prior to the June 16, 2012 Lieutenants Promotional Examination, Sergeant Mancini had taken five (5) written promotional examinations, the most recent one in 2010. Defendants awarded Sergeant Mancini a "5" for Service Points in all five examinations.

61.    Sergeant George Smith ("Sergeant Smith"), who ranked fifth on the June 16, 2012 Lieutenants Promotional Examination and whose overall score placed him on the list to be promoted, received an overall score of 89.2 points, one point higher than Sergeant Mancini.

62.    Sergeant Smith received "5" service points on the June 16, 2012 Lieutenants Promotional Examination.

63.    If Defendants had awarded Sergeant Mancini "3" service points per the recommendation of Commander Oates, or even one ("1") service point instead of "0" service points, Sergeant Mancini would have scored higher than Sergeant Smith and been placed on the list to be promoted to Lieutenant.

64.    Of the sixteen (16) Sergeants who took the June 16, 2012 Lieutenants Promotional Examination, for the service category, nine (9) officers received a rating of "5," two (2) officers received a rating of "4.5," two (2) officers received a rating of "4," two (2) officers received a rating of "3.5," and one (1) officer, Sergeant Mancini, received a rating of "0."

65.    Upon information and belief, Candidate Sergeant Richard Fernandes ("Sergeant Fernandes") has been disciplined in the past for varies departmental infractions and is currently under investigation by the Providence Police Department Internal Investigations unit.

66.    Sergeant Fernandes received "4" service points on the June 16, 2012 Lieutenants Promotional Examination.

- 6 -

67. Upon information and belief, in or about 2011, several lieutenants called Candidate Sergeant Pao Yang ("Sergeant Yang") and requested that he not put in a bid to work in their districts.

68. Sergeant Yang received "3.5" service points on the June 16, 2012 Lieutenants Promotional Examination.

69. In his eighteen years of service, Plaintiff is only aware of one other promotional candidate who received a "0" for service points on any promotional examination, John Kaya, who was demoted two ranks from Lieutenant to Patrolman for egregious violation of Police Department policies and rules.

70. On June 23, 2012, Defendant City of Providence administered a Sergeant's Promotional Examination for the purposes of promoting police officers to the rank of Sergeant (the "June 23, 2012 Sergeant's Promotional Examination") using the same scoring method as the June 16, 2012 Lieutenant's Promotional Examination.

71. 120 police officers signed up for the June 23, 2012 Sergeant's Promotional Examination and 115 were eligible to take the exam.

72. Of the 115 police officers eligible to take the June 23, 2012 Sergeant's Promotional Examination, for the service category, eighty-nine (89) officers received a rating of "5," ten (10) officers received a rating of "4.5," thirteen (13) officers received a rating of "4," and three (3) officers received a rating of "3."

73. Not one officer who took the June 23, 2012 Sergeant's Promotional Examination received a rating lower than "3" for service points.

74. Upon information and belief, Candidate Detective Paul Renzi, who signed up for the June 23, 2012 Sergeant's Promotional Examination, but who did not take the examination, was demoted from Sergeant to Detective in or about 2010 because of on-the-job misconduct.

75. Despite his demotion, Candidate Detective Renzi received a "4.5" for service points.

76. Upon information and belief, Candidate Patrolman Sean Carroll, who sat for the June 23, 2012 Sergeant's Promotional Examination and whose overall score placed him on the list to be promoted to Sergeant, was demoted from Sergeant to Detective in or about 2008 because of on-the-job misconduct.

77. Despite his demotion, Candidate Patrolman Carroll received a "4.0" for service points.

78. Upon information and belief, Defendant Clements was the Captain of Candidate Patrolman Carroll's unit at the time of his demotion and, therefore, Defendant Clements had actual knowledge of the Candidate Patrolman Carroll's misconduct.

79. Upon information and belief, Patrol Gary Slater, who signed up for the June 23, 2012 Sergeant's Promotional Examination, was suspended for six months for on-the-job misconduct.

80. Despite his suspension, Patrolman Slater received a 3.0 for service points.

81. Of the 137 police officers who signed up for the June 16, 2012 Lieutenant's Promotional Examination and the June 23, 2012 Sergeant's Promotional Examination, Sergeant Mancini was the only police officer who receive a rating of "0" for service points.

82. When Mancini discovered that he received "0" for service points, he requested through his union representative a meeting with Defendant Clements. However, Defendant Clements never contacted Mancini.

83. Defendants' actionable conduct complained of herein proximately caused Plaintiff to suffer grave and substantial pecuniary damages, including lost wages, fringe benefits, vacation pay, attorneys' fees, the costs of this action, as well as other pecuniary damages, now, and in the future.

84. Defendants' actionable conduct complained of herein caused Plaintiff to suffer grave and substantial compensatory damages, including physical injuries, physical sickness, personal emotional pain, personal suffering, personal inconvenience and discomfort, mental anguish, extreme and severe emotional distress with resulting physical and emotional manifestations, loss of enjoyment of life, humiliation, embarrassment, fear and discomfort triggered by suffering a loss of income, anguish, frustration, and other severe non-pecuniary losses, now, and in the future, as well as future pecuniary losses.

85. The conduct of Defendants warrant the imposition of statutory punitive or exemplary damages, because Defendant intentionally and maliciously and without justification or excuse failed to promote Plaintiff because of his disability, a record of a disability, or perception that he was disabled, thereby demonstrating Defendant's malice or ill will and reckless and callous indifference to Plaintiff's statutory right to enjoy the terms and conditions of his employment free from unlawful discrimination.

## CLAIMS AGAINST DEFENDANT CITY OF PROVIDENCE

### COUNT I
#### VIOLATION OF THE RHODE ISLAND CIVIL RIGHTS ACT OF 1990, R.I. GEN. LAWS § 42-112-1 ET. SEQ.
#### DISCRIMINATORY TERMS AND CONDITIONS OF EMPLOYMENT BASED ON A DISABILITY FAILURE TO PROMOTE

86. Plaintiff hereby incorporates by reference paragraphs 1-85 of this Complaint as though fully set forth herein.

87. Defendants' conduct as set forth above constitutes discrimination for failure to promote based on Plaintiff's disability, his record of an impairment or a perception that he has an impairment in violation of the Rhode Island Civil Rights of 1990, R.I. Gen. Laws § 42-112-1 et. seq. and as a direct and proximate result of such illegal conduct, Plaintiff has suffered grave and substantial damages, wherefore each Defendant stands jointly and severally liable to Plaintiff for the damages more fully alleged in paragraphs 83-85 above.

WHEREFORE, Plaintiff prays for the relief hereinafter set forth.

- 8 -

## COUNT II
### VIOLATION OF THE RHODE ISLAND FAIR EMPLOYMENT PRACTICES ACT,
### R.I. GEN. LAWS § 28-5-1 ET. SEQ.
### DISCRIMINATORY TERMS AND CONDITIONS OF EMPLOYMENT BASED ON A DISABILITY
### FAILURE TO PROMOTE

88.   Plaintiff hereby incorporates by reference paragraphs 1-87 of this Complaint as though fully set forth herein.

89.   Defendants' conduct as set forth above constitutes discrimination for failure to promote based on Plaintiff's disability, his record of an impairment or a perception that he has an impairment in violation of R.I. Gen. Laws § 28-5-1 et. seq., and as a direct and proximate result of such illegal conduct, Plaintiff has suffered grave and substantial damages, wherefore each Defendant stands jointly and severally liable to Plaintiff for the damages more fully alleged in paragraphs 83-85 above.

WHEREFORE, Plaintiff prays for the relief hereinafter set forth.

## COUNT III
### VIOLATION OF THE AMERICANS WITH DISABILITIES ACT,
### 42 U.S.C. § 12101 ET SEQ.
### DISCRIMINATORY TERMS AND CONDITIONS OF EMPLOYMENT BASED ON A DISABILITY
### FAILURE TO PROMOTE

90.   Plaintiff hereby incorporates by reference paragraphs 1-89 of this Complaint as though fully set forth herein.

91.   Defendants' conduct as set forth above constitutes discrimination for failure to promote based on Plaintiff's disability, his record of an impairment or a perception that he has an impairment in violation of 42 U.S.C. § 12101 et seq., and as a direct and proximate result of such illegal conduct, Plaintiff has suffered grave and substantial damages, wherefore each Defendant stands jointly and severally liable to Plaintiff for the damages more fully alleged in paragraphs 83-85 above.

WHEREFORE, Plaintiff prays for the relief hereinafter set forth.

COUNT IV
VIOLATION OF THE CIVIL RIGHTS OF PEOPLES WITH DISABILITIES ACT,
R.I. GEN. LAWS § 42-87-1 ET, SEQ.
DISCRIMINATORY TERMS AND CONDITIONS OF EMPLOYMENT BASED ON A DISABILITY
FAILURE TO PROMOTE

92.   Plaintiff hereby incorporates by reference paragraphs 1-91 of this Complaint as though fully
      set forth herein.

93.   Defendants' conduct as set forth above constitutes discrimination for failure to promote
      based on Plaintiff's disability, his record of an impairment or a perception that he has an
      impairment in violation of R.I. Gen. Laws § 42-87-1 et, seq., and as a direct and proximate
      result of such illegal conduct, Plaintiff has suffered grave and substantial damages, wherefore
      each Defendant stands jointly and severally liable to Plaintiff for the damages more fully alleged
      in paragraphs 83-85 above.

WHEREFORE, Plaintiff prays for the relief hereinafter set forth.

COUNT V
VIOLATION OF 42 U.S.C. § 1983
FAILURE TO PROMOTE

94.   Plaintiff hereby incorporates by reference paragraphs 1-93 of this Complaint as though fully
      set forth herein.

95.   At all times relevant to this action, Defendants acted under the color of law.

96.   Defendants' unconstitutional, wrongful, tortious and negligent course-of-conduct in denying
      Plaintiff a promotion was intended to deprive and did deprive Plaintiff of Plaintiff's rights
      secured by state and federal law as set forth above.

97.   Defendants' conduct as set forth above constitutes a violation of 42 U.S.C. § 1983, and as a
      direct and proximate result of such illegal conduct, Plaintiff has suffered grave and substantial
      damages, wherefore each Defendant stands jointly and severally liable to Plaintiff for the
      damages more fully alleged in paragraphs 83-85 above.

WHEREFORE, Plaintiff prays for the relief hereinafter set forth.

## COUNT VI
### VIOLATION OF THE RHODE ISLAND CIVIL RIGHTS ACT OF 1990,
### R.I. GEN. LAWS § 42-112-1 ET. SEQ.
### DISCRIMINATORY TERMS AND CONDITIONS OF EMPLOYMENT BASED ON A DISABILITY
### FAILURE TO PROVIDE A REASONABLE ACCOMMODATION

98.     Plaintiff hereby incorporates by reference paragraphs 1-97 of this Complaint as though fully set forth herein.

99.     At all relevant times, Plaintiff suffered from a physical impairment that substantially limited one or more of his life's major activities such as walking, standing, bending, taking care of himself, and working, thereby requiring Defendant to provide him with a reasonable accommodation by placing him on light duty status.

100.    Defendant failed or refused to provide Plaintiff with a reasonable accommodation when it terminated his light duty status in August 2011 and required him to file for accidental disability benefits.

101.    Defendants' conduct as set forth above constitutes discrimination for failure to provide a reasonable accommodation in violation of the Rhode Island Civil Rights of 1990, R.I. Gen. Laws § 42-112-1 et. seq. and as a direct and proximate result of such illegal conduct, Plaintiff has suffered grave and substantial damages, wherefore each Defendant stands jointly and severally liable to Plaintiff for the damages more fully alleged in paragraphs 83-85 above.

WHEREFORE, Plaintiff prays for the relief hereinafter set forth.

## COUNT VII
### VIOLATION OF THE RHODE ISLAND FAIR EMPLOYMENT PRACTICES ACT,
### R.I. GEN. LAWS § 28-5-1 ET. SEQ.
### DISCRIMINATORY TERMS AND CONDITIONS OF EMPLOYMENT BASED ON A DISABILITY
### FAILURE TO PROVIDE A REASONABLE ACCOMMODATION

102.    Plaintiff hereby incorporates by reference paragraphs 1-97 of this Complaint as though fully set forth herein.

103.    At all relevant times, Plaintiff suffered from a physical impairment that substantially limited one or more of his life's major activities such as walking, standing, bending, taking care of himself, and working, thereby requiring Defendant to provide him with a reasonable accommodation by placing him on light duty status.

104.    Defendant failed or refused to provide Plaintiff with a reasonable accommodation when it terminated his light duty status in August 2011 and required him to file for accidental disability benefits.

105.   Defendants' conduct as set forth above constitutes discrimination for failure to provide a reasonable accommodation in violation of R.I. Gen. Laws § 28-5-1 et. seq. and as a direct and proximate result of such illegal conduct, Plaintiff has suffered grave and substantial damages, wherefore each Defendant stands jointly and severally liable to Plaintiff for the damages more fully alleged in paragraphs 83-85 above.

WHEREFORE, Plaintiff prays for the relief hereinafter set forth.

### COUNT VIII
### VIOLATION OF THE AMERICANS WITH DISABILITIES ACT,
### 42 U.S.C. § 12101 ET SEQ.
### DISCRIMINATORY TERMS AND CONDITIONS OF EMPLOYMENT BASED ON A DISABILITY
### FAILURE TO PROVIDE A REASONABLE ACCOMMODATION

106.   Plaintiff hereby incorporates by reference paragraphs 1-101 of this Complaint as though fully set forth herein.

107.   At all relevant times, Plaintiff suffered from a physical impairment that substantially limited one or more of his life's major activities such as walking, standing, bending, taking care of himself, and working, thereby requiring Defendant to provide him with a reasonable accommodation by placing him on light duty status.

108.   Defendant failed or refused to provide Plaintiff with a reasonable accommodation when it terminated his light duty status in August 2011 and required him to file for accidental disability benefits.

109.   Defendants' conduct as set forth above constitutes discrimination for failure to provide a reasonable accommodation based in violation of 42 U.S.C. § 12101 et seq. and as a direct and proximate result of such illegal conduct, Plaintiff has suffered grave and substantial damages, wherefore each Defendant stands jointly and severally liable to Plaintiff for the damages more fully alleged in paragraphs 83-85 above.

WHEREFORE, Plaintiff prays for the relief hereinafter set forth.

### COUNT IX
### VIOLATION OF THE CIVIL RIGHTS OF PEOPLES WITH DISABILITIES ACT,
### R.I. GEN. LAWS § 42-87-1 ET. SEQ.
### DISCRIMINATORY TERMS AND CONDITIONS OF EMPLOYMENT BASED ON A DISABILITY
### FAILURE TO PROVIDE A REASONABLE ACCOMMODATION

110.   Plaintiff hereby incorporates by reference paragraphs 1-105 of this Complaint as though fully set forth herein.

111.   At all relevant times, Plaintiff suffered from a physical impairment that substantially limited one or more of his life's major activities such as walking, standing, bending, taking care of himself, and working, thereby requiring Defendant to provide him with a reasonable accommodation by placing him on light duty status.

- 12 -

112.    Defendant failed or refused to provide Plaintiff with a reasonable accommodation when it terminated his light duty status in August 2011 and required him to file for accidental disability benefits.

113.    Defendants' conduct as set forth above constitutes discrimination for failure to provide a reasonable accommodation in violation of R.I. Gen. Laws § 42-87-1 et. seq. and as a direct and proximate result of such illegal conduct, Plaintiff has suffered grave and substantial damages, wherefore each Defendant stands jointly and severally liable to Plaintiff for the damages more fully alleged in paragraphs 83-85 above.

WHEREFORE, Plaintiff prays for the relief hereinafter set forth.

## COUNT X
### VIOLATION OF 42 U.S.C. § 1983
### FAILURE TO PROVIDE A REASONABLE ACCOMMODATION

114.    Plaintiff hereby incorporates by reference paragraphs 1-113 of this Complaint as though fully set forth herein.

115.    At all times relevant to this action, Defendants acted under the color of law.

116.    Defendants' unconstitutional, wrongful, tortious and negligent course-of-conduct in denying Plaintiff a reasonable accommodation to his disability was intended to deprive and did deprive Plaintiff of Plaintiff's rights secured by state and federal law as set forth above.

117.    Defendants' conduct as set forth above constitutes a violation of 42 U.S.C. § 1983, and as a direct and proximate result of such illegal conduct, Plaintiff has suffered grave and substantial damages, wherefore each Defendant stands jointly and severally liable to Plaintiff for the damages more fully alleged in paragraphs 83-85 above.

WHEREFORE, Plaintiff prays for the relief hereinafter set forth.

## CLAIMS AGAINST DEFENDANT HUGH CLEMENTS, JR.

### COUNT XI
VIOLATION OF THE RHODE ISLAND FAIR EMPLOYMENT PRACTICES ACT,
R.I. GEN. LAWS § 28-5-1 ET. SEQ.
AIDING, ABETTING, INCITING, COMPELLING, AND/OR COERCING
TO ENGAGE IN AN UNLAWFUL EMPLOYMENT PRACTICE

118.    Plaintiff hereby incorporates by reference paragraphs 1-117 of this Complaint as though fully set forth herein.

119.    Defendant Clement violated Plaintiff's rights under R.I. Gen. Laws § 28-5-7(6) because he aided, abetted, incited, compelled, and/or coerced Defendant City of Providence to engage in an unlawful employment practice when, because of Plaintiff's disability status, record of an impairment or based upon the perception that he had an impairment, Defendant Clement awarded Plaintiff "0" service points or caused Plaintiff to be awarded "0" service points, thereby causing the denial of Plaintiff's promotion.

120.    Defendants Clement's conduct as set forth above constitutes a violation of R.I. Gen. Laws § 28-5-7(6) and as a direct and proximate result of such illegal conduct, Plaintiff has suffered grave and substantial damages, wherefore each Defendant stands jointly and severally liable to Plaintiff for the damages more fully alleged in paragraphs 83-85 above.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the Court grant the following relief:

1.    An order directing each of the Defendants to place Plaintiff in the position Plaintiff would have occupied but for Defendants' discriminatory treatment of Plaintiff, and make Plaintiff whole for all earnings and benefits Plaintiff would have received but for Defendants' discriminatory treatment, including, but not limited to, wages, employment benefits, including an Order requiring that the Defendants reinstate the Plaintiff to an appropriate position without further discrimination;

2.    A finding that the Defendants stand jointly and severally liable to make the Plaintiff whole for all damages suffered as a result of the wrongful acts and omissions alleged in each Count herein, including inter alia damages for personal physical injuries, damages for personal physical sickness, back pay, front pay, and the value of lost fringe benefits;

3.    A finding that the Defendants stand jointly and severally liable to Plaintiff for an appropriate award of compensatory damages for the wrongful acts alleged herein including, without limitation, Plaintiff's compensatory damages for physical injuries, physical sickness, loss of enjoyment of life, emotional injuries, emotional pain and suffering, mental anguish, inconvenience, and other non-pecuniary losses in an amount to be determined by a jury;

- 14 -

4.   A finding that the Defendants stand jointly and severally liable to Plaintiff for the imposition of
statutory punitive or exemplary damages, because Defendants intentionally and maliciously and
without justification or excuse subjected Plaintiff to discriminatory terms and conditions of
employment by failing to promote Plaintiff because of his disability or because of record of a
physical impairment or because of a perception of a physical impairment, thereby
demonstrating each Defendant's reckless and callous indifference to Plaintiff's right to work in
an environment free from unlawful discrimination, and demonstrating each Defendant's malice
or ill will;

5.   An order declaring that the acts and practices complained of herein are in violation of the
Rhode Island Civil Rights Act of 1990, R.I. Gen. Laws § 42-112-1 et. seq.; the Rhode Island
Fair Employment Practices Act, R.I. Gen. Laws § 28-5-1 et. seq.; the Civil Rights of Peoples
With Disabilities Act, R.I. Gen. Laws § 42-87-1 et. seq.; the Americans With Disabilities Act, 42
U.S.C. § 12101 et seq.; and 42 U.S.C. § 1983;

6.   A permanent injunction against each of the Defendants prohibiting future acts of
discrimination and retaliation against Plaintiff and similarly-situated disabled employees;

7.   An order enjoining and permanently restraining each of the Defendants from further violations
of the Rhode Island Civil Rights Act of 1990, R.I. Gen. Laws § 42-112-1 et. seq.; the Rhode
Island Fair Employment Practices Act, R.I. Gen. Laws § 28-5-1 et. seq.; the Civil Rights of
Peoples With Disabilities Act, R.I. Gen. Laws § 42-87-1 et. seq.; the Americans With Disabilities
Act, 42 U.S.C. § 12101 et seq.; and 42 U.S.C. § 1983;

8.   An order directing each of the Defendants to take such affirmative action as is necessary to
ensure that the effects of these unlawful employment practices are eliminated and do not
continue to affect Plaintiff's employment opportunities;

9.   A finding that the Defendants stand jointly and severally liable to Plaintiff for an award of his
reasonable attorneys' fees, litigation costs and other costs of this action, together with a post-
trial hearing to determine the amount of Plaintiff's reasonable attorneys' fees taxable to the
Defendants, along with a determination of the Plaintiff's litigation costs and expenses taxable to
the Defendants;

10.  An appropriate award of pre-judgment interest at the state statutory rate on all sums recovered;
and

11.  Such other and further relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff claims trial by jury on all issues so triable.

Plaintiff
MARK MANCINI
By His Attorney,


Mark P. Gagliardi (#6819)
LAW OFFICE OF MARK P. GAGLIARDI, LLC
120 Wayland Avenue, Suite 7
Providence, RI 02906
(401) 277-2030
(401) 277-2021 (fax)
mark@gagliardilaw.net

Dated: 2/6/13

# Exhibit "A"

Before the
STATE OF RHODE ISLAND
COMMISSION FOR HUMAN RIGHTS

RICHR NO. 13 EPD 037                    EEOC NO. 16J-2012-00339

In the matter of

Mark Mancini
    Complainant

Against                                                            **NOTICE OF**
                                      **RIGHT TO SUE**

City of Providence by and through its Treasurer
James J. Lombardi, III and Hugh T. Clements, Jr.
        Respondents

This NOTICE OF RIGHT TO SUE is issued to the above cited complainant pursuant to Section
28-5-24.1(a) of the General Laws of Rhode Island because more than one hundred and twenty
(120) days and less than two (2) years have elapsed since the charge was filed, the Commission is
unable to secure a settlement or conciliation agreement, the Commission has not commenced
hearings on a complaint and the complainant has requested a Right To Sue. With the issuance of
the NOTICE OF RIGHT TO SUE, the Commission is terminating any further processing of this
charge.

An information copy of this NOTICE OF RIGHT TO SUE has been sent to the persons indicated
on the next page.

This NOTICE OF RIGHT TO SUE is issued at your request. If you intend to sue, YOU MUST
DO SO WITHIN NINETY (90) DAYS FROM THE DATE OF THIS NOTICE; OTHERWISE
YOUR RIGHT TO SUE IS LOST.

                           On Behalf of the Commission

_____12/4/12_____                    _____
Date                                                  Michael D. Évora
                                  Executive Director

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

NOTICE OF RIGHT TO SUE
PAGE TWO

Section 28-5-24.1 of the General Laws of Rhode Island

(a) A complainant may ask for a right to sue in state court if not less than one hundred and twenty (120) days and not more than two (2) years have elapsed from the date of filing of a charge, if the Commission has been unable to secure a settlement agreement or conciliation agreement and if the Commission has not commenced hearing on a complaint. The Commission shall grant the right to sue within thirty (30) days after receipt of such request. This shall terminate all proceedings by the Commission and shall give to the complainant the right to commence suit in the superior court within any county as provided in Section 28-5-24 within ninety (90) days after the granting of such request. Any party may claim a trial by jury.

CC:   Mark Gagliardi, Esq.
      James Lombardi
      Mayor Angel Taveras
      Kenneth Chiavarini, Esq.
      Steven Pare, Commissioner of Public Safety
      Colonel Hugh Clements, Jr. Chief of Police
      Anna Stetson, City Clerk
      City Council Members

A-72

I certify that on December 4 2012, I sent out a **NOTICE OF RIGHT TO SUE** regarding the case Mark Mancini vs. City of Providence by and through its Treasurer, James J. Lombardi, III and High T. Clements, Jr. 13 EPD 037 to the following persons:

| | |
|---|---|
| Mr. Mark Mancini<br>69 Charlotte Street<br>North Providence, RI  02904 | Mayor Angel Taveras<br>City of Providence<br>City Hall<br>25 Dorrance Street<br>Providence, RI 02903 |
| Mark Gagliardi, Esq.<br>Law Office<br>120 Wayland Avenue, Suite 7<br>Providence, RI 02906 | James J. Lombardi, III, Treasurer<br>City of Providence<br>City Hall<br>25 Dorrance Street<br>Providence, RI 02903 |
| Anna Stetson, City Clerk<br>City of Providence<br>City Hall<br>25 Dorrance Street<br>Providence, RI 02903 | Colonel Hugh Clements, Jr.<br>Chief of Police<br>Providence Police Station<br>325 Washington Street<br>Providence, RI 02903 |
| Steven Pare<br>Commissioner of Public Safety<br>Providence Police Station<br>325 Washington Street<br>Providence, RI 02903 | Kenneth Chiavarini, Esq.<br>Sr. Assistant City Solicitor<br>City of Providence Law Dept.<br>444 Westminster Street<br>Providence, RI 02903 |
| Providence City Council Members | |
| | Betsy Ross<br>Chief Clerk<br>December 4, 2012 |

# Exhibit "B"

# LAW OFFICE OF MARK P. GAGLIARDI, LLC

December 11, 2012

*SENT VIA CERTIFIED MAIL#:* 7012-0470-0000-8799-5274
*RETURN RECEIPT REQUESTED*

Michael A. Solomon
Council President
Providence City Council
City Hall
25 Dorrance Street
Providence, RI 02903

Re:   Sergeant Mark Mancini and the City of Providence;
      Claim for Damages Pursuant to R.I. Gen. Laws § 45-15-5

Dear Mr. Solomon:

This office represents Sergeant Mark Mancini in connection
with his employment with the City of Providence at the City of
Providence Police Department.  Kindly direct any further
communication regarding this matter to my attention.

The purpose of this letter is to put the City of Providence
on notice pursuant to R.I. Gen. Laws § 45-15-5 of Sergeant
Mancini's claim for employment discrimination on the basis of a
disability.  I have reviewed the circumstances surrounding the
City of Providence's denial of a promotion to Sergeant Mancini
to the position of Lieutenant, and I have a compelling reason to
believe that his rights were violated under state and federal
law.

As a result of the City of Providence's unlawful conduct,
Sergeant Mancini has suffered a substantial loss of wages and
benefits, severe emotional harm, which along with interest,
costs, attorneys' fees, and punitive damages, would be
compensable in a lawsuit against the City of Providence.

However, recognizing the desirability of a speedy
resolution of this matter, short of litigation, Sergeant Mancini
is willing to settle his claims for a discounted amount.  To
this end, Sergeant Mancini will provide the City of Providence
with a release of all claims for a lump sum payment in the
amount of $500,000.  This discounted demand is contingent upon
the rapid settlement of Sergeant Mancini's claim without resort
to litigation.

-1-

20 Wayland Avenue, Suite 2 · Providence, RI 02906
(401) 277-2030 · (401) 277-2021 (fax)

Please be advised that the City of Providence has forty (40) days from the date of this letter to settle Sergeant Mancini's claim pursuant to R.I. Gen. Laws § 45-15-5.  In the event that Sergeant Mancini's claim is not settled on or before the expiration of the forty day period, Sergeant Mancini will commence legal proceedings against the City of Providence in the appropriate legal forum.

Very truly yours,

Mark P. Gagliardi, Esq.
Counsel to Sergeant Mark

Mancini

MPG/jrg

-2-

Case 1:13-cv-00092-S-PAS   Document 1-3   Filed 02/06/13   Page 1 of 2 PageID #: 24

# Exhibit "C"



**U.S. Department of Justice**

Civil Rights Division

NOTICE OF RIGHT TO SUE
WITHIN 90 DAYS

CERTIFIED MAIL
2020 8810

*950 Pennsylvania Avenue, N.W.*
*Karen Ferguson , EMP, PHB, Room 4239*
*Washington, DC 20530*

December 27, 2012

Mr. Mark Mancini
c/o Mark P. Gagliardi, Esquire
Law Office of Mark P. Gagliardi
Attorney at Law
120 Wayland Avenue, Suite 7
Providence, RI  02906

Re:  EEOC Charge Against City of Providence
     No. 16J201200339

Dear Mr. Mancini:

Because you filed the above charge with the Equal Employment Opportunity Commission, and the Commission has determined that it will not be able to investigate and conciliate that charge within 180 days of the date the Commission assumed jurisdiction over the charge and the Department has determined that it will not file any lawsuit(s) based thereon within that time, and because you through your attorney have specifically requested this Notice, you are hereby notified that you have the right to institute a civil action under Title I of the Americans with Disabilities Act of 1990, 42 U.S.C. 12111, et seq., against the above-named respondent.

If you choose to commence a civil action, such suit must be filed in the appropriate Court within 90 days of your receipt of this Notice.

The investigative file pertaining to your case is located in the EEOC Boston Area Office, Boston, MA.

This Notice should not be taken to mean that the Department of Justice has made a judgment as to whether or not your case is meritorious.

Sincerely,

Thomas E. Perez
Assistant Attorney General
Civil Rights Division

By

Karen L. Ferguson
Supervisory Civil Rights Analyst
Employment Litigation Section

cc: Boston Area Office, EEOC
    City of Providence