EXHIBIT LIST

Ex. 1:      Memo re:  Police Car Collision, dated 5-19-97

Ex. 2:      Detail Warning, dated April 14, 2000

Ex. 3:      CBA, Article IV at 15-36

Ex. 4:      Mark Mancini's Application for Accidental Disability Retirement,
            dated September 2, 2011

Ex. 5:      Letter of Denial of Mark Mancini' Application for Accidental Disability Benefits,
            dated June 28, 2012

Ex. 6:      Def. City of Providence's Suppl. Answer to Pl.'s Second Set of Ints.

Ex. 7:      Score Sheets for June 16, 2012 Lieutenant's Exam

Ex. 8:      Lieutenant's Order of Finish, Lieutenant's Promotional Examination Results,
            dated 7-6-12

Ex. 9:      Mancini's RICHR Charge of Discrimination

Ex. 10:     Providence Police Department, Supervisor Performance Evaluation,
            Mark Mancini, dated March 28, 2011

Ex. 11:     Providence Police Department, Supervisor Performance Evaluation, Joseph Donnelly,
            dated January 5, 2012

Ex. 12:     Providence Police Department, Supervisor Performance Evaluation,
            Richard Fernandes, dated January 11, 2012

Ex. 13:     Pl.'s First Set of Ints. Def. Clements

Ex. 14:     Def. Clements Answers Pl.'s First Set of Ints

Ex. 15:     Personnel Order, June 30, 2008

Ex. 16:     Providence Police Department, Supervisor Performance Evaluation,
            Mark Mancini, dated February 26, 2012

Ex. 17:     Disciplinary Action Against Gregory Sion, dated September 19, 2011

Ex. 18:     Providence Police Department, Supervisor Performance Evaluation,
            Gregory Sion, dated March 20, 2012

Ex. 19:     Providence Police Department, Supervisor Performance Evaluation,
            Andrew Scanlon, dated January 27, 2012

Confidential

Ex. 20:     Internal Affairs Memo re: Officer Andrew Scanlon, dated April 6, 2001

Ex. 21:     Steve Courville — Police Escort, dated April 3, 2009

Ex. 22:     Disciplinary Action — Violations of Rules and Regulations,
            CC2008-045, dated September 2, 2009

Ex. 23:     Providence Police Department, Supervisor Performance Evaluation,
            Richard Fernandes, dated January 23, 2012

Ex. 24:     Providence Police Department, Supervisor Performance Evaluation,
            Pao Yang, dated February 3, 2012

Confidential

1



## PROVIDENCE POLICE DEPARTMENT
### TRAFFIC BUREAU
*Lieutenant Kenneth M. Cohen, Commanding*

TO:        Colonel Urbano Prignano, Jr., Chief of Police
FROM:      Lieutenant Kenneth M. Cohen, Traffic Bureau,
SUBJECT:   Police car collision, Reg.  2121     P. O.  Ptlm. M. Mancini     97-21542

Sir:

*5-19-97*

        In accordance with General Order # 21, Series of 1996, the Accident Review Board met.  The Board consisted of:  Major R. Sullivan; Major C. Young and Capt. D. Simoneau, met on July 2, 1997.  After careful and thorough review of the facts and circumstances surrounding the collision, they determined that the collision was PREVENTABLE.  The Officer has had no prior preventable collisions.  The Accident Review Board imposed the following sanction:

        Grounded for three (3) tours of duty

RECEIVED
JUL 1 1997
PROVIDENCE POLICE DEPT.
HUMAN RESOURCES

Approved:

Colonel Urbano Prignano, Jr
Chief of Police

Respectfully,

Lieutenant Kenneth M Cohen
Director, Traffic Bureau

Confidential

# 2



# PROVIDENCE POLICE DEPARTMENT
## DETAIL OFFICER
### 209 Fountain Street, Providence, RI 02903

April 14, 2000

To:      Officer Mark Mancini

From:    Sgt. Lewis Perrotti, Jr., Detail Officer

Subject: Detail Warning

Sir:

Please note that you are being given a written warning due to your trading of assigned details in excess of three times in any six week period. See below itemized list. Your excessive trading is a "B" type violation of the Collective Bargaining Agreement between the City of Providence and the Fraternal Order of Police, more specifically, Article XV, Section 4.

Accordingly, I am providing this written warning to you as notification. It should also be noted that a second "B" type violation within a calendar year carries a thirty day suspension from the detail list.

<u>Dates Traded:</u>
2/15, 2/18, 2/24, 3/4, 3/11, 3/22,

Respectfully Submitted,

Sgt. Lewis Perrotti, Jr.
Detail Officer

cc: Major Dennis Simoneau
cc: Human Resources

Confidential

3

Confidential

Section 8 - <u>SENIORITY WITHIN THE INVESTIGATIVE DIVISION</u>

In conjunction with Article IV, Section 3's (first paragraph) requirement that separate promotional examinations shall be given for promotions to the Detective Bureau of the Investigative Division, Youth Services Bureau (Juvenile Bureau) of the Investigative Division, and the Bureau of Criminal Identification ("BCI") of the Investigative Division, seniority within these Bureaus shall accrue and be maintained by the Department separate and distinct from one another.

## *ARTICLE IV*

Section 1 - <u>VACANCIES</u> - <u>PATROL OFFICERS' RANKS</u>

The City shall maintain, as far as possible, a pool of recruits who shall be available to fill vacancies in the rank of patrol officer as established by ordinance, as such vacancies occur.

Section 2 - <u>VACANCIES</u> - <u>OFFICERS' RANKS</u>

The City shall at all times maintain promotional lists for all positions required either by ordinance or by this Agreement to be filled in accordance with Section 3 of this Article. Promotional lists will be used to fill all positions which the City determines to constitute a vacancy in the superior ranks, and the City will determine when said vacancies are to be filled; provided however, the "service date" requirement set forth in the Rules and Regulations shall date back to the fourteenth (14th) day following the day when the last individual was promoted from the promotional list involved.

For purposes of this Section, the City must commence the promotional procedures set forth in Section 3 of this Article within sixty (60) days of the creation of a vacancy, and must complete these promotional procedures within one hundred and eighty (180) days of the creation of said vacancy, except in the case of circumstances beyond the

15

control of the City which make completion within one hundred and eighty (180) days impossible. If said promotional procedures are not completed within the one hundred and eighty (180) day time period, the Department must fill said vacancy with call-back and/or overtime until the procedures are completed.

### Section 3 - PROMOTION PROCEDURES

Promotions to the rank of sergeant, lieutenant, and captain, and promotions to the position of detective (detective patrolmen and patrolwomen only, as explained further below) shall be made from the ranks of the permanent Police Department on a competitive basis. A separate promotional examination shall be given for promotions to the Detective Bureau, Juvenile Bureau, and BCI.

The following is a schedule of the number of years an individual must serve before being eligible to take the promotional exam for the rank in question.

| RANK: | YEARS OF SERVICE: |
|---|---|
| Sergeant | Five (5) years as a Patrol Officer/ Detective |
| Lieutenant | Two (2) years as a Sergeant |
| Captain | Two (2) years as a Lieutenant |
| Detective | Four (4) years as a Patrol Officer |

The procedures and requirements of this Article shall not apply to the transfer, assignment, detail, or other non-promotional placement of superior officers into or out of the investigative division, and any such personnel action shall be at the sole discretion of the Chief of Police, provided however, that whatever rights individuals currently in such positions were entitled to under the 1987-89 collective bargaining agreement shall be maintained and any such personnel action involving such individuals shall be subject to and in accordance with the applicable provisions of that agreement.

As necessary, the Police Department will advertise the fact that promotional examinations will be given for various promotional lists. The notice of promotional examinations will indicate to the applicants the sources of material for said examination.

16

Said notice of posting shall also contain within it a cut-off date for applications and shall contain within it eligibility requirements for the various positions being advertised and also shall list the number of vacancies to be filled on said promotional examination list. The number of vacancies, however, shall be limited as follows: Sergeant -- no more than 10; Lieutenant -- no more than 5; Captain -- no more than 3; and Detective -- no more than 10. After said posting, the number of vacancies to be filled shall not be increased or decreased.

Once the promotional application has expired, promotional examinations will be administered by the Providence Police Department.

A. Procedure Governing the Administration of Promotional Examinations.

This Subsection (A) shall govern the Police Department's administration of all promotional examinations, and shall be strictly adhered to by any and all parties associated with such administration.

(1) Communications with the police testing service.

As soon as a police testing service has been contracted to formulate and administer a written examination, the Department shall create and maintain a written log documenting the dates of, the subject of, and the names of the parties to all verbal or written communications between the police testing service and the Department which occur at any time until the examination process has been completed.

Upon written notification from the President of the Union or his designee to the Chief of the Department or his designee, a representative of the Union shall be permitted to view the communication log maintained by the Department at any time during or after the examination process. Said Union representative, in the presence of a designee of the Department who is authorized to contact the police testing service, shall be permitted to

17

communicate with the testing service in order to verify any and all entries set forth in the communication log. Any Union representative who views the communication log shall record in the log his/her initials and the date on which he/she viewed the log; and any Union representative who communicates with the police testing service shall record in the log his/her initials and the date on which he/she communicated with the service.

At no time prior to the date anticipated in Subparagraph (2) below shall any form of the written examination be delivered or forwarded through any means to the Department, including but not limited to sample written examinations, sample examination questions and/or answers, lists of examination question numbers with corresponding source materials related to said questions, or any other document which directly or indirectly identifies the questions and/or answers of the examination. The delivery of such materials shall occur only pursuant to the process described below in Subparagraph (2). Upon the Department's engagement of the police testing service, the Department shall notify said service of the above prohibitions.

Furthermore, the Department shall request from the contracted police testing service upon completion and delivery of the written promotional examination through the process set forth below, a letter verifying that the examination complies with the requirements set forth in Subsection (B), Subparagraphs (1)(a) and (1)(c), which mandate that an equal number (twenty-five (25%) percent) of the questions on said examination are drawn from each of the four sources described therein. A copy of said letter shall be forwarded to both the Department and Providence Lodge #3.

**(2) Delivery of the written promotional examination.**

The written examinations referred to herein shall be directly delivered

to U.P.S. by the contracted police testing service prior to delivery to the Department.  U.P.S. shall be instructed to notify both the Department and the Union that the written examinations have arrived.  The examinations shall remain sealed at U.P.S. offices until the date on which the examination is scheduled to be administered to all eligible candidates for the promotional examination.

On the date on which the written examination is scheduled to be administered, representatives from both the Department and the Union shall travel to U.P.S. to pick up the sealed package, but shall not open said package at that time.  The representatives shall deliver the examination package, unopened and sealed, to the room in which the examination is to be administered, where the package shall be opened in front of the examination candidates and the examination administered immediately thereafter.

**B. Promotion to the Rank of Sergeant, Rank of Lieutenant, and Position of Detective.**

This Subsection (B) shall apply to promotions to the rank of sergeant and lieutenant and to promotions to the position of detective (detective patrolmen and patrolwomen only, as explained further below).  The promotional examination for promotion to any such rank or position shall consist of the following parts:

(1)     (a)     85% of said promotional examinations shall consist of a written examination.  Said written examination shall be administered by a university or college selected by the City of Providence.  The information for the written examination shall come from four (4) sources: (a) Titles 11 and 12 of the Rhode Island General Laws; (b) Titles 3 and 31 of the Rhode Island General Laws; (c) Rules and Regulations, General Orders, and Memoranda of the Providence Police Department, and Ordinances of the City of Providence; and (d) a source to be determined by the City.  In

Confidential

formulating the test an equal number of questions shall come from each of the four (4) sources.  A member of the bargaining unit who is seeking promotion must receive a passing grade (i.e. 70%) on the written portion of the examination in order to be eligible for the promotion he/she is seeking.  The written examination, once graded and received by the City, shall be made available for inspection for one (1) week thereafter by any member who took the examination for the purposes of reviewing same.  This process shall take place before the promotional list is posted.

(b)     For promotion to the rank of Detective within the Bureau of Criminal Identification, 85% of said promotional examination shall consist of one hundred (100) multiple choice and true and false type questions, and shall be administered by the Providence Police Department. The information for the written examination shall come from reference sources selected by the Providence Police Department.  A member of the bargaining unit who is seeking promotion must receive a passing grade (i.e. 70%) on the written portion of the examination in order to be eligible for the promotion he/she is seeking.  The written examination, once graded and received by the City, shall be made available for inspection for one (1) week thereafter by any member who took the examination for the purposes of reviewing same. This process shall take place before the promotional list is posted.

(c)     For promotion to the rank of Detective within the Detective Bureau and the Youth Service Bureau, 85% of said promotional examination shall consist of a written examination comprised of one hundred (100) multiple choice and true and false type questions.  Said written examination shall be administered by a university or college selected by the City.   The

information for the written examination shall come from the following sources: (a) Title 3, Title 11, and Title 12 of the Rhode Island General Laws, and selected sources of the Code of Ordinances of the City of Providence; (b) Rules and Regulations, General Orders, and Memoranda of the Providence Police Department; (c) The Providence Police *Investigators Manual*, and the Attorney General's *Law Enforcement Training Manual "Understanding Family Court and Juvenile Delinquency"*, and (d) a source to be determined by the City.  A member of the bargaining unit who is seeking promotion must receive a passing grade (i.e. 70%) on the written portion of the examination in order to be eligible for the promotion he/she is seeking.  The written examination, once graded and received by the City, shall be made available for inspection for one (1) week thereafter by any member who took the examination for the purposes of reviewing same.  This process shall take place before the promotional list is posted.

(d)    Any grievance regarding the grading of written examination questions under this Subsection (B) shall be conducted through the "Expedited Grievance Procedure" set forth in Article XIV, Section 3 of this Agreement.

Provided, however, if the police testing service forwards a letter pursuant to Subsection (A), Subparagraph (1) to the Department, with a copy to Providence Lodge #3, verifying that the written examination complies with the requirement in Subsection (B), Subparagraphs (1)(a) and (1)(c) that an equal number (twenty-five (25%) percent) of the questions on said examination are drawn from each of the four designated sources, then said letter will constitute conclusive evidence that the examination was

21

appropriately and legitimately constructed pursuant to the applicable terms of the Agreement and no grievance will be filed with the Department challenging the equalization requirement. Furthermore, in the event that the filing, processing, and/or resolution of any grievance causes a change in the equalization of the percentages of the written examination questions' sources (i.e. if the requirement of twenty-five (25%) percent from each of the four sources described is no longer satisfied), then the examination shall remain intact and shall not be required to be re-administered due to said change.

(2)   10% of said promotional examination shall consist of percentages being awarded for education and department seniority in accordance with the following schedule:

| Bachelors Degree | 5% | Over 15 yrs. Seniority | 5% |
|---|---|---|---|
| Associates Degree | 4% | 13-15 yrs. Seniority | 4% |
| 31-45 credits | 3% | 10-13 yrs. Seniority | 3% |
| 16-30 credits | 2% | 7-10 yrs. Seniority | 2% |
| Up to 15 credits | 1% | 4-7 yrs. Seniority | 1% |

With respect to educational points, a member of the bargaining unit must actually have either a bachelors degree or an associates degree issued by the educational institution; so-called "equivalency degrees" shall not be acceptable as degrees.

(3)   5% of said promotional examination shall consist of so-called service points. Said service points are to be awarded by the Chief of Police in his sole discretion. The Chief of Police shall take into consideration in awarding these points the members' overall performance as a police officer including, but not limited to, letters of commendation, letters of merit,

22

unused sick time, et cetera.

Prior to the written examination set forth in Subparagraph (1) above, the Chief of Police shall deliver to the President of Providence Lodge #3 a list of the members of the bargaining unit taking the promotional examination in question, along with said members' scores for the service points. Said list shall not be made public by the President of Providence Lodge #3 until after the scores for the written examination are published.

Upon completion of the examination, a promotional list shall be prepared and posted within thirty (30) days after said examination results are received from the selected university or college wherein the highest ranking candidates necessary to fill the slots on the promotional list will be assigned to said list. The order of appearance shall be determined by a composite score based on the following points:

| | | |
|---|---|---|
| (a) written examination | -- | 85 points maximum; |
| (b) education and seniority | -- | 10 points maximum; |
| (c) service points | -- | 5 points maximum. |

Should there be any tie on any promotional list, said tie shall be broken on the basis of department seniority. In addition, no vacancy which occurs on said promotional list shall be filled irrespective of the reason for said vacancy.

A member of the bargaining unit promoted to the rank of sergeant or lieutenant shall be required to serve in the Patrol Bureau of the Uniform Division for not less than one (1) year before being eligible to be transferred, detailed, or assigned within the Department.  Notwithstanding this requirement, the Chief of Police, in his discretion, may transfer, detail, or assign up to but not more than one (1) newly promoted sergeant and two (2) newly promoted lieutenants in each Contract Year (i.e. July 1 through June 30) to other positions within the Department without violating this Agreement.

23

Any member of the bargaining unit who is accepted into the Department without the requirement of a high school education shall be permitted to take any examination for promotion to a higher rank even though departmental rules and regulations may presently or in the future require a high school education in order to take such examinations.

In the event that no qualified individuals apply for appointment to the BCI as detective, appointments thereto shall be made at the sole discretion of the Chief.

C. **Promotion to the Rank of Captain.**

This Subsection (C) shall apply to promotions to the rank of Captain. Promotions to the rank of Captain shall be made in accordance with the provisions of Subsections (A) and (B) above, with the following exceptions, which shall supersede any inconsistent provisions set forth in Subsection (B) above.

(1)    The written examination shall account for 35% of the candidate's total score.  Subsequent to said written examination, candidates shall be evaluated by an oral evaluation board comprised of three Providence Police Department officers selected by the Chief of Police. Said oral examination shall constitute 50% of the candidate's total score. The remaining 15 points shall be divided in the same manner as set forth in Subsections (B)(2) and (B)(3) above, i.e., 5 points maximum - seniority, 5 points maximum - education, and 5 points maximum - service points.

Any grievance regarding the grading of written examination questions under this Subsection (C) shall be conducted through the "Expedited Grievance Procedure" set forth in Article XIV, Section 3 of this Agreement.  Provided, however, if the police testing service forwards a letter pursuant to Subsection (A), Subparagraph (1) to the Department, with a copy to Providence Lodge #3, verifying that the written examination complies with the requirement in

24

Subsection (B), Subparagraphs (1)(a) and (1)(c) that an equal number (twenty-five (25%) percent) of the questions on said examination are drawn from each of the four designated sources, then said letter will constitute conclusive evidence that the examination was appropriately and legitimately constructed pursuant to the applicable terms of the Agreement and no grievance will be filed with the Department challenging the equalization requirement.  Furthermore, in the event that the filing, processing, and/or resolution of any grievance causes a change in the equalization of the percentages of the written examination questions' sources (i.e. if the requirement of twenty-five (25%) percent from each of the four sources described is no longer satisfied), then the examination shall remain intact and shall not be required to be re-administered due to said change.

(2)     (a)     The oral evaluation board, all participating candidates for promotion, and the oral evaluation process referred to in Subparagraph (1) above, shall be videotaped, in their entirety, by an independent, licensed court reporting service.

(b)     The original videotape shall be contained in a sealed envelope, and shall be held in the office of the City of Providence city solicitor.  A copy of said original videotape shall be contained in a sealed envelope, and shall be held by the independent video recording service for a period of one (1) year, unless otherwise advised in writing, and by certified mail, by either the City or Providence Lodge #3, that said copy shall be preserved by the video recording service, in anticipation of litigation.  The party notifying the video recording service that said copy shall be preserved, shall also notify the party not making said demand, in writing and by certified mail, of said demand.  In such case, the copy shall be held by the video recording

25

service for an indefinite period of time.

(c)     Each Providence Police Officer selected as an evaluator pursuant to Subparagraph (1) above, shall set forth a written analysis of his/her reasons for making his/her individual decisions regarding each candidate for promotion.

(d)     Any disputes between the parties which may arise from the process described in Subparagraphs (2)(a), (b), or (c) above, shall be resolved through the "Expedited Grievance Procedure" set forth in Article XIV, Section 3 of this Agreement.  Grievances arising from the process described in Subparagraphs (2)(a), (b), or (c) above must set forth in writing the specific reason(s) why the member believes that he/she has been aggrieved by the oral evaluation process.

## Section 4 - NEW POSITIONS

Any newly created position involving a promotion in rank, except positions of officers in the Investigative Division, shall be filled according to the provisions of this Article (Section 3 deals with promotional procedure).

**4**

*722-5218 (home)   265-1171 (cell)*

Form C

# EMPLOYEES' RETIREMENT SYSTEM

## OF THE

## CITY OF PROVIDENCE

## APPLICATION FOR ACCIDENTAL DISABILITY RETIREMENT

9/2 .................. 20 11

To the Providence Retirement Board:

I, Mark Mancini ................................, the undersigned member of the Employees' Retirement System of the City of Providence in accordance with Chapter 489 of the laws of 1923 of the State of Rhode Island and Providence Plantations, do hereby apply for retirement from active service as a Sergeant (Police Officer) ........ in ..... Providence Police Department ..........
(Give title of the position as it appears on the payroll)          (Give department in which employed)

of the City of Providence on account of disability which disqualifies me for service and which is a direct result of an accident occurring in the actual performance of duty.

I am incapacitated for the performance of City service as the result of an accident occurring while I was in the actual performance of duty and not as the result of negligence on my part. The accident causing my disability occurred as follows:

Time ....... See attached ..............................

Place ....... See attached ..............................

Conditions and description ...... See attached ..............................

Result of accident ....... See attached ..............................

I attach a statement as to my physical condition together with an authorization to my physician to report directly to the physicians of the Retirement Board on my condition.

I was born on the ........ 2nd ........ day of ..... February .......................... 19 63.

**Cross out this paragraph**

I have read the law (printed on the reverse side of this application) relative to optional benefits and desire to have the maximum allowance payable during my life without optional modification.

**or**

**These paragraphs**

b

c  ........ to optional ........

........ option, the ........ is my ........

b

a

t  ........ if one of ........

My present home address is ... 69 Charlotte Street, North Providence, RI, 02904 ..............

_Mark Mancini_
Signature of Applicant

County of .. *Providence* .................................. State of .. *R I* ..........

On the .. *2nd* .......... day of .. *September* .... 20 *11* , appeared before me the above named applicant to me personally known and known to be the individual described in and who executed the foregoing instrument, and he (or she) duly acknowledged to me that he (or she) executed the same and that the statements therein contained were true to the best of his (or her) knowledge and belief.

(Official title) .. *Notary* ..................

*Commission expires   5/6/14*

## ADDENDUM TO THE
## *APPLICATION FOR ACCIDENTAL DISABILITY RETIREMENT*
## OF POLICE DEPARTMENT MEMBER MARK MANCINI

### Time:

Approximately 11:30 AM on November 15, 2010

### Place:

Area of Cranston Street and Westminster Street

### Conditions and description:

I responded to an emergency call for a housebreak-in-progress, and upon arriving at the area of the crime the suspect ran directly in front of my police vehicle. I proceeded to exit my vehicle and engage in a foot chase of the suspect. During the chase, when I attempted to apprehend the suspect while we were running, I fell and injured my knee. I felt immediate pain in my knee, but was able to complete my tour of duty that day.

### Result of Accident:

I came in to work the next day, notified my supervisor of the pain in my knee, and at his request went to have my knee examined at Roger Williams Hospital. Soon after I followed up to be examined by my treating physician. I was ultimately diagnosed with torn cartilage and traumatic chrondomalacia in my knee, which my treating physician and a City-appointed physician indicated were directly caused by the accident of November 15, 2010. The injuries to my knee ultimately resulted in surgery on my knee and prolonged pain and therapy. Due to the injuries, and despite the surgery and therapy, my knee has not healed and is permanently disabled.

217958



**City of Providence**
Retirement Board
Employee's Retirement System

PROVIDENCE
THE CREATIVE CAPITAL

25 Dorrance Street
Providence, Rhode Island 02903

## Applicant's Physician's Statement for Disability
(To be Completed by the Applicant's Physician's)

Thank you for evaluating the disability retirement application of your patient and assisting the Employee's Retirement System of Providence. To ensure timely processing of the application, please complete this form and attach all requested documentation and additional statements. For clarity, we request you print or type your responses. Thank You.

### SECTION 1 – Doctor's Certification To the City Retirement Board

This is to certify that I have examined *Mark Mancini*
And submit the following report and recommendation in connection with his/her application for a disability retirement. He/she has been under my professional care with respect to the present disability since  11 / 19 / 10

PLEASE ATTACH ADDITIONAL SHEETS STATING THE APPLICANT'S PAST MEDICAL HISTORY, CONDITION, AND ANY REMARKS YOU MAY HAVE.

### SECTION 2 DOCTOR'S OPINION – A

BASED ON MY PHYSICAL EXAMINATION OF THE APPLICANT, I CERTIFY THAT THE APPLICANT IS NO LONGER ABLE TO PERFORM THE DUTIES OF HIS/HER PARTICULAR JOB.        X    YES _____ NO

Please Attach Statements Concerning the Following:

1. The diagnosis of the applicant's condition and nature of incapacity or impairment and the medical basis for your conclusion.

2. The duties and activities required be applicant's job, which render the applicant substantially unable to perform his/her job.

3. The type of gainful occupation that the applicant is able to perform in light of his/her current mental/physical condition, training and qualification.

## SECTION 3 – DOCTORS OPINION – B

IF THE APPLICANT IS CLAIMING ACCIDENTAL DISABILITY, IS THIS DISABILITY SUCH AS MIGHT BE THE NATURAL AND APPROXIMATE RESULT OF AN ACCIDENT IN THE PERFORMANCE OF THE APPLICANT'S DUTIES?

_____✓___YES        _____NO

Please attach statements concerning the following:

1.  The medical basis for conclusion.

**Continue with this section only if you answered "YES" to the opinion in Section 3.**

2.  Whether there is any event or condition in the applicant's medical history, other than the work-related accident or hazard undergone upon which the disability retirement is claimed, that might have contributed to or resulted in the disability retirement.

3.  If there is such a contributing or event, what is the likelihood that the applicant's disability or incapacity was the natural and approximate result of the event or condition?

4.  Whether is the more likely that the disability was caused by the job related personal injury or hazard undergone, which is the basis for the disability claim, than the condition or event described in (2) and the basis of conclusion.

DOCTOR'S INFORMATION AND SIGNATURE

Name of the Doctor _Michael Feldman_  Specialty _orthopedics_

Street Address_____ City, State Zip_____

ORTHOPEDIC GROUP INC.
588 PAWTUCKET AVE.
PAWTUCKET, RI 02860

Submitted and Subscribed under the penalties of Perjury

Signature of the Doctor _____   Date _9|15|11_

ANGEL TAVERAS
Mayor

STEVEN M. PARE
Commissioner



COLONEL HUGH T. CLEMENTS, JR.

Chief of Police

## PROVIDENCE POLICE DEPARTMENT
## HUMAN RESOURCES BUREAU
### *Sergeant Pasquale Granata, Director*

September 14, 2012

TO:        Sergeant Mark Mancini, Patrol Bureau, Uniformed Division

FROM:    Sergeant Pasquale Granata, Director, Human Resources Bureau

SUBJECT:   FCE & CME RESULTS:  FULL DUTY

Enclosed are the results from your FCE (Functional Capacity Evaluation) performed by D & H Therapy; CME (City Medical Exam) performed by Dr. Steven McCloy; along with a medical note from your treating physician, Dr. Michael Feldman.  Both Dr. Feldman and Dr. McCloy agree that you are capable of performing Full Duty.  Therefore, based on these results, you are eligible for full duty work.

However, since you have been out of work more than one (1) year, effective **Tuesday, September 18, 2012,** you will begin a re-employment training program prior to returning to your regular work shift.

This training will take place on Tuesday, September 18th and Wednesday, September 19th and shall consist of the following:
- Computer retraining
- General Orders/Memorandums update
- PowrDMS Training
- Range Qualification

Based on our conversation on Friday, September 14th, you will report to the Human Resources Bureau on Tuesday, September 18th at 8:30 am to begin your training.  If you do not report to work on Tuesday, September 19, 2012, your status will be changed to Sick.

If you have any further questions, please contact me at 243-6116.

Confidential

5





## CITY OF PROVIDENCE
### Angel Taveras, Mayor

To:    Mark Mancini

From:  Octavio F. Cunha, Pension Administrator

Date:  June 28, 2012

Re:    Accidental/Ordinary Disability

    Please be advised that the Retirement Board voted at its meeting held on June 27, 2012 to deny you an Accidental/Ordinary Disability.

    If you have any questions, please contact the Retirement Office at 421-7740 ext. 299.


Cc:    Robin Owens, Payroll
       Hugh Clement, Chief of Police
       Joseph J. Pezza, Esquire

Confidential

**6**



UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

Mark Mancini,
     Plaintiff

v.
                              C. A. No. 13-092-S-PAS

City of Providence, by and through its
Treasurer James J. Lombardi, III, and
Hugh Clements, Jr.,
     Defendants

## DEFENDANT CITY OF PROVIDENCE'S SUPPLEMENTAL ANSWER TO PLAINTIFF'S SECOND SET OF INTERROGATORIES

**INTERROGATORY NO. 5:** For each person that took the June 16, 2012 Lieutenant's Promotion Examination and the June 23, 2012 Sergeant's Promotion Examination, please identify by name every candidate that was on Injured on Duty Status, an FMLA medical leave, or ADA leave-of-absence for any length of time during the time period 2007 to 2012.

**ANSWER:** Objection, overly broad, unduly burdensome, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant also objects to this interrogatory to the extent that it seeks to discover private, confidential health information pertaining to its employees.

**SUPPLEMENTAL ANSWER:** Pursuant to the Court's Order dated May 17, 2016, the Defendant City of Providence hereby provides its supplemental answer to Interrogatory No. 5. Said interrogatory was edited to state as follows:

> *"For each person who signed up to take the June 16, 2012 Lieutenant's Promotion Examination and the June 23, 2012 Sergeant's Promotion Examination, please identify by name every candidate that was on Injured on Duty Status at the time that they signed up for the test."*

For the June 16, 2012 Lieutenant's Promotion Examination, the following is a list of every candidate that was on Injured on Duty Status at the time that they signed up for the test:

   a.  Mark Mancini

For the June 23, 2012 Sergeant's Promotion Examination, the following is a list of every candidate that was on Injured on Duty Status at the time that they signed up for the test:

   a.  John Abatiello
   b.  John Black

c.   Sean Carroll
d.   Miguel Castillo
e.   William Dickie
f.   Fausto Garcia
g.   Trent Hastings
h.   Leonel Pichs
i.   Cynthia Rodriguez
j.   David Schiavulli, Jr.
k.   Michael Troia


_____

James J. Lombardi, III, in his capacity as
Treasurer for the City of Providence


STATE OF RHODE ISLAND
PROVIDENCE, SC.

Subscribed and sworn to before me in Providence on this ⎽27th⎽ day of May 2016.


**CERTIFICATION**

I hereby certify that on this 2nd day of ~~May~~ June, 2016, I mailed a true copy of the within to the Attorney of Record listed below:

Mark P. Gagliardi, Esq.
120 Wayland Avenue, Suite 7
Providence, RI 02906


_Ramona Liberato_

2

Confidential

7

Confidential

## LIEUTENANT'S PROMOTIONAL EXAM - 06-16-2012 SIGN UP

| | Last Name | First Name | Sign-Up Date | Present Bureau | Date of Appoint | Academy # | Educational Points | Seniority Points | Service Points |
|---|---|---|---|---|---|---|---|---|---|
| 1 | Acampora | Joseph | 5/4/2012 | IID | 8/31/1999 | 58 | | | 5 |
| 2 | Aspinall | Roger | 5/4/2012 | Patrol | 5/25/1997 | 57 | | | 4.5 |
| 3 | Carchia | John | 5/8/2012 | Patrol | 5/5/1985 | 49 | | | 5 |
| 4 | Courville | Steven | 5/10/2012 | Patrol | 8/31/1999 | 58 | | | 4.5 |
| 5 | Donnelly | Joseph | 5/7/2012 | BCI | 6/9/1992 | 53 | | | 5 |
| 6 | Dwyer | William | 5/4/2012 | Detectives | 5/13/1994 | 54 | | | 5 |
| 7 | Fernandes | Richard | 5/4/2012 | Patrol | 5/13/1994 | 54 | | | 4 |
| 8 | Gannon | Bernard | 5/7/2012 | YSB | 5/13/1994 | 54 | | | 5 |
| 9 | Granata | Pasquale | 5/7/2012 | HRB | 5/1/1985 | 49 | | | 5 |
| 10 | Hull | Raymond | 5/7/2012 | Patrol | 12/14/1990 | 52 | | | 5 |
| 11 | Lanni | Kevin | 5/7/2012 | NOC | 5/25/1997 | 57 | | | 5 |
| 12 | Mancini | Mark | 5/9/2012 | Patrol | 5/13/1994 | 54 | | | 5 |
| 13 | Martinous | Michael | 5/4/2012 | Details | 5/13/1994 | 54 | | | 5 |
| 14 | Remolina | Henry | 5/4/2012 | Patrol | 5/25/1997 | 57 | | | 5 |
| 15 | Romano | Elizabeth | 5/4/2012 | Patrol | 5/25/1997 | 57 | | | 4.5 |
| 16 | Ryan | Edward | 5/4/2012 | Patrol | 11/17/1989 | 57 | | | 4.5 |
| 17 | Scanlon | Andrew | 5/4/2012 | Patrol | 8/30/1985 | 49 | | | 5 |
| 18 | Sion | Gregory | 5/4/2012 | Patrol | 1/19/1987 | 51 | | | 5 |
| 19 | Smith | George | 5/7/2012 | BCI | 5/25/1997 | 57 | | | 5 |
| 20 | Vanderhorst | Gregorio | 5/7/2012 | Patrol | 1/10/1989 | 52 | | | 5 |
| 21 | Wheeler | Michael | 5/4/2012 | YSB | 7/6/1989 | 52 | | | 3.5 |
| 22 | Yang | Pao | 5/4/2012 | Patrol | 5/13/1994 | 54 | | | 3.5 |

## LIEUTENANT'S PROMOTIONAL EXAM - 06-16-2012 SIGN UP

| # | Last Name | First Name | Sign-Up Date | Present Bureau | Date of Appoint | Academy # | Educational Points | Seniority Points | Service Points |
|---|---|---|---|---|---|---|---|---|---|
| 1 | Acampora | Joseph | 5/4/2012 | IIID | 8/31/1999 | 58 | | | |
| 2 | Aspinall | Roger | 5/4/2012 | Patrol | 5/25/1997 | 57 | | | |
| 3 | Carchia | John | 5/8/2012 | Patrol | 5/5/1985 | 49 | | | |
| 4 | Courville | Steven | 5/10/2012 | Patrol | 8/31/1999 | 58 | | | |
| 5 | Donnelly | Joseph | 5/7/2012 | BCI | 6/9/1992 | 53 | | | |
| 6 | Dwyer | William | 5/4/2012 | Detectives | 5/13/1994 | 54 | | | |
| 7 | Fernandes | Richard | 5/4/2012 | Patrol | 5/13/1994 | 54 | | | |
| 8 | Gannon | Bernard | 5/7/2012 | YSB | 5/13/1994 | 54 | | | |
| 9 | Granata | Pasquale | 5/4/2012 | HRB | 5/5/1985 | 49 | | | |
| 10 | Hull | Raymond | 5/7/2012 | Patrol | 12/14/1990 | 52 | | | |
| 11 | Lanni | Kevin | 5/7/2012 | NCC | 5/25/1997 | 57 | | | |
| 12 | Mancini | Mark | 5/9/2012 | Patrol | 5/13/1994 | 54 | | | |
| 13 | Martinous | Michael | 5/4/2012 | Patrol | 5/13/1994 | 54 | | | |
| 14 | Remolina | Henry | 5/4/2012 | Details | 5/13/1994 | 54 | | | |
| 15 | Romano | Elizabeth | 5/4/2012 | Patrol | 5/25/1997 | 57 | | | |
| 16 | Ryan | Edward | 5/4/2012 | Patrol | 11/17/1989 | 52 | | | |
| 17 | Scanlon | Andrew | 5/7/2012 | Patrol | 8/30/1985 | 49 | | | |
| 18 | Sion | Gregory | 5/4/2012 | Patrol | 11/9/1987 | 51 | | | |
| 19 | Smith | George | 5/7/2012 | BCI | 5/25/1997 | 52 | | | |
| 20 | Vanderhorst | Gregorio | 5/17/2012 | Patrol | 5/25/1997 | 52 | | | |
| 21 | Wheeler | Michael | 5/4/2012 | YSB | 7/6/1989 | 52 | | | |
| 22 | Yang | Pao | 5/4/2012 | Patrol | 5/13/1994 | 54 | | | |

Confidential

LIEUTENANT'S PROMOTIONAL EXAM - 06-16-2012
SIGN UP

| | Last Name | First Name | Sign-Up Date | Present Bureau | Date of Appoint | Academy # | Educational Points | Seniority Points | Service Points |
|---|---|---|---|---|---|---|---|---|---|
| 1 | Acampora | Joseph | 5/4/2012 | IIID | 8/31/1999 | 58 | | | |
| 2 | Aspinall | Roger | 5/4/2012 | Patrol | 5/25/1997 | 57 | | | |
| 3 | Carchia | John | 5/8/2012 | Patrol | 5/5/1985 | 49 | | 5 | |
| 4 | Courville | Steven | 5/10/2012 | Patrol | 8/31/1999 | 58 | | 5 | |
| 5 | Donnelly | Joseph | 5/7/2012 | BCI | 6/9/1992 | 53 | | 3.5 | |
| 6 | Dwyer | William | 5/4/2012 | Detectives | 5/13/1994 | 54 | | 5 | |
| 7 | Fernandes | Richard | 5/4/2012 | Patrol | 5/13/1994 | 54 | | 5 | |
| 8 | Gannon | Bernard | 5/7/2012 | YSB | 5/13/1994 | 54 | | 3.5 | |
| 9 | Granata | Pasquale | 5/4/2012 | HRB | 5/5/1985 | 49 | | 4.5 | |
| 10 | Hull | Raymond | 5/7/2012 | Patrol | 12/14/1990 | 52 | | 5 | |
| 11 | Lanni | Kevin | 5/7/2012 | Patrol | 5/25/1997 | 57 | | 5 | |
| 12 | Mancini | Mark | 5/9/2012 | Patrol | 5/13/1994 | 54 | | 5 | |
| 13 | Martinous | Michael | 5/4/2012 | Details | 5/13/1994 | 54 | | 4.5 | |
| 14 | Remolina | Henry | 5/4/2012 | Patrol | 5/25/1997 | 57 | | 5 | |
| 15 | Romano | Elizabeth | 5/4/2012 | Patrol | 5/25/1997 | 57 | | 4.5 | |
| 16 | Ryan | Edward | 5/4/2012 | Patrol | 5/25/1997 | 57 | | 4.5 | |
| 17 | Scanlon | Andrew | 5/7/2012 | Patrol | 8/30/1985 | 49 | | 3.5 | |
| 18 | Sion | Gregory | 5/4/2012 | Patrol | 11/9/1987 | 51 | | 4.5 | |
| 19 | Smith | George | 5/7/2012 | BCI | 5/25/1997 | 57 | | 5 | |
| 20 | Vanderhorst Jr. | Gregorio | 5/17/2012 | Patrol | 1/10/1989 | 52 | | 5 | |
| 21 | Wheeler | Michael | 5/4/2012 | YSB | 7/6/1989 | 52 | | 5 | |
| 22 | Yang | Pao | 5/4/2012 | Patrol | 5/13/1994 | 54 | | 4.7 | |

## LIEUTENANT'S PROMOTIONAL EXAM - 06-16-2012 SIGN UP

| # | Last Name | First Name | Sign-Up Date | Present Bureau | Date of Appoint | Academy # | Educational Points | Seniority Points | Service Points |
|---|---|---|---|---|---|---|---|---|---|
| 1 | Acampora | Joseph S | 5/4/2012 | IIID | 8/31/1999 | 58 | | | |
| 2 | Aspinall | Roger S | 5/4/2012 | Patrol | 5/25/1997 | 57 | | | |
| 3 | Carchia | John ✓S | 5/8/2012 | Patrol | 5/5/1985 | 49 | | | |
| 4 | Courville | Steven S | 5/10/2012 | Patrol | 8/31/1999 | 58 | | | |
| 5 | Donnelly | Joseph S | 5/7/2012 | BCI | 6/9/1992 | 53 | | | |
| 6 | Dwyer | William ✓ | 5/4/2012 | Detectives | 5/13/1994 | 54 | | | |
| 7 | Fernandes | Richard ✓ | 5/4/2012 | Patrol | 5/13/1994 | 54 | | | |
| 8 | Gannon | Bernard S | 5/7/2012 | YSB | 5/13/1994 | 54 | | | |
| 9 | Granata | Pasquale ✓ | 5/4/2012 | HRB | 5/5/1985 | 49 | | | |
| 10 | Hull | Raymond ✓ | 5/7/2012 | Patrol | 12/14/1990 | 52 | | | |
| 11 | Lanni | Kevin | 5/7/2012 | Patrol | 5/25/1997 | 57 | | | |
| 12 | Mancini | Mark S | 5/9/2012 | NOC | 5/25/1997 | 57 | | | |
| 13 | Martinous | Michael S | 5/4/2012 | Patrol | 5/13/1994 | 54 | | | |
| 14 | Remolina | Henry | 5/4/2012 | Details | 5/13/1994 | 54 | | | |
| 15 | Romano | Elizabeth S | 5/4/2012 | Patrol | 5/25/1997 | 57 | | | |
| 16 | Ryan | Edward | 5/4/2012 | Patrol | 5/25/1997 | 57 | | | |
| 17 | Scanlon | Andrew | 5/7/2012 | Patrol | 8/30/1985 | 49 | | | |
| 18 | Sion | Gregory | 5/4/2012 | Patrol | 11/9/1987 | 51 | | | |
| 19 | Smith | George | 5/7/2012 | BCI | 5/25/1997 | 57 | | | |
| 20 | Vanderhorst | Gregorio | 5/17/2012 | Patrol | 1/10/1989 | 52 | | | |
| 21 | Wheeler | Michael ✓ | 5/4/2012 | YSB | 7/6/1989 | 52 | | | |
| 22 | Yang | Pao | 5/4/2012 | Patrol | 5/13/1994 | 54 | | | |

Confidential

**LIEUTENANT'S PROMOTIONAL EXAM - 06-16-2012 SIGN UP**

| | Last Name | First Name | Sign-Up Date | Present Bureau | Date of Appoint | Academy # | Educational Points | Seniority Points | Service Points |
|---|---|---|---|---|---|---|---|---|---|
| 1 | Acampora | Joseph | 5/4/2012 | IIID | 8/31/1999 | 58 | | | |
| 2 | Aspinall | Roger | 5/4/2012 | Patrol | 5/25/1997 | 57 | | | |
| 3 | Carchia | John | 5/8/2012 | Patrol | 5/5/1985 | 49 | | | |
| 4 | Courville | Steven | 5/10/2012 | Patrol | 8/31/1999 | 58 | | | 4.5 |
| 5 | Donnelly | Joseph | 5/7/2012 | BCI | 6/9/1992 | 53 | | | 3 |
| 6 | Dwyer | William | 5/4/2012 | Detectives | 5/13/1994 | 54 | | | 5 |
| 7 | Fernandes | Richard | 5/4/2012 | Patrol | 5/13/1994 | 54 | | | 4 |
| 8 | Gannon | Bernard | 5/7/2012 | YSB | 5/13/1994 | 54 | | | 5 |
| 9 | Granata | Pasquale | 5/4/2012 | HRB | 5/5/1985 | 49 | | | 4 |
| 10 | Hull | Raymond | 5/7/2012 | Patrol | 12/14/1990 | 52 | | | 5 |
| 11 | Lanni | Kevin | 5/7/2012 | NOC | 5/25/1997 | 57 | | | 4 |
| 12 | Mancini | Mark | 5/8/2012 | Patrol | 5/13/1994 | 54 | | | 5 |
| 13 | Martinous | Michael | 5/4/2012 | Details | 5/13/1994 | 54 | | | 5 |
| 14 | Remolina | Henry | 5/4/2012 | Patrol | 5/25/1997 | 57 | | | 0 |
| 15 | Romano | Elizabeth | 5/4/2012 | Patrol | 5/25/1997 | 57 | | | 5 |
| 16 | Ryan | Edward | 5/4/2012 | Patrol | 11/17/1989 | 52 | | | 4.5 |
| 17 | Scanlon | Andrew | 5/7/2012 | Patrol | 8/30/1985 | 49 | | | 3 |
| 18 | Sion | Gregory | 5/4/2012 | Patrol | 11/9/1987 | 51 | | | 4 |
| 19 | Smith | George | 5/7/2012 | BCI | 5/25/1997 | 57 | | | 4 |
| 20 | Vanderhorst | Gregorio | 5/17/2012 | Patrol | 1/10/1989 | 52 | | | 4.5 |
| 21 | Wheeler | Michael | 5/4/2012 | YSB | 7/6/1989 | 52 | | | 5 |
| 22 | Yang | Pao | 5/4/2012 | Patrol | 5/13/1994 | 54 | | | 3 |

Confidential

## LIEUTENANT'S PROMOTIONAL EXAM - 06-16-2012 SIGN UP

| # | Last Name | First Name | Sign-Up Date | Present Bureau | Date of Appoint | Academy # | Educational Points | Seniority Points | Service Points |
|---|-----------|-----------|--------------|----------------|-----------------|-----------|--------------------|------------------|----------------|
| 1 | Acampora | Joseph | 5/4/2012 | IIID | 8/31/1999 | 58 | | | |
| 2 | Aspinall | Roger | 5/4/2012 | Patrol | 5/25/1997 | 57 | | | 4 |
| 3 | Carchia | John | 5/8/2012 | Patrol | 5/5/1985 | 49 | | | 5 |
| 4 | Courville | Steven | 5/10/2012 | Patrol | 8/31/1999 | 58 | | | 3.5 |
| 5 | Donnelly | Joseph | 5/7/2012 | BCI | 6/9/1992 | 53 | | | |
| 6 | Dwyer | William | 5/4/2012 | Detectives | 5/13/1994 | 54 | | | 5 |
| 7 | Fernandes | Richard | 5/4/2012 | Patrol | 5/13/1994 | 54 | | | 5 |
| 8 | Gannon | Bernard | 5/7/2012 | YSB | 5/13/1994 | 54 | | | 2.5 |
| 9 | Granata | Pasquale | 5/4/2012 | HRB | 5/5/1985 | 49 | | | 5 |
| 10 | Hull | Raymond | 5/7/2012 | Patrol | 12/14/1990 | 52 | | | 5 |
| 11 | Lanni | Kevin | 5/7/2012 | NOC | 5/25/1997 | 57 | | | 4&5 |
| 12 | Mancini | Mark | 5/9/2012 | Patrol | 5/13/1994 | 54 | | | 5 |
| 13 | Martinous | Michael | 5/4/2012 | Details | 5/13/1994 | 54 | | | 0 |
| 14 | Remolina | Henry | 5/4/2012 | Patrol | 5/25/1997 | 57 | | | 5 |
| 15 | Romano | Edward | 5/4/2012 | Patrol | 5/25/1997 | 57 | | | 4.5 |
| 16 | Ryan | Edward | 5/4/2012 | Patrol | 11/17/1989 | 52 | | | 5 |
| 17 | Scanlon | Andrew | 5/7/2012 | Patrol | 8/30/1985 | 49 | | | 3.5 |
| 18 | Sion | Gregory | 5/4/2012 | Patrol | 1/19/1987 | 51 | | | 4.5 |
| 19 | Smith | George | 5/7/2012 | BCI | 5/25/1997 | 57 | | | 5 |
| 20 | Vanderhorst | Gregorio | 5/17/2012 | Patrol | 1/10/1989 | 52 | | | 5 |
| 21 | Wheeler | Michael | 5/4/2012 | YSB | 7/6/1989 | 52 | | | 4 |
| 22 | Yang | Pao | 5/4/2012 | Patrol | 5/13/1994 | 54 | | | 2 |

Confidential

## LIEUTENANT'S PROMOTIONAL EXAM - 06-16-2012 SIGN UP

| # | Last Name | First Name | Sign-Up Date | Present Bureau | Date of Appoint | Academy # | Educational Points | Seniority Points | Service Points |
|---|-----------|------------|--------------|----------------|-----------------|-----------|--------------------|------------------|----------------|
| 1 | Acampora | Joseph | 5/4/2012 | IIID | 8/31/1999 | 58 | | | |
| 2 | Aspinall | Roger | 5/4/2012 | Patrol | 5/25/1997 | 57 | | | |
| 3 | Carchia | John | 5/8/2012 | Patrol | 5/5/1985 | 49 | | | |
| 4 | Courville | Steven | 5/10/2012 | Patrol | 8/31/1999 | 58 | | | 4.5 |
| 5 | Donnelly | Joseph | 5/7/2012 | BCI | 6/9/1992 | 53 | | | |
| 6 | Dwyer | William | 5/4/2012 | Detectives | 5/13/1994 | 54 | | | Ø.5 |
| 7 | Fernandes | Richard | 5/4/2012 | Patrol | 5/13/1994 | 54 | | | 4.5 |
| 8 | Gannon | Bernard | 5/7/2012 | YSB | 5/13/1994 | 54 | | | |
| 9 | Granata | Pasquale | 5/4/2012 | HRB | 5/5/1985 | 49 | | | |
| 10 | Hull | Raymond | 5/7/2012 | Patrol | 12/14/1990 | 52 | | | |
| 11 | Lanni | Kevin | 5/7/2012 | NOC | 5/25/1997 | 57 | | | |
| 12 | Mancini | Mark | 5/9/2012 | Patrol | 5/13/1994 | 54 | | | |
| 13 | Martinous | Michael | 5/4/2012 | Details | 5/13/1994 | 54 | | | |
| 14 | Remolina | Henry | 5/4/2012 | Patrol | 5/25/1997 | 57 | | | |
| 15 | Romano | Elizabeth | 5/4/2012 | Patrol | 5/25/1997 | 57 | | | |
| 16 | Ryan | Edward | 5/4/2012 | Patrol | 11/17/1989 | 52 | | | |
| 17 | Scanlon | Andrew | 5/7/2012 | Patrol | 8/30/1985 | 49 | | | |
| 18 | Sion | Gregory | 5/4/2012 | Patrol | 1/9/1987 | 51 | | | |
| 19 | Smith | George | 5/7/2012 | BCI | 5/25/1997 | 57 | | | |
| 20 | Vanderhorst | Gregorio | 5/17/2012 | Patrol | 1/10/1989 | 52 | | | |
| 21 | Wheeler | Michael | 5/4/2012 | YSB | 7/6/1989 | 52 | | | |
| 22 | Yang | Pao | 5/4/2012 | Patrol | 5/13/1994 | 54 | | | Ø.7 |

Confidential

Confidential

8

# PROVIDENCE POLICE DEPARTMENT

## HEADQUARTERS
## COLONEL HUGH T. CLEMENTS, JR.
### CHIEF OF POLICE

| TYPE OF ORDER | NUMBER/SERIES | ISSUE DATE | EFFECTIVE DATE |
|---|---|---|---|
| Memorandum | #15    Series 2012 | 07-06-2012 | 07-06-2012 |
| **SUBJECT TITLE** | | **PREVIOUSLY ISSUED DATES** | |
| Lieutenant's Order of Finish | | | |
| **REFERENCE** | | **RE-EVALUATION DATE** | |
| CALEA Standard 41.1.2 | | | |
| **SUBJECT AREA** | | **DISTRIBUTION** | |
| Lieutenant's Promotional Examination Results | | All Personnel | |

In accordance with Memorandum No. 06, Series of 2012, the following constitutes the final order of finish of the Lieutenant's Eligibility List:

| Ranking | Name | Test Score** | Education Points | Seniority Points | Service Points | Total Points |
|---|---|---|---|---|---|---|
| 1 | Lanni, Kevin | 82.45 | 5 | 3 | 5 | 95.45 |
| 2 | Donnelly, Joseph | 75.65 | 4 | 5 | 5 | 89.65* |
| 3 | Fernandes, Richard | 75.65 | 5 | 5 | 4 | 89.65* |
| 4 | Acampora, Joseph | 76.5 | 5 | 3 | 5 | 89.5 |
| 5 | Smith, George | 78.2 | 3 | 3 | 5 | 89.2 |

* Denotes tie broken on basis of department seniority

* * Test score represents the total number of correct questions multiplied by .85

The above list shall remain in effect until all of the candidates thereon have been promoted, or unless their name(s) are removed for cause.

The candidates listed below attained a passing score of at least 59.50 (which is equal to seventy (70) percent of the maximum attainable score of eighty-five (85) points) on the written examination and are in the following rank order.

| Ranking | Name | Test Score** | Education Points | Seniority Points | Service Points | Total Points |
|---|---|---|---|---|---|---|
| 6 | Gannon, Bernard | 74.8 | 4 | 5 | 5 | 88.8 |
| 7 | Mancini, Mark | 78.2 | 5 | 5 | 0 | 88.2 |
| 8 | Yang, Pao | 73.95 | 5 | 5 | 3.5 | 87.45 |
| 9 | Martinous, Michael | 72.25 | 5 | 5 | 5 | 87.25 |
| 10 | Aspinall, Roger | 73.95 | 5 | 3 | 5 | 86.95 |
| 11 | Sion, Gregory | 73.95 | 2 | 5 | 4.5 | 85.45 |
| 12 | Granata, Pasquale | 69.7 | 5 | 5 | 5 | 84.7 |
| 13 | Ryan, Edward | 68.85 | 5 | 5 | 5 | 83.85 |
| 14 | Carchia, John | 68 | 5 | 5 | 4.5 | 82.5 |
| 15 | Scanlon, Andrew | 68 | 5 | 5 | 4 | 82 |
| 16 | Courville, Steven | 69.7 | 5 | 3 | 3.5 | 81.2 |

The remaining candidates did not attain a passing grade [test score of 59.50, which is equal to seventy (70) percent of the maximum attainable score of eighty-five (85) points] on the written examination.  Candidates may report to the Human Resources Bureau to learn their final standing.

APPROVED:

STEVEN M. PARÉ
COMMISSIONER
DEPARTMENT OF PUBLIC SAFETY

APPROVED:

HUGH T. CLEMENTS, JR.
COLONEL
CHIEF OF POLICE

9

COPY

RECEIVED

AUG 0 2 2012

RI COMMISSION
FOR HUMAN RIGHTS

## CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form.

| AGENCY | CHARGE NUMBER |
|---|---|
| ☑ FEPA | |
| ☐ EEOC | |

RHODE ISLAND COMMISSION FOR HUMAN RIGHTS          and EEOC

*State or local Agency, if any*

| NAME (Indicate Mr., Ms., Mrs.) | HOME TELEPHONE (Include Area Code) |
|---|---|
| Mr. Mark Mancini | (401) 265-1171 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | DATE OF BIRTH |
|---|---|---|
| 69 Charlotte Street | North Providence, RI 02904 | 2/25/63 |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME *(If more than one list below.)*

| NAME | NUMBER OF EMPLOYEES, MEMBERS | TELEPHONE (Include Area Code) |
|---|---|---|
| City of Providence, By and Through Its Treasurer, James J. Lombardi, III | 15+ | (401) 272-3121 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| 325 Washington Street | Providence, RI 02903 | Providence |

| NAME | TELEPHONE NUMBER (Include Area Code) |
|---|---|
| Hugh T. Clements, Jr. | (401) 272-3121 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| 325 Washington Street | Providence, RI 02903 | Providence |

CAUSE OF DISCRIMINATION BASED ON *(Check appropriate box(e's))*

☐ RACE   ☐ COLOR   ☐ SEX   ☐ RELIGION   ☐ AGE
☐ RETALIATION   ☐ NATIONAL ORIGIN   ☑ DISABILITY   ☐ OTHER

| DATE DISCRIMINATION TOOK PLACE | |
|---|---|
| EARLIEST (ADEA/EPA) | LATEST (ALL) |
| August 2011 | ongoing |

☑ CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s):)*

The particulars are set forth in continuation pages attached hereto.

-1-

Then personally appeared Mark Mancini, and acknowledged the foregoing instrument to be his free act and deed, before me, Mark P. Gagliardi, on this 30th day of July, 2012

_Mark P._

Mark P. Gagliardi, Notary

my comm'n expires: 7/9/16

[V]

: want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge n accordance with their procedures.

: swear or affirm under the penalty of perjury that I have read the above charge and that it is true and correct to the best of my knowledge, information, and belief.

ate

_Mark Mancini_
Charging Party *(Signature)*

EEOC FORM 5 (Test 10/94)     _Mark Mancini_

Confidential

<u>Mark Mancini v. City of Providence By and Through Its Treasurer</u>
<u>James J. Lombardi, III and Hugh T. Clements, Jr.</u>

### CHARGE OF DISCRIMINATION

1. Claimant is a male person of legal age with a principal residence located at 69 Charlotte Street, North Providence, Rhode Island.

2. Respondent City of Providence is a municipal corporation and is being charged by and through its Treasurer, James J. Lombardi, III.

3. At all times relevant to this action, Respondent City of Providence managed, maintained, operated, and controlled the Providence Police Department, a department within the City of Providence, located at 325 Washington Street, Providence, RI and is an "employer" within the meaning of R.I. Gen. Laws § 28-5-6(7) and 42 U.S.C. § 12111(5) and an "entity" within the meaning of R.I. Gen. Laws § 42-87-2.

4. Respondent Colonel Hugh T. Clements, Jr. is Chief of the Providence Police Department and is being charged in both his individual and official capacities.

5. Respondent Clements, at all times relevant to this action, acted in a supervisory capacity over Complainant. Based upon the authority and control granted to him by Respondent City of Providence, Respondent Clement exercised control over the terms and conditions of Complainant's employment, is an agent of an "employer" within the meaning of R.I. Gen. Laws 28-5-6(7) and 42 U.S.C. § 12111(5) and a "person" within the meaning of R.I. Gen. Laws § 42-87-2.

6. At all times relevant to this action, Respondent City of Providence employed 15 or more employees in the State of Rhode Island.

7. Complainant Sergeant Mark Mancini ("Sergeant Mancini") has been employed by Respondent City of Providence in the Providence Police Department as a police officer since 1994 and is an "employee" within the meaning of R.I. Gen. Laws § 28-5-6(6) and 42 U.S.C. § 12111(4) and a "person" within the meaning of R.I. Gen. Laws § 42-87-2.

8.  At all times relevant to this action, Sergeant Mancini was a member of a labor union, Providence Lodge #3 of the Fraternal Order of Police (the "Union").

9.  On November 15, 2010, Sergeant Mancini injured his right knee while chasing a suspect in the line of duty.

10. On November 17, 2010, Sergeant Mancini sought medical treatment for his injured right knee.

11. On February 3, 2011, Sergeant Mancini underwent arthroscopic surgery of his right knee.

12. Beginning on or about February 15, 2012, Sergeant Mancini began approximately ten weeks of physical therapy.

13. As a result of his injured right knee, Sergeant Mancini was placed on "Injured on Duty" ("IOD") status and placed out of work until May 2011.

14. On May 20, 2011, Sergeant Mancini had a follow-up appointment with his orthopedic surgeon, Michael Feldman, M.D., who requested that Sergeant Mancini take a Function Capacity Examination ("FCE") to determine if he needed any restrictions of his job duties because of his injured knee.

15. Upon information and belief, Respondents never answered Dr. Feldman's request for a FCE on Sergeant Mancini.

16. In or about May 2011, Sergeant Mancini returned to work and was placed on "light duty" status.

17. In or about August 2011, Sergeant Mancini's employer terminated his light duty status and required him to file with the City of Providence for accidental disability benefits on the grounds that he was incapacitated from his duties as a police officer and should be retired from service.

18. On September 2, 2011, against Sergeant Mancini's wishes and as a direct result of a directive from his employer, Sergeant Mancini reluctantly filed for accidental disability benefits with the City of Providence.

19. Pursuant to his application for accidental disability benefits, Sergeant Mancini underwent three (3) independent medical examinations ("IMEs") by three (3) physicians engaged by the City of Providence.

20. Two of the three IMEs provided that Sergeant Mancini could perform his full duties as a Sergeant, that he was not permanently disabled, and that he should not be retired from service.

21. On June 27, 2012, the City of Providence denied Sergeant Mancini's application for accidental disability benefits based on the results of the IMEs.

22. At all times relevant to this action, Sergeant Mancini suffered from a physical impairment to his right knee.

23. At all times relevant to this action, Sergeant Mancini's physical impairment substantially limited one or more of his life's major activities including, but not limited to, walking, standing, bending, taking care of himself, and working.

24. At all times relevant to this action, Respondents perceived Sergeant Mancini to suffer from a physical impairment as defined by federal and state law.

25. At all times relevant to this action, Respondents were aware of Sergeant Mancini's record of a physical impairment as defined by federal and state law.

26. At all times during the course of Sergeant Mancini's employment with Respondent City of Providence, Complainant's job performance always met his employer's legitimate expectations.

27. On May 3, 2012, Sergeant Mancini was notified that on June 16, 2012, a written examination for promoting police officers from the Rank of Sergeant to the Rank of Lieutenant would be administered to all eligible Sergeants (the "June 16, 2012 Lieutenants Promotional Examination").

28. Upon information and belief, Respondent City of Providence was seeking to fill five (5) Lieutenant Positions.

29.    The Collective Bargaining Agreement (the "CBA") between the Respondent City of Providence and the Union sets forth the criteria for selecting a lieutenant based on a 100 point overall score where each candidate is awarded points as follows: (1) 0-85 points for his or her score on a 100 question, written examination; (2) 0-5 points for his or her level of education; (3) 0-5 points for his or her level of seniority; and (4) 0-5 points for his or her service points.

30.    To arrive at a candidate's overall score, the candidate's raw score on his written examination on a scale of 0 to 100 points is multiplied by eighty-five percent (85%) and added to the points awarded for level of education, level of seniority, and service points.

31.    For the level of education category, a candidate is awarded points as follows:

    a.    five (5) points for attaining a bachelor's degree;
    b.    four (4) points for attaining an associate's degree;
    c.    three (3) points for attaining 31 to 45 credits;
    d.    two (2) points for attaining 16 to 30 credits; and
    e.    one (1) point for attaining up to 15 credits

32.    For the level of seniority category, a candidate is awarded points as follows:

    a.    five (5) points for 15 years of seniority; at
    b.    four (4) points for 13-15 years of seniority;
    c.    three (3) points for 10-13 years of seniority;
    d.    two (2) points for 7-10 years of seniority; and
    e.    one (1) point for 4-7 years of seniority

33.    The service category pertains to the candidate's overall performance as a police officer.  Letters of commendation, and memoranda of merit received as wells as unused sick time may be considered.

34.    Service points are awarded at the Police Chief's sole discretion.

35.    A candidate's score for service points is determined prior to the administration of the written examination, and the score for service points is forwarded by the Police Chief to the President of the Union.

36. After the written examinations are graded, the candidates' examination points are added to the points for education, seniority, and service to arrive at an overall score.

37. The candidates are then ranked by their overall scores from highest to lowest, and the candidates with the five highest overall scores receive a promotion from Sergeant to Lieutenant.

38. Based on the criteria set forth in the CBA, upon information and belief, thirty-two (32) Sergeants including Sergeant Mancini were eligible to take the June 16, 2012 Lieutenants Promotional Examination.

39. Upon information and belief, twenty-two (22) Sergeants, including Sergeant Mancini, signed up to take the June 16, 2012 Lieutenants Promotional Examination.

40. On June 16, 2012, sixteen (16) Sergeants, including Sergeant Mancini, took the written June 16, 2012 Lieutenants Promotional Examination.

41. On July 7, 2012, Respondents released the results of the June 16, 2012 Lieutenants Promotional Examination.

42. Sergeant Mancini received an overall score of 88.2 on the June 16, 2012 Lieutenants Promotional Examination:

   - 78.2 points for the written examination;
   - 5 points for education;
   - 5 points for seniority; and
   - 0 points for service

43. Sergeant Mancini's 88.2 overall score ranked him seventh of the sixteen Sergeants who took the June 16, 2012 Lieutenants Promotional Examination and, therefore, he did not receive a promotion to Lieutenant.

44. Sergeant Mancini received a raw score of 92 on the written portion of the promotional examination, so he was awarded 78.2 points for this category (92 * 85% = 78.2)

45. Because Sergeant Mancini has attained a bachelor's degree, he was awarded five (5) points for the level of education category.

46.  Because Sergeant Mancini had 18 years of seniority at the time of the June 16, 2012 Lieutenants Promotional Examination, he was awarded five (5) points for the level of seniority category.

47.  However, Respondents awarded Sergeant Mancini "0" points for service, by far the lowest score of all sixteen (16) officer who took the June 16, 2012 Lieutenants Promotional Examination.

48.  Sergeant Mancini has never received any discipline during his entire eighteen (18) year career with the Providence Police Department.

49.  Sergeant Mancini has received letters of commendation and memoranda of merit throughout his career.

50.  Sergeant Mancini is regarded by his supervisors as an effective and capable police officer.

51.  Prior to the June 16, 2012 Lieutenants Promotional Examination, upon information and belief, Commander Tom Oates ("Commander Oates") stated at a Command Staff Meeting in relation to the upcoming June 16, 2012 Lieutenants Promotional Examination: "Give Mancini a "3" [for service]."

52.  In the years prior to the June 16, 2012 Lieutenants Promotional Examination, Sergeant Mancini had taken five (5) written promotional examinations, the most recent one in 2010.  Respondents awarded Sergeant Mancini a "5" for Service Points in all five examinations.

53.  Sergeant George Smith ("Sergeant Smith"), who ranked fifth on the June 16, 2012 Lieutenants Promotional Examination and whose overall score placed him on the list to be promoted, received an overall score of 89.2 points, one point higher than Sergeant Mancini.

54.  Sergeant Smith received "5" service points on the June 16, 2012 Lieutenants Promotional Examination.

55. If Responded had awarded Sergeant Mancini "3" service points per the recommendation of Commander Oates, or even one ("1") service point instead of "0" service points, Sergeant Mancini would have scored higher than Sergeant Smith and been placed on the list to be promoted to Lieutenant.[1]

56. Of the sixteen (16) Sergeants who took the June 16, 2012 Lieutenants Promotional Examination, for the service category, nine (9) officers received a rating of "5," two (2) officers received a rating of "4.5," two (2) officers received a rating of "4," two (2) officers received a rating of "3.5," and one (1) officer, Sergeant Mancini, received a rating of "0."

57. Upon information and belief, Candidate Sergeant Richard Fernandes ("Sergeant Fernandes") has been disciplined in the past for varies departmental infractions and is currently under investigation by the Providence Police Department Internal Investigations unit.

58. Sergeant Fernandes received "4" service points on the June 16, 2012 Lieutenants Promotional Examination.

59. Upon information and belief, in or about 2011, several lieutenants called Candidate Sergeant Pao Yang ("Sergeant Yang") and requested that he not put in a bid to work in their districts.

60. Sergeant Yang received "3.5" service points on the June 16, 2012 Lieutenants Promotional Examination.

61. In his eighteen years of service, Claimant is only aware of one other promotional candidate who received a "0" for service points on any promotional examination, John Kaya, who was demoted two ranks from Lieutenant to Patrolman for egregious violation of Police Department policies and rules.

---

[1] Based on the criteria in the CBA, had there been a tied overall score between Sergeant Mancini and Sergeant Smith, Sergeant Mancini would have received a promotion to Lieutenant over Sergeant Smith based on his greater level of seniority.

62. On June 23, 2012, Respondent City of Providence administered a Sergeant's Promotional Examination for the purposes of promoting police officers to the rank of Sergeant (the "June 23, 2012 Sergeant's Promotional Examination") using the same scoring method as the June 16, 2012 Lieutenant's Promotional Examination.

63. 120 police officers signed up for the June 23, 2012 Sergeant's Promotional Examination and 115 were eligible to take the exam.

64. Of the 115 police officers eligible to take the June 23, 2012 Sergeant's Promotional Examination, for the service category, eighty-nine (89) officers received a rating of "5," ten (10) officers received a rating of "4.5," thirteen (13) officers received a rating of "4," and three (3) officers received a rating of "3."

65. Not one officer who took the June 23, 2012 Sergeant's Promotional Examination received a rating lower than "3" for service points.

66. Upon information and belief, Candidate Detective Paul Renzi, who signed up for the June 23, 2012 Sergeant's Promotional Examination, but who did not take the examination, was demoted from Sergeant to Detective in or about 2010 because of on-the-job misconduct.

67. Despite his demotion, Candidate Sergeant Renzi received a 4.5 for service points.

68. Upon information and belief, Candidate Detective Sean Carroll, who sat for the June 23, 2012 Sergeant's Promotional Examination and whose overall score placed him on the list to be promoted to Sergeant, was demoted from Sergeant to Detective in or about 2008 because of on-the-job misconduct.

69. Despite his demotion, Candidate Sergeant Carroll received a 4.0 for service points.

70. Upon information and belief, Respondent Clements was the Captain of Candidate Sergeant Carroll's unit at the time of his demotion and, therefore, Respondent Clements had actual knowledge of the Candidate Sergeant Carroll's misconduct.

71. Upon information and belief, Patrol Gary Slater, who signed up for the June 23, 2012 Sergeant's Promotional Examination, was suspended for six months for on-the-job misconduct.

72. Despite his suspension, Patrolman Slater received a 3.0 for service points.

73. Of the 137 police officers who signed up for the June 16, 2012 Lieutenant's Promotional Examination and the June 23, 2012 Sergeant's Promotional Examination, Sergeant Mancini was the only police officer who receive a rating of "0" for service points.

74. When Mancini discovered that he received "0" for service points, he requested through his union representative a meeting with Respondent Clements. However, Respondent Clements never contacted Mancini.

75. Respondents' actionable conduct complained of herein proximately caused Complainant to suffer grave and substantial pecuniary damages, including lost wages, fringe benefits, attorneys' fees, the costs of this action, as well as other pecuniary damages, now, and in the future.

76. Respondents' actionable conduct complained of herein proximately caused Complainant to suffer grave and substantial compensatory damages, including physical injuries, physical sickness, personal emotional pain, personal suffering, personal inconvenience and discomfort, mental anguish, extreme and severe emotional distress with resulting physical and emotional manifestations, loss of enjoyment of life, humiliation, embarrassment, anguish, and frustration.

## Discrimination on the Basis of Disability
### Failure to Promote

77. The above-referenced conduct constitutes discrimination for failure to promote based on Complainant's disability, his record of an impairment or a perception that he has an impairment in violation of the Rhode Island Fair Employment Practices Act, R.I. Gen. Laws § 28-5-1 et seq. ("FEPA"), the Civil Rights of Peoples With Disabilities Act, 42 U.S.C. § 42-87-1 et. seq., and the Americans With Disability Act, 42 U.S.C. § 12101 et. seq. (the "ADA") because:

a)  Complainant had a physical impairment;

b)  That substantially limited one or more of his life's major activities such as walking, standing, bending, taking care of himself, and working;

c)  Complainant had a record of an impairment of which his employer was aware;

d)  Respondents perceived Complainant to suffer from an impairment;

e)  Claimant applied for an open position for which he was qualified;

f)  Claimant's job performance met his employer's legitimate expectations;

g)  Claimant received "0" points for service;

h)  Respondents' decision to award Complainant "0" service points was motivated, in part, because of Complainant's disability, his record of an impairment or a perception that he is impaired;

i)  Claimant was not selected for the open position; and

j)  Respondents filled the position by hiring another individual with similar qualifications

**Failure to Reasonably Accommodate a Disability**

78. At all relevant times, Complainant suffered from a physical impairment that substantially limited one or more of his life's major activities such as walking, standing, bending, taking care of himself, and working, thereby requiring Respondents to provide him with a reasonable accommodation by placing him on light duty status.

79. Respondents failed or refused to provide Complainant with a reasonable accommodation when it terminated his light duty status in August 2011 and required him to file for accidental disability benefits.

**Individual Liability of Respondent Clements
for Violation of R.I. Gen. Laws § 28-5-7(6)**

80. Respondent Clement violated Complainant's rights under R.I. Gen. Laws § 28-5-7(6) because he aided, abetted, incited, compelled, and/or coerced Respondent City of Providence to engage in an unlawful employment practice when, because of Complainant's disability status, record of an impairment or based upon the perception that he had an impairment, Respondent Clement awarded Complainant "0" service points, causing the denial of Claimant's promotion.

**Damages**

81. As a direct and proximate result of the Respondents' discriminatory actions, Complainant has suffered and continues to suffer a substantial loss of income and other work-related benefits, emotional harm, and damage to his reputation and to his career.

**Other Proceedings**

82. Complainant states that he has not instituted any civil or criminal proceedings in any other forum based upon the same facts or grievances alleged in this charge.

STATE OF RHODE ISLAND
COMMISSION FOR HUMAN RIGHTS
180 Westminster Street, Third Floor
Providence, RI 02903-1918
401-222-2661   TDD: 401-222-2664   Fax: 401-222-2616



COPY
RECEIVED
AUG 0 2 2012
RI COMMISSION
FOR HUMAN RIGHTS

## EMPLOYMENT DISCRIMINATION QUESTIONNAIRE

Please type or print your answers as completely as possible on this form and return it to the Commission at the above address. You will be contacted regarding the filing of a formal charge if your allegations come under Commission jurisdiction. This is **not** a formal charge of discrimination.  **IF QUESTION # 8 IS NOT ANSWERED COMPLETELY, THE COMMISSION CANNOT PROCESS YOUR CHARGE.**

Indicate Mr./(Mrs.)/Ms          Date _7/30/12_

1. Name _Mark_ (First)     (Middle)     _Mancini_ (Last)

   Address _69 Charlotte St._

   City _North Providence_          State _RI_     Zip Code _02904_

   Telephone Numbers with area code  Home: _(401)265-1171_   Work: _____

   Cell: _____     Date of Birth _2/25/63_

2. How did you learn about the Commission?     Commission Brochure     Commission Commercial
   Commission Website     Other _My attorney_

3. Who are you filing against?  ☐Company  ☐Union  ☐Employment Agency     ☑Government
   ☐ Other     Name _City of Providence Police Dept._

   Address _325 Washington St. Providence, RI  02903_

   Company President _Police Chief Hugh T. Clements, Jr._ Phone _(401) 272-3121_

   Do you wish to file a charge against a specific person who discriminated against you?  ☑Yes     ☐No

   If "yes", you must provide their full name, address and phone number. _Hugh T. Clements, Jr._
   _c/o Prov. Police Dept._          City _Providence_     State _RI_

   Zip Code _02903_  Telephone (with area code) _(401) 272-3121_

4. Approximate number of employees at the above named company _100 +_

5. If you are now employed by the company above, specify your position _Sergeant_

   If not, specify the position you held or sought _____

6. Cause of Alleged Discrimination:     ☐ Race     ☐Color     ☐Religion     ☐Ancestral Origin

   ☐ Sex  ☑Disability  ☐Age (40 or above)  ☐ Sexual Orientation     ☐Gender Identity or Expression

   Explain cause _____     Example: if you circled race, indicate your race

7. Please check the alleged discriminatory action/condition:

   ☐Refusal to Hire  ☐Termination/Discharge  ☑Denial of Promotion  ☐Layoff  ☐Unequal Pay

   ☐Discriminatory Work Environment  ☐Discriminatory Treatment  ☐Maternity  ☐Demotion

   ☐Harassment (sexual or other)  ☑Reasonable Accommodation  ☐Other (Indicate)_____

Revised 05/05

8. Please explain (on a separate paper) what action was taken against you that you believe to be discriminatory. Were other persons treated differently than you? What harm, if any, was caused to you as a result of that action? Please include all relevant names and dates. If you named any individual(s) in Question #3, you must explain the discriminatory actions that this person took, or the individual(s) will not be named in the charge. If you have any documents concerning the situation, please attach copies to your statement.

9. Please specify the date(s) and place the alleged harm took place _August 2011 to the present_

10. Have you sought any assistance about the action you think was discriminatory from any other source?
☑Yes  ☐No    If yes, indicate:
Name of source of assistance _I filed a grievance with my union (pending)_
Result, if any _____
_____

11. If you have hired a lawyer, please indicate:  Name _Mark P. Gagliardi, Esq_
Address _120 Wayland Ave. #7_____ City _Providence___ State _RI___
Zip Code _02906_  Phone Number _(401) 277-2030_
Will he/she be representing you?  ⟨Yes⟩    No

12. Please provide the name of a person not living with you who would know how to contact you:
Name_____ Relationship _____
Address_____ City _____ State _____
Zip Code_____ Phone Number _____ Cell _____

**If you have a disability and need a reasonable accommodation in order to complete this form, please notify the Commission and one will be provided to you.**

**FOR OFFICE USE ONLY – DO NOT WRITE HERE**

SEND NOTICES TO:

A) Agent For service_____
    Address_____
    City_____State_____Zip Code_____

B) Corporate Headquarters_____
    Address_____
    City_____State_____Zip Code_____

C) Other_____
    Address_____
    City_____State_____Zip Code_____

Confidential

10

# PROVIDENCE POLICE DEPARTMENT
## SUPERVISOR PERFORMANCE EVALUATION

| Last Name | First Name | Middle Initial | Rank |
|---|---|---|---|
| **Mancini** | **Mark** | | Sergeant |

| Employee # | Assignment | Appraisal Period | | Appraisal Date |
|---|---|---|---|---|
| 6175 | Day Patrol Sergeant | **From: 5/10** | **To: 12/10** | 3/11 |

| | | Scoring Legend | | |
|---|---|---|---|---|
| E | AA | MS | RI | NA |
| Exceptional | Above Average | Meets Standard | Requires Improvement | Not Applicable |

| 1.  Personal Appearance, Equipment Maintenance and Use. | E | AA | MS | RI | NA |
|---|---|---|---|---|---|
| 1.1. Employee's uniform and appearance complies with department standards. | ☐ | ☒ | ☐ | ☐ | ☐ |
| 1.2. Employee's physical fitness is consistent with requirements of his or her assigned duties. | ☒ | ☐ | ☐ | ☐ | ☐ |
| 1.3. Employee properly uses and maintains departmental equipment. | ☒ | ☐ | ☐ | ☐ | ☐ |

**Personal Appearance, Equipment Maintenance and Use Comments**
Mark takes exceptional care of his equipment and assigned vehicle.

| 2.  Attitude and Cooperation | E | AA | MS | RI | NA |
|---|---|---|---|---|---|
| 2.1. Employee displays a positive attitude when interacting with other department employees. | ☐ | ☒ | ☐ | ☐ | ☐ |
| 2.2. Employee works effectively in a team-oriented environment. | ☐ | ☒ | ☐ | ☐ | ☐ |
| 2.3. Employee is cooperative in dealings with other departments. | ☐ | ☒ | ☐ | ☐ | ☐ |
| 2.4. Employee communicates with the public in a cooperative and tactful manner. | ☐ | ☒ | ☐ | ☐ | ☐ |
| 2.5. Employee effectively interacts with ethic groups and alternative lifestyles other than his or her own. | ☐ | ☒ | ☐ | ☐ | ☐ |
| 2.6. Employee's actions and efforts are directed towards the goals and objectives of the department. | ☐ | ☒ | ☐ | ☐ | ☐ |

**Attitude and Cooperation Comments**

| 3.  Professionalism | E | AA | MS | RI | NA |
|---|---|---|---|---|---|
| 3.1. Employee acts as a positive role model and demonstrates the ability to lead peers and public by example. | ☒ | ☐ | ☐ | ☐ | ☐ |
| 3.2. Employee possesses integrity and demonstrates ethical awareness. | ☒ | ☐ | ☐ | ☐ | ☐ |
| 3.3. Employee follows orders and instructions. | ☒ | ☐ | ☐ | ☐ | ☐ |
| 3.4. Employee performs his or her duties without close supervision. | ☒ | ☐ | ☐ | ☐ | ☐ |
| 3.5. Employee accepts feedback or criticism in a positive manner and applies it to improve performance. | ☒ | ☐ | ☐ | ☐ | ☐ |
| 3.6. Employee is reliable and punctual. | ☒ | ☐ | ☐ | ☐ | ☐ |

**Professionalism Comments**
Mark is outstanding in all of the above listed categories.

Mancini, Mark,          Employee Initial: _____          Page 1 of 6

PROVIDENCE POLICE DEPARTMENT
SUPERVISOR PERFORMANCE EVALUATION

| 4.   Knowledge and Application of Duties, Laws, Procedures, and Rules & Regulations. | E | AA | MS | RI | NA |
|---|---|---|---|---|---|
| 4.1. Employee understands and complies with departmental rules, regulations, policies and procedures. | ☒ | ☐ | ☐ | ☐ | ☐ |
| 4.2. Employee possesses a good working knowledge of Municipal Violations, RI General Laws, Traffic Laws, and criminal procedure. | ☒ | ☐ | ☐ | ☐ | ☐ |
| 4.3. Employee applies above knowledge in the performance of his or her duties. | ☒ | ☐ | ☐ | ☐ | ☐ |
| Knowledge and Application Comments | | | | | |

| 5.   Information Gathering Analysis | E | AA | MS | RI | NA |
|---|---|---|---|---|---|
| 5.1. Employee conducts effective interviews and interrogations. | ☒ | ☐ | ☐ | ☐ | ☐ |
| 5.2. Employee recognizes, identifies, and gathers pertinent facts. | ☒ | ☐ | ☐ | ☐ | ☐ |
| 5.3. Employee follows through on information gathered and utilizes proper available resources (e.g. Detective Bureau, Victim's Assistance, etc.). | ☒ | ☐ | ☐ | ☐ | ☐ |
| Information Gathering Analysis Comments | | | | | |

| 6.   Communications (Radio and Computer) | E | AA | MS | RI | NA |
|---|---|---|---|---|---|
| 6.1. Employee utilizes proper codes and procedures regarding radio transmissions. | ☒ | ☐ | ☐ | ☐ | ☐ |
| 6.2. Employee monitors (listens and comprehends) radio transmissions. | ☒ | ☐ | ☐ | ☐ | ☐ |
| 6.3. Employee demonstrates good working knowledge of the Mobile Data Terminals and adheres to departmental guidelines regarding its use. | ☒ | ☐ | ☐ | ☐ | ☐ |
| Communications Comments | | | | | |

| 7.   Patrol Management | E | AA | MS | RI | NA |
|---|---|---|---|---|---|
| 7.1. Employee efficiently manages uncommitted time. | ☒ | ☐ | ☐ | ☐ | ☐ |
| 7.2. Employee identifies and addresses problems and concerns in his or her patrol area. | ☒ | ☐ | ☐ | ☐ | ☐ |
| 7.3. Employee efficiently manages calls for services and prioritizes workload. | ☒ | ☐ | ☐ | ☐ | ☐ |
| Patrol Management Comments | | | | | |
| Mark is fully versed on the problems in all of the districts that he supervises. | | | | | |

| 8.   Situational Effectiveness and Reasoning Ability | E | AA | MS | RI | NA |
|---|---|---|---|---|---|
| 8.1. Employee performs effectively when faced with the added physical or mental stress of an emergency situation. | ☒ | ☐ | ☐ | ☐ | ☐ |
| 8.2. Employee mediates disputes effectively offering possible avenues of resolution in an effort to maintain order and bring about a satisfactory conclusion. | ☒ | ☐ | ☐ | ☐ | ☐ |
| 8.3. Employee effectively takes command of a situation as appropriate (Verbal/Physical Skills/Tactics). | ☒ | ☐ | ☐ | ☐ | ☐ |
| 8.4. Employee exercises sound decisive judgment and accepts responsibility for his or her decisions. | ☒ | ☐ | ☐ | ☐ | ☐ |

Mancini, Mark,                    Employee Initial: _____                    Page 2 of 6

## PROVIDENCE POLICE DEPARTMENT
### SUPERVISOR PERFORMANCE EVALUATION

| | | | | | |
|---|:---:|:---:|:---:|:---:|:---:|
| 8.5. Employee demonstrates ability to find a rule or concept which fits the situation. | ☒ | ☐ | ☐ | ☐ | ☐ |
| 8.6. Employee demonstrates ability to see relationships between apparently dissimilar incidents and draw logical conclusions. | ☒ | ☐ | ☐ | ☐ | ☐ |
| 8.7. Employee demonstrates ability to interpret, retain, and apply information received from victims, witnesses, and suspects. | ☒ | ☐ | ☐ | ☐ | ☐ |

**Situational Comments**

Mark was the first officer on scene at a break in progress call. His quick actions and ability to broadcast information to responding officers led to the apprehension of all three suspects who were breaking into a home.

| 9.   Safety Issues | E | AA | MS | RI | NA |
|---|:---:|:---:|:---:|:---:|:---:|
| 9.1. Employee uses caution when handling suspects or prisoners and follows safety procedures. | ☐ | ☒ | ☐ | ☐ | ☐ |
| 9.2. Employee follows acceptable officer safety practices in general. | ☐ | ☒ | ☐ | ☐ | ☐ |
| 9.3. Employee is aware of surroundings, direction of travel and has the ability to arrive at locations in a timely manner. | ☒ | ☐ | ☐ | ☐ | ☐ |
| 9.4. Employee maintains control of the vehicle, evaluates driving situations and reacts properly (i.e. defensive driving, follows rules of the road per policy, etc.). | ☒ | ☐ | ☐ | ☐ | ☐ |
| 9.5. Employee shows good judgment in use of lights and sirens and speed control. | ☒ | ☐ | ☐ | ☐ | ☐ |

**Safety Issues Comments**

| 10.   Key Elements of Job Performance | E | AA | MS | RI | NA |
|---|:---:|:---:|:---:|:---:|:---:|
| 10.1.   Personal appearance. | ☐ | ☒ | ☐ | ☐ | ☐ |
| 10.2.   Adherence to Uniform Standards. | ☒ | ☐ | ☐ | ☐ | ☐ |
| 10.3.   Attitude and cooperation. | ☐ | ☒ | ☐ | ☐ | ☐ |
| 10.4.   Professionalism | ☒ | ☐ | ☐ | ☐ | ☐ |
| 10.5.   Knowledge and application of duties, laws, procedures, rules and regulations. | ☒ | ☐ | ☐ | ☐ | ☐ |
| 10.6.   Reporting: Information gathering, written reports and forms. | ☒ | ☐ | ☐ | ☐ | ☐ |
| 10.7.   Reporting: Timeliness of report submission. | ☒ | ☐ | ☐ | ☐ | ☐ |
| 10.8.   Communications: Radio & Computer. | ☒ | ☐ | ☐ | ☐ | ☐ |
| 10.9.   Patrol management. | ☒ | ☐ | ☐ | ☐ | ☐ |
| 10.10.   Situational effectiveness, reasoning and decision-making ability. | ☒ | ☐ | ☐ | ☐ | ☐ |
| 10.11.   Safety issues. | ☐ | ☒ | ☐ | ☐ | ☐ |

| 11.   Supervisor Criteria | E | AA | MS | RI | NA |
|---|:---:|:---:|:---:|:---:|:---:|
| 11.1.   Immediately and directly confronts inappropriate behavior in a fair and equitable manner. | ☒ | ☐ | ☐ | ☐ | ☐ |

Mancini, Mark,                    Employee Initial: _____                    Page 3 of 6

## PROVIDENCE POLICE DEPARTMENT
### SUPERVISOR PERFORMANCE EVALUATION

| | | | | | | |
|---|---|---|---|---|---|---|
| 11.2. | Takes responsibility for his/her actions and will not distort issues for personal gain. | ☐ | ☒ | ☐ | ☐ | ☐ |
| 11.3. | Deals fairly with all races, nationalities, cultures, disabilities, ages and gender. | ☐ | ☒ | ☐ | ☐ | ☐ |
| 11.4. | Provides direction and stability in a crisis situation. | ☒ | ☐ | ☐ | ☐ | ☐ |
| 11.5. | Makes good decisions based on analysis, experience, judgment, and common sense. | ☒ | ☐ | ☐ | ☐ | ☐ |
| 11.6. | Sets reasonable goals and objectives which can be monitored and measured. | ☐ | ☒ | ☐ | ☐ | ☐ |
| 11.7. | A good listener, easy to talk to, helpful and patient when working with subordinates. | ☐ | ☒ | ☐ | ☐ | ☐ |
| 11.8. | Trusts, empowers others, and creates an environment in which subordinates want to perform at their best. | ☒ | ☐ | ☐ | ☐ | ☐ |
| 11.9. | Explains reasons for key decisions, practices, and procedures. | ☒ | ☐ | ☐ | ☐ | ☐ |
| 11.10. | Utilizes subordinate's strengths, helps develop weaknesses, coaches, and provides guidance and instruction. | ☒ | ☐ | ☐ | ☐ | ☐ |
| 11.11. | Completes performance evaluations impartially and in a timely manner. | ☐ | ☒ | ☐ | ☐ | ☐ |
| 11.12. | Number of sick days used | 0 | | | | |
| 11.13. | Number of complaints | 0 | | | | |
| 11.14. | Number of commendations | 2 | | | | |

**Supervisor Criteria Comments**

| | E | AA | MS | RI |
|---|---|---|---|---|
| **Overall Supervisory Performance Rating** | ☒ | ☐ | ☐ | ☐ |

**Overall Supervisory Performance Rating Comments (include remarks not stated elsewhere)**

Mark is an exceptional supervisor.  He handles a difficult shift tactfully.  He is not afraid to take an officer aside and address any behavior which needs to be amended.

**Future Performance Targets**

Now that he will be in District 3 full time I would like to see him "tighten up" the day shift, including addressing appearance and tardiness of officers as well as response time to calls.  I know that once he is in the district full time he will be able to achieve these goals.

Mancini, Mark,                    Employee Initial: _____                    Page 4 of 6

## PROVIDENCE POLICE DEPARTMENT
### SUPERVISOR PERFORMANCE EVALUATION

### Employee and Supervisory Review

I have read this performance appraisal and have had the opportunity to discuss my work with my supervisor. I realize that my signature on this form does not necessarily mean that I agree with this evaluation. I may submit a written appeal about this evaluation to the Commanding Officer within ten (10) days of this date for inclusion in my personnel jacket.

☐ I accept this evaluation.

☒ I do not concur with this evaluation.

☐ I formally appeal this evaluation.

| Employee Signature | | Date Signed |
|---|---|---|
| | | |
| Evaluating Supervisor - Print Name | Signature | Date Signed |
| Lt. Alyssa DeAndrade | | 3-28-11 |
| Reviewing Supervisor - Print Name | Signature | Date Signed |
| | | |

### Appeal

| | | |
|---|---|---|
| Appeal Decision (Explain amended ratings.) | ☐ Appeal Approved | |
| | ☐ Appeal Denied | |
| Appeal Decision Notification | ☐ Employee Notified | Date Notified: |
| | ☐ Evaluating Supervisor Notified | Date Notified: |

Details of review and actions taken. Explanation for amended ratings. Use reverse side if necessary.

### Command Staff Review

| Signature | Date Signed |
|---|---|
| Maj. Hugh T. C... | 4-11-11 |

Mancini, Mark,          Employee Initial: _____          Page 5 of 6

## PROVIDENCE POLICE DEPARTMENT
## SUPERVISOR PERFORMANCE EVALUATION

This evaluation will be reviewed with the employee by his or her immediate supervisor. All supervisors in the chain of command will review the appraisals and comment if appropriate. The evaluation will be maintained in the command level personnel file and as directed by the Chief of Police. The Performance Evaluation will be used as an important factor in making discretionary personnel decisions and assignments.

Performance evaluations will be done on an ongoing dynamic basis. A formal evaluation, however, will be completed every six months. This time period will allow for an up-to-date and accurate evaluation process.

### APPEAL PROCESS

1. The purpose of an evaluation process is to allow an employee of the Department to appeal his or her evaluation.
2. The employee has ten (10) days to submit a performance evaluation appeal form to the Chief of Police, through his or her chain-of-command, that includes the reasons for and details of his or her disagreement with the evaluation.
3. The Chief of Police, or his designee, will investigate the appeal, reviewing documentation and conducting interviews where necessary.
4. A decision will be rendered and communicated to the parties involved in the appeal in writing within thirty (30) days. The decision will become a part of the employee's personnel record.

### PERFORMANCE STANDARDS

1. Exceptional
   1.1. Level of performance rarely achieved by others. Assignments and responsibilities are being accomplished at the highest possible level of performance. Employee is producing results exceptionally above the normal expectations of the job.
2. Above Average
   2.1. Consistently exceeds job requirements with above average quality and quantity. Assignments and responsibilities are being accomplished in a highly effective manner, with only general guidance. Employee is producing results above the normal expectations of the job.
3. Meets Standard
   3.1. Performs all aspects of the job and consistently meets job requirements. Assignments and responsibilities are accomplished effectively with normal supervision and direction. Employee is producing results at the normal expectations of the job.
4. Requires Improvement
   4.1. Unable to meet job requirements. Performs below standards. Assignments and responsibilities are not accomplished at an acceptable level of quality or quantity. Employee requires close supervision and direction. Employee producing inadequate results which requires immediate attention.

Mancini, Mark,                    Employee Initial: _____                    Page 6 of 6

11

## PROVIDENCE POLICE DEPARTMENT
### SUPERVISOR PERFORMANCE EVALUATION

| Last Name | First Name | Middle Initial | Rank |
|---|---|---|---|
| **Donnelly** | **Joseph** | | Sergeant |

| Employee # | Assignment | Appraisal Period | | Appraisal Date |
|---|---|---|---|---|
| 3577 | BCI | From: 01/01/2011 | To: 12/31/2011 | 01/05/2012 |

| Scoring Legend | | | | |
|---|---|---|---|---|
| E | AA | MS | RI | NA |
| Exceptional | Above Average | Meets Standard | Requires Improvement | Not Applicable |

| 1.  Personal Appearance, Equipment Maintenance and Use. | E | AA | MS | RI | NA |
|---|---|---|---|---|---|
| 1.1. Employee's uniform and appearance complies with department standards. | | ☒ | ☐ | ☐ | ☐ |
| 1.2. Employee's physical fitness is consistent with requirements of his or her assigned duties. | ☐ | ☐ | ☒ | ☐ | ☐ |
| 1.3. Employee properly uses and maintains departmental equipment. | ☐ | ☒ | ☐ | ☐ | ☐ |
| Personal Appearance, Equipment Maintenance and Use Comments | | | | | |

| 2.  Attitude and Cooperation | E | AA | MS | RI | NA |
|---|---|---|---|---|---|
| 2.1. Employee displays a positive attitude when interacting with other department employees. | ☐ | ☒ | ☐ | ☐ | ☐ |
| 2.2. Employee works effectively in a team-oriented environment. | ☐ | ☒ | ☐ | ☐ | ☐ |
| 2.3. Employee is cooperative in dealings with other departments. | ☐ | ☒ | ☐ | ☐ | ☐ |
| 2.4. Employee communicates with the public in a cooperative and tactful manner. | ☐ | ☐ | ☒ | ☐ | ☐ |
| 2.5. Employee effectively interacts with ethic groups and alternative lifestyles other than his or her own. | ☐ | ☒ | ☐ | ☐ | ☐ |
| 2.6. Employee's actions and efforts are directed towards the goals and objectives of the department. | ☐ | ☒ | ☐ | ☐ | ☐ |
| Attitude and Cooperation Comments | | | | | |

| 3.  Professionalism | E | AA | MS | RI | NA |
|---|---|---|---|---|---|
| 3.1. Employee acts as a positive role model and demonstrates the ability to lead peers and public by example. | ☐ | ☒ | ☐ | ☐ | ☐ |
| 3.2. Employee possesses integrity and demonstrates ethical awareness. | ☐ | ☒ | ☐ | ☐ | ☐ |
| 3.3. Employee follows orders and instructions. | ☐ | ☒ | ☐ | ☐ | ☐ |
| 3.4. Employee performs his or her duties without close supervision. | ☐ | ☒ | ☐ | ☐ | ☐ |
| 3.5. Employee accepts feedback or criticism in a positive manner and applies it to improve performance. | ☐ | ☒ | ☐ | ☐ | ☐ |
| 3.6. Employee is reliable and punctual. | ☐ | ☒ | ☐ | ☐ | ☐ |
| Professionalism Comments | | | | | |

Donnelly, Joseph,                    Employee Initial: _____                    Page 1 of 6

### PROVIDENCE POLICE DEPARTMENT
### SUPERVISOR PERFORMANCE EVALUATION

| 4. Knowledge and Application of Duties, Laws, Procedures, and Rules & Regulations | E | AA | MS | RI | NA |
|---|---|---|---|---|---|
| 4.1. Employee understands and complies with departmental rules, regulations, policies and procedures. | ☐ | ☒ | ☐ | ☐ | ☐ |
| 4.2. Employee possesses a good working knowledge of Municipal Violations, RI General Laws, Traffic Laws, and criminal procedure. | ☐ | ☒ | ☐ | ☐ | ☐ |
| 4.3. Employee applies above knowledge in the performance of his or her duties. | ☐ | ☒ | ☐ | ☐ | ☐ |
| Knowledge and Application Comments | | | | | |

| 5. Information Gathering Analysis | E | AA | MS | RI | NA |
|---|---|---|---|---|---|
| 5.1. Employee conducts effective interviews and interrogations. | ☐ | ☒ | ☐ | ☐ | ☐ |
| 5.2. Employee recognizes, identifies, and gathers pertinent facts. | ☐ | ☒ | ☐ | ☐ | ☐ |
| 5.3. Employee follows through on information gathered and utilizes proper available resources (e.g. Detective Bureau, Victim's Assistance, etc.). | ☐ | ☐ | ☒ | ☐ | ☐ |
| Information Gathering Analysis Comments | | | | | |

| 6. Communications (Radio and Computer) | E | AA | MS | RI | NA |
|---|---|---|---|---|---|
| 6.1. Employee utilizes proper codes and procedures regarding radio transmissions. | ☐ | ☐ | ☒ | ☐ | ☐ |
| 6.2. Employee monitors (listens and comprehends) radio transmissions. | ☐ | ☒ | ☐ | ☐ | ☐ |
| 6.3. Employee demonstrates good working knowledge of the Mobile Data Terminals and adheres to departmental guidelines regarding its use. | ☐ | ☒ | ☐ | ☐ | ☐ |
| Communications Comments | | | | | |

| 7. Patrol Management | E | AA | MS | RI | NA |
|---|---|---|---|---|---|
| 7.1. Employee efficiently manages uncommitted time. | ☐ | ☒ | ☐ | ☐ | ☐ |
| 7.2. Employee identifies and addresses problems and concerns in his or her patrol area. | ☐ | ☐ | ☐ | ☐ | ☒ |
| 7.3. Employee efficiently manages calls for services and prioritizes workload. | ☐ | ☐ | ☐ | ☐ | ☒ |
| Patrol Management Comments | | | | | |

| 8. Situational Effectiveness and Reasoning Ability | E | AA | MS | RI | NA |
|---|---|---|---|---|---|
| 8.1. Employee performs effectively when faced with the added physical or mental stress of an emergency situation. . | ☐ | ☒ | ☐ | ☐ | ☐ |
| 8.2. Employee mediates disputes effectively offering possible avenues of resolution in an effort to maintain order and bring about a satisfactory conclusion. | ☐ | ☒ | ☐ | ☐ | ☐ |
| 8.3. Employee effectively takes command of a situation as appropriate (Verbal/Physical Skills/Tactics). | ☐ | ☒ | ☐ | ☐ | ☐ |
| 8.4. Employee exercises sound decisive judgment and accepts responsibility for his or her decisions. | ☐ | ☒ | ☐ | ☐ | ☐ |

Donnelly, Joseph,     Employee Initial:      Page 2 of 6

## PROVIDENCE POLICE DEPARTMENT
### SUPERVISOR PERFORMANCE EVALUATION

| | E | AA | MS | RI | NA |
|---|---|---|---|---|---|
| 8.5. Employee demonstrates ability to find a rule or concept which fits the situation. | ☐ | ☒ | ☐ | ☐ | ☐ |
| 8.6. Employee demonstrates ability to see relationships between apparently dissimilar incidents and draw logical conclusions. | ☐ | ☒ | ☐ | ☐ | ☐ |
| 8.7. Employee demonstrates ability to interpret, retain, and apply information received from victims, witnesses, and suspects. | ☐ | ☒ | ☐ | ☐ | ☐ |

**Situational Comments**

| 9.  Safety Issues | E | AA | MS | RI | NA |
|---|---|---|---|---|---|
| 9.1. Employee uses caution when handling suspects or prisoners and follows safety procedures. | ☐ | ☒ | ☐ | ☐ | ☐ |
| 9.2. Employee follows acceptable officer safety practices in general. | ☐ | ☒ | ☐ | ☐ | ☐ |
| 9.3. Employee is aware of surroundings, direction of travel and has the ability to arrive at locations in a timely manner. | ☐ | ☒ | ☐ | ☐ | ☐ |
| 9.4. Employee maintains control of the vehicle, evaluates driving situations and reacts properly (i.e. defensive driving, follows rules of the road per policy, etc.). | ☐ | ☒ | ☐ | ☐ | ☐ |
| 9.5. Employee shows good judgment in use of lights and sirens and speed control. | ☐ | ☒ | ☐ | ☐ | ☐ |

**Safety Issues Comments**

| 10. Key Elements of Job Performance | E | AA | MS | RI | NA |
|---|---|---|---|---|---|
| 10.1.   Personal appearance. | ☐ | ☒ | ☐ | ☐ | ☐ |
| 10.2.   Adherence to Uniform Standards. | ☐ | ☒ | ☐ | ☐ | ☐ |
| 10.3.   Attitude and cooperation. | ☒ | ☐ | ☐ | ☐ | ☐ |
| 10.4.   Professionalism | ☐ | ☒ | ☐ | ☐ | ☐ |
| 10.5.   Knowledge and application of duties, laws, procedures, rules and regulations. | ☐ | ☒ | ☐ | ☐ | ☐ |
| 10.6.   Reporting: Information gathering, written reports and forms. | ☐ | ☒ | ☐ | ☐ | ☐ |
| 10.7.   Reporting: Timeliness of report submission. | ☐ | ☒ | ☐ | ☐ | ☐ |
| 10.8.   Communications: Radio & Computer. | ☐ | ☒ | ☐ | ☐ | ☐ |
| 10.9.   Patrol management. | ☐ | ☒ | ☐ | ☐ | ☐ |
| 10.10.   Situational effectiveness, reasoning and decision-making ability. | ☐ | ☒ | ☐ | ☐ | ☐ |
| 10.11.   Safety issues. | ☐ | ☒ | ☐ | ☐ | ☐ |

| 11. Supervisor Criteria | E | AA | MS | RI | NA |
|---|---|---|---|---|---|
| 11.1.   Immediately and directly confronts inappropriate behavior in a fair and equitable manner. | ☐ | ☒ | ☐ | ☐ | ☐ |
| 11.2.   Takes responsibility for his/her actions and will not distort issues for personal gain. | ☐ | ☒ | ☐ | ☐ | ☐ |

Donnelly, Joseph,                    Employee Initial:                     Page 3 of 6

## PROVIDENCE POLICE DEPARTMENT
## SUPERVISOR PERFORMANCE EVALUATION

| | | | | | | |
|---|---|---|---|---|---|---|
| 11.3. | Deals fairly with all races, nationalities, cultures, disabilities, ages and gender. | ☒ | ☐ | ☐ | ☐ | ☐ |
| 11.4. | Provides direction and stability in a crisis situation. | ☐ | ☒ | ☐ | ☐ | ☐ |
| 11.5. | Makes good decisions based on analysis, experience, judgment, and common sense. | ☒ | ☐ | ☐ | ☐ | ☐ |
| 11.6. | Sets reasonable goals and objectives which can be monitored and measured. | ☐ | ☒ | ☐ | ☐ | ☐ |
| 11.7. | A good listener, easy to talk to, helpful and patient when working with subordinates. | ☐ | ☒ | ☐ | ☐ | ☐ |
| 11.8. | Trusts, empowers others, and creates an environment in which subordinates want to perform at their best. | ☐ | ☒ | ☐ | ☐ | ☐ |
| 11.9. | Explains reasons for key decisions, practices, and procedures. | ☐ | ☒ | ☐ | ☐ | ☐ |
| 11.10. | Utilizes subordinate's strengths, helps develop weaknesses, coaches, and provides guidance and instruction. | ☐ | ☒ | ☐ | ☐ | ☐ |
| 11.11. | Completes performance evaluations impartially and in a timely manner. | ☐ | ☒ | ☐ | ☐ | ☐ |
| 11.12. | Number of sick days used | 6 | | | | |
| 11.13. | Number of complaints | 0 | | | | |
| 11.14. | Number of commendations | | | | | |
| Supervisor Criteria Comments | | | | | | |

| | E | AA | MS | RI |
|---|---|---|---|---|
| Overall Supervisory Performance Rating | ☐ | ☒ | ☐ | ☐ |

**Overall Supervisory Performance Rating Comments (include remarks not stated elsewhere)**

Sgt. F.J. Donnelly is a key component of the BCI unit. He displays a vast knowledge of all areas of BCI work. He is a team player and will report to work early when a shortage of manpower requires him to assist with processing prisoners. At crime scenes he will assist detectives and lead by example. He is an asset to the unit.

**Future Performance Targets**

Donnelly, Joseph,          Employee Initial: _____          Page 4 of 6

## PROVIDENCE POLICE DEPARTMENT
### SUPERVISOR PERFORMANCE EVALUATION

### Employee and Supervisory Review

I have read this performance appraisal and have had the opportunity to discuss my work with my supervisor.  I realize that my signature on this form does not necessarily mean that I agree with this evaluation.  I may submit a written appeal about this evaluation to the Commanding Officer within ten (10) days of this date for inclusion in my personnel jacket.

☑  I accept this evaluation.

☐  I do not concur with this evaluation.

☐  I formally appeal this evaluation.

| Employee Signature | | Date Signed |
|---|---|---|
| *J J Donnelly* | | 1/26/12 |
| Evaluating Supervisor - Print Name | Signature | Date Signed |
| Lt M Jackvony | | 1/24/12 |
| Reviewing Supervisor - Print Name | Signature | Date Signed |
| | | |

### Appeal

| Appeal Decision (Explain amended ratings.) | ☐ | Appeal Approved | | |
| | ☐ | Appeal Denied | | |
| Appeal Decision Notification | ☐ | Employee Notified | Date Notified: | |
| | ☐ | Evaluating Supervisor Notified | Date Notified: | |

Details of review and actions taken.  Explanation for amended ratings.  Use reverse side if necessary.

### Command Staff Review

| Signature | Date Signed |
|---|---|
| | |
| | |

Donnelly, Joseph,          Employee Initial: _____*JJD*_____          Page 5 of 6

**PROVIDENCE POLICE DEPARTMENT**
**SUPERVISOR PERFORMANCE EVALUATION**

This evaluation will be reviewed with the employee by his or her immediate supervisor. All supervisors in the chain of command will review the appraisals and comment if appropriate. The evaluation will be maintained in the command level personnel file and as directed by the Chief of Police. The Performance Evaluation will be used as an important factor in making discretionary personnel decisions and assignments.

Performance evaluations will be done on an ongoing dynamic basis. A formal evaluation, however, will be completed every six months. This time period will allow for an up-to-date and accurate evaluation process.

APPEAL PROCESS

1.  The purpose of an evaluation process is to allow an employee of the Department to appeal his or her evaluation.
2.  The employee has ten (10) days to submit a performance evaluation appeal form to the Chief of Police, through his or her chain-of-command, that includes the reasons for and details of his or her disagreement with the evaluation.
3.  The Chief of Police, or his designee, will investigate the appeal, reviewing documentation and conducting interviews where necessary.
4.  A decision will be rendered and communicated to the parties involved in the appeal in writing within thirty (30) days. The decision will become a part of the employee's personnel record.

PERFORMANCE STANDARDS

1.  Exceptional
    1.1.   Level of performance rarely achieved by others. Assignments and responsibilities are being accomplished at the highest possible level of performance. Employee is producing results exceptionally above the normal expectations of the job.
2.  Above Average
    2.1.   Consistently exceeds job requirements with above average quality and quantity. Assignments and responsibilities are being accomplished in a highly effective manner, with only general guidance. Employee is producing results above the normal expectations of the job.
3.  Meets Standard
    3.1.   Performs all aspects of the job and consistently meets job requirements. Assignments and responsibilities are accomplished effectively with normal supervision and direction. Employee is producing results at the normal expectations of the job.
4.  Requires Improvement
    4.1.   Unable to meet job requirements. Performs below standards. Assignments and responsibilities are not accomplished at an acceptable level of quality or quantity. Employee requires close supervision and direction. Employee producing inadequate results which requires immediate attention.

Donnelly, Joseph,                    Employee Initial: _____                    Page 6 of 6

Confidential

# 12

# PROVIDENCE POLICE DEPARTMENT
## SUPERVISOR PERFORMANCE EVALUATION

| Last Name | First Name | Middle Initial | Rank |
|---|---|---|---|
| Fernandes | Richard | | Sergeant |

| Employee # | Assignment | Appraisal Period | | | Appraisal Date |
|---|---|---|---|---|---|
| 6173 | Car 260 A Group | From: 01-01-11 | To: 12-31-11 | | 01-11-12 |

### Scoring Legend

| E | AA | MS | RI | NA |
|---|---|---|---|---|
| Exceptional | Above Average | Meets Standard | Requires Improvement | Not Applicable |

| 1.  Personal Appearance, Equipment Maintenance and Use. | E | AA | MS | RI | NA |
|---|---|---|---|---|---|
| 1.1. Employee's uniform and appearance complies with department standards. | | ☒ | ☐ | ☐ | ☐ |
| 1.2. Employee's physical fitness is consistent with requirements of his or her assigned duties. | | ☒ | ☐ | ☐ | ☐ |
| 1.3. Employee properly uses and maintains departmental equipment. | | ☒ | ☐ | ☐ | ☐ |

**Personal Appearance, Equipment Maintenance and Use Comments**
Sgt. Fernandes is always dressed in the proper uniform, maintains the department's equipment in proper working order

| 2.  Attitude and Cooperation | E | AA | MS | RI | NA |
|---|---|---|---|---|---|
| 2.1. Employee displays a positive attitude when interacting with other department employees. | ☐ | ☐ | ☒ | | |
| 2.2. Employee works effectively in a team-oriented environment. | ☐ | ☒ | ☐ | | |
| 2.3. Employee is cooperative in dealings with other departments. | ☐ | ☒ | ☐ | | |
| 2.4. Employee communicates with the public in a cooperative and tactful manner. | ☐ | ☒ | ☐ | | |
| 2.5. Employee effectively interacts with ethic groups and alternative lifestyles other than his or her own. | ☐ | ☐ | ☒ | | |
| 2.6. Employee's actions and efforts are directed towards the goals and objectives of the department. | ☐ | ☐ | ☒ | | |

**Attitude and Cooperation Comments**
One of Sgt Fernandes' chief attribute is his abilty to interact with the public in general, but more specifically at crime watch meetings.

| 3.  Professionalism | E | AA | MS | RI | NA |
|---|---|---|---|---|---|
| 3.1. Employee acts as a positive role model and demonstrates the ability to lead peers and public by example. | ☐ | ☒ | ☐ | ☐ | ☐ |
| 3.2. Employee possesses integrity and demonstrates ethical awareness. | ☐ | ☒ | ☐ | ☐ | ☐ |
| 3.3. Employee follows orders and instructions. | ☐ | ☒ | ☐ | ☐ | ☐ |
| 3.4. Employee performs his or her duties without close supervision. | ☐ | ☒ | ☐ | ☐ | ☐ |
| 3.5. Employee accepts feedback or criticism in a positive manner and applies it to improve performance. | ☐ | ☒ | ☐ | ☐ | ☐ |
| 3.6. Employee is reliable and punctual. | ☐ | ☒ | ☐ | ☐ | ☐ |

**Professionalism Comments**
Sgt Fernandes always performs his duties in the utmost professional manner and also has confidence in his decision

Fernandes, Richard,                    Employee Initial: _____                    Page 1 of 6

# PROVIDENCE POLICE DEPARTMENT
## SUPERVISOR PERFORMANCE EVALUATION

making to perform his job without close supervision.

| 4.   Knowledge and Application of Duties, Laws, Procedures, and Rules & Regulations. | E | AA | MS | RI | NA |
|---|---|---|---|---|---|
| 4.1. Employee understands and complies with departmental rules, regulations, policies and procedures. | ☐ | ☐ | ☒ | ☐ | ☐ |
| 4.2. Employee possesses a good working knowledge of Municipal Violations, RI General Laws, Traffic Laws, and criminal procedure. | ☐ | ☐ | ☒ | ☐ | ☐ |
| 4.3. Employee applies above knowledge in the performance of his or her duties. | ☐ | ☐ | ☒ | ☐ | ☐ |

**Knowledge and Application Comments**

| 5.   Information Gathering Analysis | E | AA | MS | RI | NA |
|---|---|---|---|---|---|
| 5.1. Employee conducts effective interviews and interrogations. | ☐ | ☒ | ☐ | ☐ | ☐ |
| 5.2. Employee recognizes, identifies, and gathers pertinent facts. | ☐ | ☒ | ☐ | ☐ | ☐ |
| 5.3. Employee follows through on information gathered and utilizes proper available resources (e.g. Detective Bureau, Victim's Assistance, etc.). | ☐ | ☒ | ☐ | ☐ | ☐ |

**Information Gathering Analysis Comments**

Sgt Fernandes has always had the ability to conduct interviews in a quality manner which enable him to gather pertinent facts which enables him to relay the information to the proper bureaus.

| 6.   Communications (Radio and Computer) | E | AA | MS | RI | NA |
|---|---|---|---|---|---|
| 6.1. Employee utilizes proper codes and procedures regarding radio transmissions. | ☐ | ☐ | ☒ | ☐ | ☐ |
| 6.2. Employee monitors (listens and comprehends) radio transmissions. | ☐ | ☐ | ☒ | ☐ | ☐ |
| 6.3. Employee demonstrates good working knowledge of the Mobile Data Terminals and adheres to departmental guidelines regarding its use. | ☐ | ☐ | ☒ | ☐ | ☐ |

**Communications Comments**

| 7.   Patrol Management | E | AA | MS | RI | NA |
|---|---|---|---|---|---|
| 7.1. Employee efficiently manages uncommitted time. | ☐ | ☒ | ☐ | ☐ | ☐ |
| 7.2. Employee identifies and addresses problems and concerns in his or her patrol area. | ☐ | ☒ | ☐ | ☐ | ☐ |
| 7.3. Employee efficiently manages calls for services and prioritizes workload. | ☐ | ☒ | ☐ | ☐ | ☐ |

**Patrol Management Comments**

Sgt Fernandes utilizes his uncommitted time to solve crime related and traffic issues and supervises his personnel that they do the same.

| 8.   Situational Effectiveness and Reasoning Ability | E | AA | MS | RI | NA |
|---|---|---|---|---|---|
| 8.1. Employee performs effectively when faced with the added physical or mental stress of an emergency situation. | ☐ | ☒ | ☐ | ☐ | ☐ |
| 8.2. Employee mediates disputes effectively offering possible avenues of resolution in an effort to maintain order and bring about a satisfactory conclusion. | ☐ | ☒ | ☐ | ☐ | ☐ |

Fernandes, Richard,          Employee Initial:           Page 2 of 6

## PROVIDENCE POLICE DEPARTMENT
## SUPERVISOR PERFORMANCE EVALUATION

| | E | AA | MS | RI | NA |
|---|---|---|---|---|---|
| 8.3. Employee effectively takes command of a situation as appropriate (Verbal/Physical Skills/Tactics). | ☐ | ☒ | ☐ | ☐ | ☐ |
| 8.4. Employee exercises sound decisive judgment and accepts responsibility for his or her decisions. | ☐ | ☒ | ☐ | ☐ | ☐ |
| 8.5. Employee demonstrates ability to find a rule or concept which fits the situation. | ☐ | ☒ | ☐ | ☐ | ☐ |
| 8.6. Employee demonstrates ability to see relationships between apparently dissimilar incidents and draw logical conclusions. | ☐ | ☒ | ☐ | ☐ | ☐ |
| 8.7. Employee demonstrates ability to interpret, retain, and apply information received from victims, witnesses, and suspects. | ☐ | ☒ | ☐ | ☐ | ☐ |

**Situational Comments**

One of Sgt. Fernandes finest qualities is his ability to take control of a situation and come to the best conclusion by using his logic and knowledge.

| 9.   Safety Issues | E | AA | MS | RI | NA |
|---|---|---|---|---|---|
| 9.1. Employee uses caution when handling suspects or prisoners and follows safety procedures. | ☐ | ☐ | ☒ | ☐ | ☐ |
| 9.2. Employee follows acceptable officer safety practices in general. | ☐ | ☐ | ☒ | ☐ | ☐ |
| 9.3. Employee is aware of surroundings, direction of travel and has the ability to arrive at locations in a timely manner. | ☐ | ☐ | ☒ | ☐ | ☐ |
| 9.4. Employee maintains control of the vehicle, evaluates driving situations and reacts properly (i.e. defensive driving, follows rules of the road per policy, etc.). | ☐ | ☐ | ☒ | ☐ | ☐ |
| 9.5. Employee shows good judgment in use of lights and sirens and speed control. | ☐ | ☐ | ☒ | ☐ | ☐ |

**Safety Issues Comments**

| 10.  Key Elements of Job Performance | E | AA | MS | RI | NA |
|---|---|---|---|---|---|
| 10.1.    Personal appearance. | ☐ | ☒ | ☐ | ☐ | ☐ |
| 10.2.    Adherence to Uniform Standards. | ☐ | ☒ | ☐ | ☐ | ☐ |
| 10.3.    Attitude and cooperation. | ☐ | ☒ | ☐ | ☐ | ☐ |
| 10.4.    Professionalism | ☐ | ☒ | ☐ | ☐ | ☐ |
| 10.5.    Knowledge and application of duties, laws, procedures, rules and regulations. | ☐ | ☐ | ☒ | ☐ | ☐ |
| 10.6.    Reporting: Information gathering, written reports and forms. | ☐ | ☒ | ☐ | ☐ | ☐ |
| 10.7.    Reporting: Timeliness of report submission. | ☐ | ☒ | ☐ | ☐ | ☐ |
| 10.8.    Communications: Radio & Computer. | ☐ | ☐ | ☒ | ☐ | ☐ |
| 10.9.    Patrol management. | ☐ | ☒ | ☐ | ☐ | ☐ |
| 10.10.   Situational effectiveness, reasoning and decision-making ability. | ☐ | ☒ | ☐ | ☐ | ☐ |
| 10.11.   Safety issues. | ☐ | ☐ | ☒ | ☐ | ☐ |

Fernandes, Richard,          Employee Initial:           Page 3 of 6

## PROVIDENCE POLICE DEPARTMENT
### SUPERVISOR PERFORMANCE EVALUATION

| 11. Supervisor Criteria | E | AA | MS | RI | NA |
|---|---|---|---|---|---|
| 11.1. Immediately and directly confronts inappropriate behavior in a fair and equitable manner. | ☐ | ☒ | ☐ | ☐ | ☐ |
| 11.2. Takes responsibility for his/her actions and will not distort issues for personal gain. | ☐ | ☒ | ☐ | ☐ | ☐ |
| 11.3. Deals fairly with all races, nationalities, cultures, disabilities, ages and gender. | ☐ | ☒ | ☐ | ☐ | ☐ |
| 11.4. Provides direction and stability in a crisis situation. | ☐ | ☒ | ☐ | ☐ | ☐ |
| 11.5. Makes good decisions based on analysis, experience, judgment, and common sense. | ☐ | ☒ | ☐ | ☐ | ☐ |
| 11.6. Sets reasonable goals and objectives which can be monitored and measured. | ☐ | ☐ | ☒ | ☐ | ☐ |
| 11.7. A good listener, easy to talk to, helpful and patient when working with subordinates. | ☐ | ☒ | ☐ | ☐ | ☐ |
| 11.8. Trusts, empowers others, and creates an environment in which subordinates want to perform at their best. | ☒ | ☐ | ☐ | ☐ | ☐ |
| 11.9. Explains reasons for key decisions, practices, and procedures. | ☐ | ☒ | ☐ | ☐ | ☐ |
| 11.10. Utilizes subordinate's strengths, helps develop weaknesses, coaches, and provides guidance and instruction. | ☐ | ☒ | ☐ | ☐ | ☐ |
| 11.11. Completes performance evaluations impartially and in a timely manner. | ☐ | ☒ | ☐ | ☐ | ☐ |
| 11.12. Number of sick days used | 0 | | | | |
| 11.13. Number of complaints | 1 | | | | |
| 11.14. Number of commendations | | | | | |
| Supervisor Criteria Comments | | | | | |

| Overall Supervisory Performance Rating | E | AA | MS | RI |
|---|---|---|---|---|
| | ☐ | ☒ | ☐ | ☐ |

**Overall Supervisory Performance Rating Comments (include remarks not stated elsewhere)**

Sgt Fernandes is an 18 year veteran with the last 5 years as the out first D-6 sergeant.  Rick is able to take instructions from his supervisor and at the same time, is able to give instructions/orders to his subordinates and follows up those orders to ensure that they are completed.  Sgt. Fernandes is enthusiastic about performing his duties and always is aware how the dept would be regarded when making decisions.

**Future Performance Targets**

Fernandes, Richard,          Employee Initial:           Page 4 of 6

## PROVIDENCE POLICE DEPARTMENT
### SUPERVISOR PERFORMANCE EVALUATION

**Employee and Supervisory Review**

I have read this performance appraisal and have had the opportunity to discuss my work with my supervisor.  I realize that my signature on this form does not necessarily mean that I agree with this evaluation.  I may submit a written appeal about this evaluation to the Commanding Officer within ten (10) days of this date for inclusion in my personnel jacket.

☑ I accept this evaluation.

☐ I do not concur with this evaluation.

☐ I formally appeal this evaluation.

| Employee Signature | Date Signed |
|---|---|
| | 1/23/12 |

| Evaluating Supervisor - Print Name | Signature | Date Signed |
|---|---|---|
| Lt Patrick G Reddy | Lt Patrick G Reddy | 1/23/12 |

| Reviewing Supervisor - Print Name | Signature | Date Signed |
|---|---|---|
| Capt. WILLIAM T. CAMPBELL | William T Campbell | 1-25-12 |

**Appeal**

| Appeal Decision (Explain amended ratings.) | ☐ Appeal Approved | | |
|---|---|---|---|
| | ☐ Appeal Denied | | |
| Appeal Decision Notification | ☐ Employee Notified | Date Notified: | |
| | ☐ Evaluating Supervisor Notified | Date Notified: | |

Details of review and actions taken.  Explanation for amended ratings.  Use reverse side if necessary

**Command Staff Review**

| Signature | Date Signed |
|---|---|
| | |

Fernandes, Richard,                 Employee Initial: _____                 Page 5 of 6

## PROVIDENCE POLICE DEPARTMENT
### SUPERVISOR PERFORMANCE EVALUATION

This evaluation will be reviewed with the employee by his or her immediate supervisor. All supervisors in the chain of command will review the appraisals and comment if appropriate. The evaluation will be maintained in the command level personnel file and as directed by the Chief of Police. The Performance Evaluation will be used as an important factor in making discretionary personnel decisions and assignments.

Performance evaluations will be done on an ongoing dynamic basis. A formal evaluation, however, will be completed every six months. This time period will allow for an up-to-date and accurate evaluation process.

APPEAL PROCESS

1.   The purpose of an evaluation process is to allow an employee of the Department to appeal his or her evaluation.
2.   The employee has ten (10) days to submit a performance evaluation appeal form to the Chief of Police, through his or her chain-of-command, that includes the reasons for and details of his or her disagreement with the evaluation.
3.   The Chief of Police, or his designee, will investigate the appeal, reviewing documentation and conducting interviews where necessary.
4.   A decision will be rendered and communicated to the parties involved in the appeal in writing within thirty (30) days. The decision will become a part of the employee's personnel record.

PERFORMANCE STANDARDS

1.   Exceptional
     1.1.   Level of performance rarely achieved by others. Assignments and responsibilities are being accomplished at the highest possible level of performance. Employee is producing results exceptionally above the normal expectations of the job.
2.   Above Average
     2.1.   Consistently exceeds job requirements with above average quality and quantity. Assignments and responsibilities are being accomplished in a highly effective manner, with only general guidance. Employee is producing results above the normal expectations of the job.
3.   Meets Standard
     3.1.   Performs all aspects of the job and consistently meets job requirements. Assignments and responsibilities are accomplished effectively with normal supervision and direction. Employee is producing results at the normal expectations of the job.
4.   Requires Improvement
     4.1.   Unable to meet job requirements. Performs below standards. Assignments and responsibilities are not accomplished at an acceptable level of quality or quantity. Employee requires close supervision and direction. Employee producing inadequate results which requires immediate attention.

Fernandes, Richard,          Employee Initial:                          Page 6 of 6

Confidential

# 13

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

MARK MANCINI,                             :
    Plaintiff                        :
                                           :
                                           :
      v.                           :        C.A. No. 13-092-S-PAS
                                           :
CITY OF PROVIDENCE, By and Through Its :
Treasurer, James J. Lombardi, III, and    :
HUGH CLEMENTS, JR.,                        :
    Defendants                       :

PLAINTIFF'S FIRST SET OF INTERROGATORIES
TO DEFENDANT HUGH CLEMENTS, JR.

     Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiff Mark Mancini hereby submits Plaintiff's First Set of Interrogatories to Defendant Hugh Clements, Jr.. Plaintiff hereby requests that the Defendant Hugh Clements, Jr. answer under oath the following interrogatories within thirty (30) days of the date of service. Responses are to be delivered to: Mark P. Gagliardi, Esq., LAW OFFICE OF MARK P. GAGLIARDI, LLC, 120 Wayland Avenue, Suite 7, Providence, Rhode Island 02906.

PRESERVATION OF RECORDS

     The service of these discovery requests shall serve as notice of the relevance of all records and documents referred to herein, and of all records and documents that may lead to the discovery of such documents. The Defendant is reminded of its duty to preserve all of such records and documents and to refrain from altering, destroying or disposing of them. In particular, with respect to information collected or recorded in electronic form, the Defendant is reminded that it should (a) refrain from recycling computer tapes or disks used for "back-up" purposes to the extent that such media relate to the periods stated in the various interrogatories made herein; (b) refrain from any activity that would alter or damage data on any computer systems, including deleting, de-fragmenting or compressing such data, (c) refrain from disposing of any electronic media; (d) refrain from saving new data to electronic media that already contains data described in this interrogatory; (e) refrain from installing new software or files on any media or machine that contains data described in these discovery requests.

## DEFINITIONS AND INSTRUCTIONS

1.    As used herein, the term "Defendant" means the Defendant Hugh Clements, Jr., his representatives, servants and/or any other person(s) acting or purporting to act on his behalf including without limitation any attorney employed or retained by it.

2.    As used herein, the terms "you," "your," and "yours" mean Defendant.

3.    As used herein, all words in the singular shall be construed also to include the plural and vice versa, and all words in either the masculine, feminine or neuter shall be construed to include the other genders.

4.    As used herein, the words "and" and "or" shall be construed conjunctively, disjunctively or both as necessary to give the particular request, interrogatory, or answer the broadest and most inclusive scope.

5.    Unless otherwise specified each request and interrogatory shall cover the time period from the commencement of Plaintiff's employment in or about 1994 to the present.

6.    As used herein, the term "person" or "individual" means any natural person, corporation, partnership, unincorporated association, government, government agency, firm, trust, group, or any other entity.

7.    As used herein, the term "employee" means any current or former employee of any of the Defendants, including but not limited to employees who are members of a bargaining unit, non-management employees, supervisory employees, professional employees, or any other person employed by any of the Defendants.

8.    As used herein, the term "concern" or "concerning" or the phrase "relating to" shall mean and include pertaining to, referring to, alluding to, connected with, commenting on, regarding, comprising, discussing, showing, describing, mentioning, memorializing, reflecting, analyzing, constituting, evidencing, illustrating, depicting, summarizing, reporting, supporting, contradicting or rebutting, directly or indirectly.

9.    The word "document" as used herein means the original or any copy of any notes, correspondence, memoranda (including written memoranda of telephone conversations, other communications, discussions, agreements and any other acts, transactions or activities), invoices, time sheets, expense vouchers, contracts, agreements, drafts, pamphlets, audits, journals, diaries, calendars, bill of sale, purchase order, ledgers, canceled checks, deposit slips, budgets, receipts, books of account,

order forms, records, requisitions, drawings, specifications, sound recordings, video recordings, transcripts, computer-stored data or data bases and computer drawings, printouts, or any document such as a code for a computer run or printout and any other retrievable computer data in your possession, any other written matter of any kind, including but not limited to any marginal comments appearing on any documents, draft versions, or any other writing.

10.     The word "communication" as used herein means any oral or written transmittal of information, or request for information, made from one person to another person, whether made in person, by telephone or by any other means and includes any documents made only for the purpose of recording a communication, an idea, statement, opinion or belief.

11.     As used herein, the term "oral communication" means any conversation, telephone conversation, statement, discussion, debate, interview, argument, disclosure, consultation, meeting, and any other manner of oral utterance.

12.     As used herein, the term "correspondence" means any document sent or delivered by one of more persons to one or more persons.

13.     As used herein, the term "identify" means, with respect to a natural person, set forth (a) his/her full name; (b) his/her present or last known business and residence addresses; (c) present or last known business, cellular and home telephone numbers; (d) e-mail address; (e) his/her employer; and (f) the relationship or position (or positions) held with that employer.

14.     As used herein, the term "identify" means, with respect to a corporation, partnership, business trust, or other association or business entity, set forth (a) its full name; (b) its address; (c) telephone number; (d) website; and (e) its state of incorporation, if any.

15.     As used herein, the term "identify" means, with respect to correspondence or communication, set forth (a) the customary business description of the document or communication; (b) its number, if any; (c) its date; (d) the identity of the addressor(s) or author(s) of the document or communication; (e) the identity of the addressee(s) or recipient(s) of the document or communication; (f) the identity of all persons other than Defendant who possess, control, or have custody of each document; and (g) a brief description of the substance of each document or communication.

16.     To "identify" an act, occurrence, happening or event is to provide a complete description of the act, occurrence, happening or event sufficient to distinguish it from

all other acts, occurrences, happenings or events and further is to state (a) the person or persons performing the act or involved in the occurrence, happening or event; (b) the date on which the act, occurrence, happening or event took place; (c) the duration of the act, occurrence, happening or event; (d) the place at which the act, occurrence, happening or event took place, and (e) the identity of any and all witnesses to the act, occurrence, happening or event.

17.    If any of these interrogatories cannot be answered or responded to in part or in full, then you should (a) answer or respond to the extent possible; (b) specify each reason for your inability to answer or respond to the interrogatory or request or portion thereof; and (c) state whatever information or knowledge you have concerning the unanswered portion.  If and only if a specific response is not possible, then provide a general response which is as specific as possible.

18.    In the event that it is claimed that any document responsive to any request is privileged, each privileged document should be fully identified in writing, except that the substance thereof need not be described to the extent it is claimed to be privileged.  To "identify" a document means to provide a description sufficient to identify that document for purposes of a subpoena duces tecum and is further to state:

  a.    the date on which the document was prepared;
  b.    the author or authors of the document;
  c.    the addressees of the document, if any;
  d.    the title of the document, if any; and
  e.    the substance thereof to the extent not privileged.

19.    In answering each interrogatory, furnish all information available to you, regardless of whether it is based on personal knowledge, business records, oral communications, hearsay, or any other source.

20.    These interrogatories are continuing and require supplemental response.  If any answer is not presently known or available, include a statement to that effect and furnish the answer when known or available, unless otherwise agreed to by counsel. Such supplemental responses are to be served upon Plaintiff within 30 days of receipt of such information.

## INTERROGATORIES

**INTERROGATORY NO. 1:**   Fully describe the reason(s) behind and the circumstances of the decision to award Plaintiff zero ("0") "Chief Points" or "Service Points" on the June 16, 2012 Lieutenants' Promotional Examination and include:

a.   each and every reason why Defendant made the decision;

b.   the criteria, policy or rule relied upon by Defendant in making the decision;

c.   every fact that Defendant relied upon when making the decision;

d.   every individual with knowledge of the fact(s) which were relied by Defendant in making its decision;

e.   all documents that were consulted by Defendant in making its decision;

f.   any inquiry, communication or investigation, that was conducted by Defendant for the purpose of arriving at its decision;

g.   each and every individual who participated in any way in the decision-making process;

h.   the role each identified individual had in the Defendant's decision;

i.   the date on which the decision was made; and

j.   the individual(s) with final authority to make the decision.

Respectfully submitted,

PLAINTIFF
MARK MANCINI
By His Attorney,

Mark P. Gagliardi (#6819)
LAW OFFICE OF MARK P. GAGLIARDI, LLC
120 Wayland Avenue, Suite 7
Providence, RI 02906
401.277.2030
401.277.2021 (fax)
mark@gagliardilaw.net

Dated: 9/30/14

## CERTIFICATION

I hereby certify that on this 30th day of September, 2014, I caused a true and accurate copy of the foregoing interrogatories to be sent via electronic mail and first class regular mail, postage prepaid to the following counsel-of-record:

Kevin F. McHugh
Senior Assistant City Solicitor
City of Providence Solicitor's Office
444 Westminster Street, Suite 220
Providence, RI 02903
kmchugh@providenceri.com

Kathryn M. Sabatini
Assistant City Solicitor
City of Providence Solicitor's Office
444 Westminster Street, Suite 220
Providence, RI 02903
ksabatini@providenceri.com

Mark P. Gagliardi

-6-

# 14

Confidential

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF RHODE ISLAND

MARK MANCINI,
    Plaintiff

      v.                            C. A. No. 13-092-S-PAS

CITY OF PROVIDENCE, By and Through Its
Treasurer, James J. Lombardi, III, and
HUGH CLEMENTS, JR.,
    Defendants

## DEFENDANT CITY OF PROVIDENCE ANSWER TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

As City Treasurer, I am often a named defendant in litigation involving the City of Providence and as such, information is compiled by various other employees and/or directors of the City and submitted to the City Solicitor, his deputy, assistants, designees and/or assigns, to be collated and presented in a narrative form for my signature. Said answers to interrogatories, responses to requests for production, responses to requests for admissions, etc. are not provided by me unless they refer to items of a personal nature or involve the Department of the City Treasurer or my own personal knowledge.

**INTERROGATORY NO. 1:** State the full name, residential and business address, employer, and title of the person executing the responses to these interrogatories. Please set forth the capacity in which such person responds to these interrogatories.

ANSWER: James J. Lombardi, III, 25 Dorrance Street, Providence, Rhode Island, 02903, Treasurer for the City of Providence. I am responding to these interrogatories in my capacity as the Treasurer for the City of Providence.

**INTERROGATORY NO. 2:** Identify each and every person who was consulted, conferred, interviewed, or who otherwise provided information in connection with the preparation of the response to these interrogatories. Provide the full name, residential and business addresses, telephone numbers, e-mail addresses, and job title for each identified person, and the substance of the information you know or believe that each such person has.

ANSWER: The following is a list of each and every person who was consulted, conferred, interviewed or who otherwise provided information in connection with the preparation of the responses to these interrogatories:

- Sgt. Pasquale Granata at the City of Providence – Police Department – Director, Human Resources Bureau, 325 Washington Street, Providence, RI, 02903, (401)-243-6411,

1

Pgranata@providenceri.com. This person provided copies of documents responsive to plaintiff's request for production;

- City of Providence Retirement Board – Employees' Retirement System, 25 Dorrance Street, Providence, RI, 02903, Tel., 401-421-7740. This department provided copies of documents responsive to plaintiff's request for production; and,
- City of Providence – Office of the City Clerk, 25 Dorrance Street, Providence, RI, 02903, Tel., (401)-421-7740. This department provided documents responsive to plaintiff's request for production.

**INTERROGATORY NO. 3:** From June 16, 2012 to the present, state in detail the salary or hourly rate, whichever is applicable, and any other benefits the Plaintiff would have received (including health, life and/or disability insurance, retirement, pension, seniority, benefits, 401k match, etc.) had Defendant promoted him to the position of Lieutenant at any time following the June 16, 2012 Lieutenants' Promotional Examination.

ANSWER: Information pertaining to salary and hourly rates is contained in payroll documents based on Collective Bargaining Agreements, copies of which have been provided in Defendant's Response to Request for Production No. 28. Salary and benefits are also described in the 2006-2007 and 2007-2015 Collective Bargaining Agreements. Copies of the Collective Bargaining Agreements are contained in Defendant's Response to Request for Production No. 18.

**INTERROGATORY NO. 4:** Identify each and every individual that you believe has knowledge of facts relating to this case, including, without limitations, the allegations in the Complaint and/or the denials in the Answer, and further provide Defendant's understanding of its knowledge. Include in your response:

    a.  name;
    b.  business address and telephone number;
    c.  residential address and telephone number;
    d.  e-mail addresses;
    e.  the information of which you believe each individual has knowledge; and
    f.  the lawyer who represents each such individual, if any.

ANSWER: The individuals that I believe have knowledge of facts relating to this case are the following, who are represented by the City Solicitor:

- Sgt. Pasquale Granata, Providence Police Department – Human Resources, 325 Washington Street, Providence, RI, 02903, (401)-243-6411, information pertaining to Injury on Duty claim and Accidental Disability application;
- Chief Hugh T. Clements, Providence Police Department 325 Washington Street, Providence, RI 02903 (401)-272-3121, information pertaining to the award of service points;
- City of Providence Retirement Board – Employees' Retirement System, 25 Dorrance Street, Providence, RI, 02903, Tel., 401-421-7740, information pertaining to the accidental disability application.

2

**INTERROGATORY NO. 5:**  From November 15, 2010 to the present, identify all communications from, to or with an agent, contractor or employee of Defendant concerning the allegations in the Complaint and/or the denials in the Answer.

ANSWER:  The City is unable to provide an answer to this interrogatory due to its vague form and broad scope.

**INTERROGATORY NO. 6:**  Identify whether you have obtained a statement from any person concerning the incidents alleged in Plaintiff's Complaint or Defendant's Answer or defenses.  If so, please state:

    a. The name and address of the person who gave the statement, and the date said statement was obtained;
    b. Whether the statement was oral or written;
    c. The name and address of the person to whom the statement was made;
    d. The nature and description of the substance of each such statement;
    e. Any claim of privilege.

ANSWER: At this time the City has not obtained a statement from any person in regards to this case. If and when the City does take statements, the City will supplement its response to this interrogatory.

**INTERROGATORY NO. 7:**  State each and every fact supporting the Defendant's contention, if it so contends, the Plaintiff performed any of Plaintiff's jobs or positions with Defendant in an unsatisfactory manner.  In response to this interrogatory, provide a description of all instances in which Plaintiff performed in an unsatisfactory manner, including

    a. a description of the instance;
    b. the date of the instance;
    c. the time and location that the instance took place;
    d. a full identification, including last known addresses and telephone numbers, of all individuals who witnessed each instance; and
    e. an identification of any document(s) relating to or describing the instance.

ANSWER: On September 25, 2000 Sergeant Robert A. Bennett recommended that Plaintiff be charged with a violation of Part II Section 200.5 and 200.13 of the regulations governing the Providence Police Department. The recommendation of these charges resulted from allegations that the Plaintiff had engaged in an inappropriate sexual encounter in a community police office. Plaintiff received a written warning from Sergeant Lewis Perotti on April 14, 2000. This warning reprimanded Plaintiff for trading assigned details in excess of three times in a six week period. On July 2, 1997 The Accident Review board determined that Plaintiff was involved in a collision that was preventable. Plaintiff was grounded for three tours of duty as a result of this incident. The last known address of any witness to these incidents is the Providence Police Department 325 Washington Street, Providence, Rhode Island 02903 (401)-272-3121. Documents relating to these incidents are contained in Defendant's Response to Request for Production No. 10, which is Plaintiff's Personnel File.

**INTERROGATORY NO. 8:**  During Plaintiff's entire employment with Defendant, identify each and every communication and document relating to Plaintiff's qualifications and/or job performance, including without limitation:

    a.  whether Plaintiff was able or qualified to perform Plaintiff's job,
    b.  whether Plaintiff had been satisfying the requirements of Plaintiff's job,
    c.  whether Plaintiff had been or should be warned, counseled, reprimanded, disciplined, or terminated,
    d.  whether Plaintiff has violated any rule or procedure relating to Plaintiff's employment;
    e.  whether Plaintiff ever performed any of Plaintiff's job functions in an unsatisfactory manner.

ANSWER:  Documents relating to Plaintiff's qualifications and/or job performance are contained in Defendant's Responses to Requests for Production No. 10 and No. 23.

**INTERROGATORY NO. 9:**  Identify each and every policy, procedure or protocol of Defendants concerning the manner and/or method for promoting employees from the position of Sergeant to Lieutenant.  Further identify the dates when each such policy was in effect.

ANSWER: The promotional procedures are set forth in Article IV of the 2006-2007 Collective Bargaining Agreement. A copy of the Collective Bargaining Agreement is contained in Defendant's Response to Request for Production No. 18.

**INTERROGATORY NO. 10:**  Identify each and every policy procedure or protocol of Defendants concerning the manner and/or method for promoting employees from the position of Patrolmen to Sergeant.  Further identify the dates when each such policy was in effect.

ANSWER: The promotional procedures are set forth in Article IV of the 2006-2007 Collective Bargaining Agreement. A copy of the Collective Bargaining Agreement is contained in Defendant's Response to Request for Production No. 18.

**INTERROGATORY NO. 11:**  Fully describe the reason(s) behind and the circumstances of the decision to award Plaintiff zero ("0") "chief Points" or "Service Points" on the June 16, 2012 Lieutenants' Promotional Examination and include:

    a.  each and every reason why Defendant made the decision;
    b.  the criteria, policy or rule relied upon by Defendant in making the decision;
    c.  every fact that Defendant relied upon when making the decision;
    d.  every individual with knowledge of the fact(s) which were relied by Defendant in making its decision;
    e.  all documents that were consulted by Defendant in making its decision;
    f.  any inquiry, communication or investigation, that was conducted by Defendant for the purpose of arriving at its decision;
    g.  each and every individual who participated in any way in the decision-making process;
    h.  the role each identified individual had in the Defendant's decision;

4

i.  the date on which the decision was made; and
j.  the individual(s) with final authority to make the decision.

ANSWER: In accordance with Section IV of the 2006-2007 Collective Bargaining Agreement, Chief's Points are awarded based on the Police Chief's sole discretion. Based on his sole discretion, Police Chief Hugh T. Clements made the decision to give the Plaintiff zero Chief's Points.

**INTERROGATORY NO. 12:** For the June 16, 2012 Lieutenants' Promotional Examination, identify:

a.  the order the candidates were ranked;
b.  the criteria by which they were ranked;
c.  the identity of those who participated in the ranking;
d.  the date such ranking took place;
e.  any document that indicates the ranking, and
f.  all subsidiary documents utilized in the creation of the ranking

ANSWER:

a.  The order the candidates were ranked is set forth in Memorandum No. 15, Series of 2012, a copy of which is contained in Defendant's Response to Request for Production No. 21;
b.  the criteria by which they were ranked are set forth in Article IV of the 2006-2007 Collective Bargaining Agreement. A copy of the Collective Bargaining Agreement is contained in Defendant's Response to Request for Production No. 18;
c.  Based on his sole discretion, Police Chief Hugh T. Clements awarded service points;
d.  Memorandum No. 15, Series of 2012 was issued on July 6, 2012;
e.  Memorandum No. 15, Series of 2012, a copy of which is contained in Defendant's Response to Request for Production No. 21; and
f.  The exam, the exam scores, and relevant documents from the officers' personnel files.

**INTERROGATORY NO. 13:** Describe the circumstances of Defendant's investigation(s) of complaints or allegations raised by Plaintiff in the grievance filed with the Fraternal Order of Police, the Charge of Discrimination filed in the Rhode Island Commission for Human Rights, and the Complaint, including any and all actions taken by Defendant to investigate the complaints or allegation identified by Plaintiff, including, without limitation:

a.  identify each complaint or allegation expressed by Plaintiff;
b.  whether an investigation took place;
c.  identify each person who investigated such complaint or allegation;
d.  identify what each such person did to investigate such complaint or allegation, and the date of each action to further the investigation;
e.  identify the witnesses or potential witnesses interviewed by each such person, and the date of each interview;
f.  identify the entirety of what each witness or potential witness (including Plaintiff) said at such interview;

5

g.  identify whether notes or other documentation was generated in the course of the investigation, and identify such notes or other documentation;
h.  identify all documents reviewed in the course of the investigation;
i.  identify all documents generated in the course of the investigation;
j.  identify the results, or conclusion of such investigation;
k.  identify who determined the results of the investigation;
l.  identify who reviewed the results of such investigation;
m.  identify any warnings or discipline that was given out as a result of such investigation, or any other outcome of the investigation.

ANSWER:  None to my knowledge.

James J. Lombardi, III, in his capacity as
Treasurer for the City of Providence

STATE OF RHODE ISLAND
PROVIDENCE, SC.

Subscribed and sworn to before me in Providence on this 12TH day of August 2014.

Notary Public
My Commission Expires: October 5, 2017

## CERTIFICATION

I hereby certify that on this 4th September of August 2014, I mailed a true copy of the within to the Attorney of Record listed below:

Mark P. Gagliardi, Esq.
Law Office of Mark P. Gagliardi, LLC
120 Wayland Avenue, Suite 7
Providence, RI  02906

6

Confidential

**15**

PROVIDENCE POLICE DEPARTMENT
HEADQUARTERS
Colonel Dean M. Esserman
CHIEF OF POLICE

| TYPE OF ORDER | NUMBER/SERIES | ISSUE DATE | EFFECTIVE DATE |
|---|---|---|---|
| Personnel Order | #41 Series 2008 | 06-30-2008 | 06-30-2008 |
| **SUBJECT TITLE** | | **PREVIOUSLY ISSUED DATES** | |
| Re-Assignments | | | |
| **REFERENCE** | | **RE-EVALUATION DATE** | |
| Homeland Security Division | | | |
| **SUBJECT AREA** | | **DISTRIBUTION** | |
| Sergeant Kenneth Vinacco; Sergeant Mark Mancini | | All Personnel | |

**SERGEANT KENNETH VINACCO,** Training Academy, Homeland Security & Training Division, is relieved of his assignment and is **ASSIGNED** to the **Homeland Security Unit, Homeland Security & Training Division,** Days.   He shall assume the supervisory responsibilities in the Homeland Security Unit.  This is a 9% position.

**SERGEANT MARK MANCINI,** Homeland Security Unit, Homeland Security &Training Division, is relieved of his assignment and is **ASSIGNED** to the **Training Academy, Homeland Security & Training Division,** Days.   He shall assume supervisory responsibilities within the Training Division and shall act as the liaison with the State Fusion Center.  This is a 9% position.

APPROVED:

DEAN M. ESSERMAN
COLONEL
CHIEF OF POLICE

# 16

PROVIDENCE POLICE DEPARTMENT
SUPERVISOR PERFORMANCE EVALUATION

| Last Name | First Name | Middle Initial | Rank |
|---|---|---|---|
| Mancini | Mark | | Sergeant |

| Employee # | Assignment | Appraisal Period | | Appraisal Date |
|---|---|---|---|---|
| | Patrol Division | From: 1-1-11 | To: 12-31-11 | 2-26-12 |

| Scoring Legend | | | | |
|---|---|---|---|---|
| E | AA | MS | RI | NA |
| Exceptional | Above Average | Meets Standard | Requires Improvement | Not Applicable |

| 1. Personal Appearance, Equipment Maintenance and Use. | E | AA | MS | RI | NA |
|---|---|---|---|---|---|
| 1.1. Employee's uniform and appearance complies with department standards. | ☐ | ☐ | ☐ | ☐ | ☒ |
| 1.2. Employee's physical fitness is consistent with requirements of his or her assigned duties. | ☐ | ☐ | ☐ | ☐ | ☒ |
| 1.3. Employee properly uses and maintains departmental equipment. | ☐ | ☐ | ☐ | ☐ | ☒ |
| Personal Appearance, Equipment Maintenance and Use Comments | | | | | |

| 2. Attitude and Cooperation | E | AA | MS | RI | NA |
|---|---|---|---|---|---|
| 2.1. Employee displays a positive attitude when interacting with other department employees. | ☐ | ☐ | ☐ | ☐ | ☒ |
| 2.2. Employee works effectively in a team-oriented environment. | ☐ | ☐ | ☐ | ☐ | ☒ |
| 2.3. Employee is cooperative in dealings with other departments. | ☐ | ☐ | ☐ | ☐ | ☒ |
| 2.4. Employee communicates with the public in a cooperative and tactful manner. | ☐ | ☐ | ☐ | ☐ | ☒ |
| 2.5. Employee effectively interacts with ethic groups and alternative lifestyles other than his or her own. | ☐ | ☐ | ☐ | ☐ | ☒ |
| 2.6. Employee's actions and efforts are directed towards the goals and objectives of the department. | ☐ | ☐ | ☐ | ☐ | ☒ |
| Attitude and Cooperation Comments | | | | | |

| 3. Professionalism | E | AA | MS | RI | NA |
|---|---|---|---|---|---|
| 3.1. Employee acts as a positive role model and demonstrates the ability to lead peers and public by example. | ☐ | ☐ | ☐ | ☐ | ☒ |
| 3.2. Employee possesses integrity and demonstrates ethical awareness. | ☐ | ☐ | ☐ | ☐ | ☒ |
| 3.3. Employee follows orders and instructions. | ☐ | ☐ | ☐ | ☐ | ☒ |
| 3.4. Employee performs his or her duties without close supervision. | ☐ | ☐ | ☐ | ☐ | ☒ |
| 3.5. Employee accepts feedback or criticism in a positive manner and applies it to improve performance. | ☐ | ☐ | ☐ | ☐ | ☒ |
| 3.6. Employee is reliable and punctual. | ☐ | ☐ | ☐ | ☐ | ☒ |
| Professionalism Comments | | | | | |

PROVIDENCE POLICE DEPARTMENT
SUPERVISOR PERFORMANCE EVALUATION

| 4.   Knowledge and Application of Duties, Laws, Procedures, and Rules & Regulations. | E | AA | MS | RI | NA |
|---|---|---|---|---|---|
| 4.1. Employee understands and complies with departmental rules, regulations, policies and procedures. | ☐ | ☐ | ☐ | ☐ | ☒ |
| 4.2. Employee possesses a good working knowledge of Municipal Violations, RI General Laws, Traffic Laws, and criminal procedure. | ☐ | ☐ | ☐ | ☐ | ☒ |
| 4.3. Employee applies above knowledge in the performance of his or her duties. | ☐ | ☐ | ☐ | ☐ | ☒ |
| Knowledge and Application Comments | | | | | |

| 5.   Information Gathering Analysis | E | AA | MS | RI | NA |
|---|---|---|---|---|---|
| 5.1. Employee conducts effective interviews and interrogations. | ☐ | ☐ | ☐ | ☐ | ☒ |
| 5.2. Employee recognizes, identifies, and gathers pertinent facts. | ☐ | ☐ | ☐ | ☐ | ☒ |
| 5.3. Employee follows through on information gathered and utilizes proper available resources (e.g. Detective Bureau, Victim's Assistance, etc.). | ☐ | ☐ | ☐ | ☐ | ☒ |
| Information Gathering Analysis Comments | | | | | |

| 6.   Communications (Radio and Computer) | E | AA | MS | RI | NA |
|---|---|---|---|---|---|
| 6.1. Employee utilizes proper codes and procedures regarding radio transmissions. | ☐ | ☐ | ☐ | ☐ | ☒ |
| 6.2. Employee monitors (listens and comprehends) radio transmissions. | ☐ | ☐ | ☐ | ☐ | ☒ |
| 6.3. Employee demonstrates good working knowledge of the Mobile Data Terminals and adheres to departmental guidelines regarding its use. | ☐ | ☐ | ☐ | ☐ | ☒ |
| Communications Comments | | | | | |

| 7.   Patrol Management | E | AA | MS | RI | NA |
|---|---|---|---|---|---|
| 7.1. Employee efficiently manages uncommitted time. | ☐ | ☐ | ☐ | ☐ | ☒ |
| 7.2. Employee identifies and addresses problems and concerns in his or her patrol area. | ☐ | ☐ | ☐ | ☐ | ☒ |
| 7.3. Employee efficiently manages calls for services and prioritizes workload. | ☐ | ☐ | ☐ | ☐ | ☒ |
| Patrol Management Comments | | | | | |

| 8.   Situational Effectiveness and Reasoning Ability | E | AA | MS | RI | NA |
|---|---|---|---|---|---|
| 8.1. Employee performs effectively when faced with the added physical or mental stress of an emergency situation. | ☐ | ☐ | ☐ | ☐ | ☒ |
| 8.2. Employee mediates disputes effectively offering possible avenues of resolution in an effort to maintain order and bring about a satisfactory conclusion. | ☐ | ☐ | ☐ | ☐ | ☒ |
| 8.3. Employee effectively takes command of a situation as appropriate (Verbal/Physical Skills/Tactics). | ☐ | ☐ | ☐ | ☐ | ☒ |
| 8.4. Employee exercises sound decisive judgment and accepts responsibility for his or her decisions. | ☐ | ☐ | ☐ | ☐ | ☒ |

Mancini, Mark,                    Employee Initial: _____                    Page 2 of 6

PROVIDENCE POLICE DEPARTMENT
SUPERVISOR PERFORMANCE EVALUATION

| | | | | | |
|---|---|---|---|---|---|
| 8.5. Employee demonstrates ability to find a rule or concept which fits the situation. | ☐ | ☐ | ☐ | ☐ | ☒ |
| 8.6. Employee demonstrates ability to see relationships between apparently dissimilar incidents and draw logical conclusions. | ☐ | ☐ | ☐ | ☐ | ☒ |
| 8.7. Employee demonstrates ability to interpret, retain, and apply information received from victims, witnesses, and suspects. | ☐ | ☐ | ☐ | ☐ | ☒ |
| **Situational Comments** | | | | | |

| 9.   Safety Issues | E | AA | MS | RI | NA |
|---|---|---|---|---|---|
| 9.1. Employee uses caution when handling suspects or prisoners and follows safety procedures. | ☐ | ☐ | ☐ | ☐ | ☒ |
| 9.2. Employee follows acceptable officer safety practices in general. | ☐ | ☐ | ☐ | ☐ | ☒ |
| 9.3. Employee is aware of surroundings, direction of travel and has the ability to arrive at locations in a timely manner. | ☐ | ☐ | ☐ | ☐ | ☒ |
| 9.4. Employee maintains control of the vehicle, evaluates driving situations and reacts properly (i.e. defensive driving, follows rules of the road per policy, etc.). | ☐ | ☐ | ☐ | ☐ | ☒ |
| 9.5. Employee shows good judgment in use of lights and sirens and speed control. | ☐ | ☐ | ☐ | ☐ | ☒ |
| **Safety Issues Comments** | | | | | |

| 10. Key Elements of Job Performance | E | AA | MS | RI | NA |
|---|---|---|---|---|---|
| 10.1.   Personal appearance. | ☐ | ☐ | ☐ | ☐ | ☒ |
| 10.2.   Adherence to Uniform Standards. | ☐ | ☐ | ☐ | ☐ | ☒ |
| 10.3.   Attitude and cooperation. | ☐ | ☐ | ☐ | ☐ | ☒ |
| 10.4.   Professionalism | ☐ | ☐ | ☐ | ☐ | ☒ |
| 10.5.   Knowledge and application of duties, laws, procedures, rules and regulations. | ☐ | ☐ | ☐ | ☐ | ☒ |
| 10.6.   Reporting: Information gathering, written reports and forms. | ☐ | ☐ | ☐ | ☐ | ☒ |
| 10.7.   Reporting: Timeliness of report submission. | ☐ | ☐ | ☐ | ☐ | ☒ |
| 10.8.   Communications: Radio & Computer. | ☐ | ☐ | ☐ | ☐ | ☒ |
| 10.9.   Patrol management. | ☐ | ☐ | ☐ | ☐ | ☒ |
| 10.10.  Situational effectiveness, reasoning and decision-making ability. | ☐ | ☐ | ☐ | ☐ | ☒ |
| 10.11.  Safety issues. | ☐ | ☐ | ☐ | ☐ | ☒ |

| 11. Supervisor Criteria | E | AA | MS | RI | NA |
|---|---|---|---|---|---|
| 11.1.   Immediately and directly confronts inappropriate behavior in a fair and equitable manner. | ☐ | ☐ | ☐ | ☐ | ☒ |
| 11.2.   Takes responsibility for his/her actions and will not distort issues for personal gain. | ☐ | ☐ | ☐ | ☐ | ☒ |

PROVIDENCE POLICE DEPARTMENT
SUPERVISOR PERFORMANCE EVALUATION

| | | | | | | |
|---|---|---|---|---|---|---|
| 11.3. | Deals fairly with all races, nationalities, cultures, disabilities, ages and gender. | ☐ | ☐ | ☐ | ☐ | ☒ |
| 11.4. | Provides direction and stability in a crisis situation. | ☐ | ☐ | ☐ | ☐ | ☒ |
| 11.5. | Makes good decisions based on analysis, experience, judgment, and common sense. | ☐ | ☐ | ☐ | ☐ | ☒ |
| 11.6. | Sets reasonable goals and objectives which can be monitored and measured. | ☐ | ☐ | ☐ | ☐ | ☒ |
| 11.7. | A good listener, easy to talk to, helpful and patient when working with subordinates. | ☐ | ☐ | ☐ | ☐ | ☒ |
| 11.8. | Trusts, empowers others, and creates an environment in which subordinates want to perform at their best. | ☐ | ☐ | ☐ | ☐ | ☒ |
| 11.9. | Explains reasons for key decisions, practices, and procedures. | ☐ | ☐ | ☐ | ☐ | ☒ |
| 11.10. | Utilizes subordinate's strengths, helps develop weaknesses, coaches, and provides guidance and instruction. | ☐ | ☐ | ☐ | ☐ | ☒ |
| 11.11. | Completes performance evaluations impartially and in a timely manner. | ☐ | ☐ | ☐ | ☐ | ☒ |
| 11.12. | Number of sick days used | 0 | | | | |
| 11.13. | Number of complaints | 0 | | | | |
| 11.14. | Number of commendations | 0 | | | | |

**Supervisor Criteria Comments**

| | E | AA | MS | RI |
|---|---|---|---|---|
| **Overall Supervisory Performance Rating** | ☐ | ☐ | ☐ | ☐ |

**Overall Supervisory Performance Rating Comments (include remarks not stated elsewhere)**

Sgt. Mancini was IOD for calendar year 2011

**Future Performance Targets**

PROVIDENCE POLICE DEPARTMENT
SUPERVISOR PERFORMANCE EVALUATION

**Employee and Supervisory Review**

I have read this performance appraisal and have had the opportunity to discuss my work with my supervisor.  I realize that my signature on this form does not necessarily mean that I agree with this evaluation.  I may submit a written appeal about this evaluation to the Commanding Officer within ten (10) days of this date for inclusion in my personnel jacket.

☐ I accept this evaluation.

☐ I do not concur with this evaluation.

☐ I formally appeal this evaluation.

| Employee Signature | Date Signed |
|---|---|
|  |  |

| Evaluating Supervisor - Print Name | Signature | Date Signed |
|---|---|---|
|  |  |  |

| Reviewing Supervisor - Print Name | Signature | Date Signed |
|---|---|---|
|  |  |  |

**Appeal**

| Appeal Decision (Explain amended ratings.) | ☐ Appeal Approved | | |
|---|---|---|---|
|  | ☐ Appeal Denied | | |
| Appeal Decision Notification | ☐ Employee Notified | Date Notified: | |
|  | ☐ Evaluating Supervisor Notified | Date Notified: | |

Details of review and actions taken.  Explanation for amended ratings.  Use reverse side if necessary.

**Command Staff Review**

| Signature | Date Signed |
|---|---|
| Capt. A. William T. Comen | 2-26-12 |

Mancini, Mark,                    Employee Initial: _____                    Page 5 of 6

PROVIDENCE POLICE DEPARTMENT
SUPERVISOR PERFORMANCE EVALUATION

This evaluation will be reviewed with the employee by his or her immediate supervisor. All supervisors in the chain of command will review the appraisals and comment if appropriate. The evaluation will be maintained in the command level personnel file and as directed by the Chief of Police. The Performance Evaluation will be used as an important factor in making discretionary personnel decisions and assignments.

Performance evaluations will be done on an ongoing dynamic basis. A formal evaluation, however, will be completed every six months. This time period will allow for an up-to-date and accurate evaluation process.

APPEAL PROCESS

1. The purpose of an evaluation process is to allow an employee of the Department to appeal his or her evaluation.
2. The employee has ten (10) days to submit a performance evaluation appeal form to the Chief of Police, through his or her chain-of-command, that includes the reasons for and details of his or her disagreement with the evaluation.
3. The Chief of Police, or his designee, will investigate the appeal, reviewing documentation and conducting interviews where necessary.
4. A decision will be rendered and communicated to the parties involved in the appeal in writing within thirty (30) days. The decision will become a part of the employee's personnel record.

PERFORMANCE STANDARDS

1. Exceptional
    1.1.   Level of performance rarely achieved by others. Assignments and responsibilities are being accomplished at the highest possible level of performance. Employee is producing results exceptionally above the normal expectations of the job.
2. Above Average
    2.1.   Consistently exceeds job requirements with above average quality and quantity. Assignments and responsibilities are being accomplished in a highly effective manner, with only general guidance. Employee is producing results above the normal expectations of the job.
3. Meets Standard
    3.1.   Performs all aspects of the job and consistently meets job requirements. Assignments and responsibilities are accomplished effectively with normal supervision and direction. Employee is producing results at the normal expectations of the job.
4. Requires Improvement
    4.1.   Unable to meet job requirements. Performs below standards. Assignments and responsibilities are not accomplished at an acceptable level of quality or quantity. Employee requires close supervision and direction. Employee producing inadequate results which requires immediate attention.

Mancini, Mark,                     Employee Initial: _____                     Page 6 of 6

# 17

Confidential



## AGREEMENT

This Agreement between the City of Providence Police Department (hereinafter "Department"), the Fraternal Order of Police, Lodge No. 3 (hereinafter Union) and Gregory Sion (hereinafter "Sion") is entered into this *19th* day of September, 2011, freely and voluntarily under the terms and conditions set forth herein.

WHEREAS, it has been determined by a Use of Force Review Board that Sion (a) as a supervisor in the Narcotics and Organized Crime Unit failed to engage in effective pre-event planning, preparation and strategy surrounding an incident that occurred on July 6, 2011 and (b) failed to provide relevant and critical information regarding the discharge of his weapon during the incident; and

WHEREAS, the above referenced conduct engaged in by Sion is in violation of the Department's Rules and Regulations; and

WHEREAS, Sion is a highly decorated, well respected officer and supervisor of the Department with no prior disciplinary record; and

WHEREAS, the conduct referenced above and engaged in by Sion was determined by the Use of Force Review Board to be an aberration and uncharacteristic of Sion during his career with the Department; and

WHEREAS, Sion acknowledges and recognizes that his conduct was both a breach of conduct and highly unprofessional and wishes to remain employed as an officer of the Department and wants to be able to continue his duties in accordance with the Rules and Regulations of the Department and the terms and conditions of the Collective Bargaining Agreement between the Department and the FOP;

THEREFORE, the parties hereby agree as follows:

1. Sion shall be suspended from the Department, without pay, for a period of ten (10) working days commencing on *10 - 26*, 2011. Sion, upon his return to work will not be eligible for or entitled to any back pay, regardless of manner or form, for the period of his suspension.

2. During Sion's suspension without pay, he shall not be eligible to use any accrued vacation, sick leave, personal leave, or other accrued time which is currently credited to him by the Department/City and shall not be eligible to receive nor will he accept any private duty details during said suspension. Sion shall not apply for or receive unemployment benefits during his suspension without pay. In the event that Sion shall have received unemployment insurance during said period of suspension, Sion shall

reimburse the Department for same. Further, Sion shall not be eligible to accrue any benefits except as specifically identified herein. During said suspension without pay, Sion's seniority shall continue to accrue and his medical benefits as set forth in the Collective Bargaining Agreement between the City and the Union shall be maintained without interruption.

3.       Upon completion of the suspension, Sion shall be removed from the Narcotics and Organized Crime Unit and reassigned as a sergeant in the Uniform Division Patrol Bureau. Sion shall be placed on "rank" probation (rank of sergeant) for twelve (12) months, said probation commencing with date of his return to work. It is the Department's intent that this probationary period applies to Sion's rank as a sergeant and that, should Sion not successfully complete the probationary period, he will be subject to loss of rank as a sergeant. During the probationary period, Sion will retain all rights he has to grieve any disciplinary or non-disciplinary matter or action taken by the Department or to request a hearing pursuant to the Law Enforcement Officers' Bill of Rights where applicable and allowed by law.

4.       It is a term and condition of this Conditional Reprimand that Sion adheres to all provisions of the Department's Rules and Regulations. In addition, during the term of this Conditional Reprimand and probationary period Sion agrees to be subject to monthly evaluations of his supervisory actions, decisions, judgments, paperwork, reports, etc. by the commanding officer of the Patrol Bureau (currently Major Steve Meleragno).

5.       Should Sion successfully complete all the conditions set forth in this Conditional Reprimand, including but not limited to the evaluation process referenced in paragraph 4 above, he shall be removed from "rank" probation and this Conditional Reprimand shall be removed from his personnel folder. Should Sion fail to comply with the conditions set forth herein or fail, at any time during the probationary period, to satisfactorily complete the evaluation process established by this Conditional Reprimand then Sion shall be subject to the loss of his rank as a sergeant and other discipline if warranted.

6.       The parties to this Agreement represent and warrant that they have employed, or had the opportunity to employ, legal counsel to represent them with respect to this Agreement and all matters covered by and relating to it, and that they have been fully advised, or have had an opportunity to be fully advised, by counsel with respect to their rights and with respect to the execution of this Agreement. Each party to this Agreement approves the terms of this Agreement, all of which have been read, fully understood and have been found to be fair and equitable.

7.       This Agreement constitutes the entire agreement between the Department, the Union, and Sion and it is expressly understood and agreed that this Agreement may not be altered, amended, modified, or otherwise changed in any respect or particular whatsoever, except by writing duly executed by authorized representatives of all parties to this Agreement, and such parties acknowledge and agree that they will make no claim

at any time or place that this Agreement has been orally altered or modified in any respect whatsoever.

8.      By entering into this Agreement, the Department agrees not to proceed with any other discipline against Sion other than that set forth hereinabove and the Union and Sion agree not to file any claim, complaint, grievance, or any other charge, in any form whatsoever, whether administrative, state or federal, challenging the terms of this Agreement.   Sion further agrees to specifically waive any and all rights he has to challenge said punishment or the terms of this Agreement under the Law Enforcement Officers' Bill of Rights.   The Department's agreement not to proceed with additional discipline against Sion shall not act as a waiver of the Department's right to remove Sion from the rank of sergeant, should Sion violate any term or condition of this Agreement as set forth herein.   Further, the Department may proceed with disciplinary action against Sion on any other work-related conduct in its normal course of business as conditions may arise and in accordance with the Collective Bargaining Agreement. If the Department takes action against Sion in the form of demoting him from the rank of sergeant, this Agreement shall act as a last chance agreement for Sion and will be used by the Department in any hearing regardless of forum as evidence that Sion and the Union acknowledge and agree that said Sion has been given one last and final opportunity to perform appropriately and satisfactorily as a sergeant in the Department and one last and final notice that any further violations will be grounds for his immediate removal from the rank of sergeant.

WHEREFORE, I have read the foregoing and I voluntarily submit to the terms and conditions set forth herein and agree to abide thereby.

_____          _____
Witness                                                    Gregory Sion

STATE OF RHODE ISLAND

In _Providence_ on the _23_ day of _September_ 2011, before me personally appeared _Gregory Sion_, known by me to be the party executing the foregoing instrument and he acknowledged said instrument by him so executed to be his free act and deed.

_____
Notary Public
My Commission Expires _8-13-2014_

#43627

_____
Witness

_____
Providence Police Department

STATE OF RHODE ISLAND

In _Providence_ on the _23rd_ day of _Septenb_ 2011, before me personally appeared _Col Hugh Clena_ known by me to be the party executing the foregoing instrument and he/she acknowledged said instrument by him/her so executed to be his/her free act and deed.

_____
Notary Public
My Commission Expires _9-13-44_
_43622_

_____
Witness

_____
Providence FOP Lodge #3

STATE OF RHODE ISLAND

In _Providence_ on the _19th_ day of _September_, 2011, before me personally appeared _Taft mazzotti_, known by me to be the party executing the foregoing instrument and he/she acknowledged said instrument by him/her so executed to be his/her free act and deed.

_____
Notary Public
My Commission Expires _5-6-19_

Confidential



# CITY OF PROVIDENCE

Angel Taveras, Mayor

*-Memorandum-*

TO:         Sergeant Gregory Sion—Investigative Division

FROM:       Commander Hugh Clements, Acting Chief of Police

SUBJECT:    Disciplinary Action – Violations of Rules and Regulations

DATE:       September 23, 2011

Upon reviewing the Investigative Reports, statements, and other associated reports from the Internal Investigations and Inspection Division, regarding your actions of Wednesday, July 6, 2011, I have determined you to be in violation of the rules and regulations, as amended, of the Providence Police Department; specifically,

**Part 11, Section 200.2—Obedience To Laws And Rules:** which states, *"Personnel of the department shall comply with federal and state laws, city ordinances, departmental orders, rules, oaths, procedures and policies of the police department and the City of Providence".*

**Part 11, Section 200.6 – Rules Governing Conduct**: which states, *"Any act or omission, contrary to good order, discipline, or accepted standards of conduct either on or off duty, shall subject a member or employee to disciplinary action".*

**Part 11, Section 200.5—Standard Of Conduct:** which states in whole or in part *"Personnel shall conduct their private and professional lives in such a manner as to avoid bringing discredit upon themselves or the department"*

After reviewing this matter, I have decided to impose discipline on you for these violations, in accordance with the Law Enforcement Officers' Bill of Rights, Section 42-28.6-13, as amended.

You will turn in your badge, identification card, portable radio and weapon to a superior officer prior to your suspension; and you will exercise no police powers during your suspension. Following the completion of your suspension, you will draw your badge, identification card, portable radio and weapon from your commanding officer.

**PROVIDENCE POLICE DEPARTMENT**

Public Safety Complex  |  325 Washington Street Providence, Rhode Island 02903
401 272 3121 ph  |  For emergencies, dial 9-1-1
www.providenceri.com



## CITY OF PROVIDENCE

Angel Taveras, Mayor

You are to be suspended without pay for 2 weeks; specifically,

**Sunday, September 25, 2011, through Saturday, October 8, 2011**
*(The period of suspension will include those days which would have otherwise included your regularly scheduled days off).*

You will return to full duty on Sunday, October 9, 2011.

The discipline imposed on this matter includes those actions specified in a so called last chance agreement signed and accepted by you and the Department on September 23rd, 2011.

---

**By signing this agreement the accused officer waives any rights to appeal this decision.**

RECEIVED:                                              DATED:

_____                    _____
Sergeant Gregory Sion

Witness:                                                   Acting Chief of Police

_____                    _____
                                                              Commander Hugh Clements

CC: Human Resources Bureau
        Commanding Officer, Uniformed Division
        Fiscal Office

## PROVIDENCE POLICE DEPARTMENT

Public Safety Complex | 325 Washington Street Providence, Rhode Island 02903
401 272 3121 ph | For emergencies, dial 9-1-1
www.providenceri.com

Confidential

Confidential

18

## PROVIDENCE POLICE DEPARTMENT
## SUPERVISOR PERFORMANCE EVALUATION



| Last Name | First Name | Middle Initial | Rank |
|---|---|---|---|
| **Sion** | **Gregory** | **M** | Sergeant |

| Employee # | Assignment | Appraisal Period | | Appraisal Date |
|---|---|---|---|---|
| 1735 | NOCB / Patrol | **From: 01-01-2011** | **To: 12-31-2011** | 03-20-2012 |

### Scoring Legend

| E | AA | MS | RI | NA |
|---|---|---|---|---|
| Exceptional | Above Average | Meets Standard | Requires Improvement | Not Applicable |

| 1.  Personal Appearance, Equipment Maintenance and Use. | E | AA | MS | RI | NA |
|---|---|---|---|---|---|
| 1.1. Employee's uniform and appearance complies with department standards. | ☐ | ☒ | ☐ | ☐ | ☐ |
| 1.2. Employee's physical fitness is consistent with requirements of his or her assigned duties. | ☒ | ☐ | ☐ | ☐ | ☐ |
| 1.3. Employee properly uses and maintains departmental equipment. | ☐ | ☒ | ☐ | ☐ | ☐ |

**Personal Appearance, Equipment Maintenance and Use Comments**
Sgt. Sion is physically fit and adheres to the uniform standards of the department.

| 2.  Attitude and Cooperation | E | AA | MS | RI | NA |
|---|---|---|---|---|---|
| 2.1. Employee displays a positive attitude when interacting with other department employees. | ☐ | ☒ | ☐ | ☐ | ☐ |
| 2.2. Employee works effectively in a team-oriented environment. | ☐ | ☒ | ☐ | ☐ | ☐ |
| 2.3. Employee is cooperative in dealings with other departments. | ☐ | ☒ | ☐ | ☐ | ☐ |
| 2.4. Employee communicates with the public in a cooperative and tactful manner. | ☐ | ☒ | ☐ | ☐ | ☐ |
| 2.5. Employee effectively interacts with ethic groups and alternative lifestyles other than his or her own. | ☐ | ☒ | ☐ | ☐ | ☐ |
| 2.6. Employee's actions and efforts are directed towards the goals and objectives of the department. | ☐ | ☒ | ☐ | ☐ | ☐ |

**Attitude and Cooperation Comments**
Sgt. Sion always maintains a positive attitude.

| 3.  Professionalism | E | AA | MS | RI | NA |
|---|---|---|---|---|---|
| 3.1. Employee acts as a positive role model and demonstrates the ability to lead peers and public by example. | ☐ | ☒ | ☐ | ☐ | ☐ |
| 3.2. Employee possesses integrity and demonstrates ethical awareness. | ☐ | ☒ | ☐ | ☐ | ☐ |
| 3.3. Employee follows orders and instructions. | ☐ | ☐ | ☒ | ☐ | ☐ |
| 3.4. Employee performs his or her duties without close supervision. | ☐ | ☒ | ☐ | ☐ | ☐ |
| 3.5. Employee accepts feedback or criticism in a positive manner and applies it to improve performance. | ☐ | ☒ | ☐ | ☐ | ☐ |
| 3.6. Employee is reliable and punctual. | ☐ | ☒ | ☐ | ☐ | ☐ |

**Professionalism Comments**
Sgt. Sion is a professional.

Sion, Gregory, M          Employee Initial: _____          Page 1 of 6

PROVIDENCE POLICE DEPARTMENT
SUPERVISOR PERFORMANCE EVALUATION

| 4.   Knowledge and Application of Duties, Laws, Procedures, and Rules & Regulations. | E | AA | MS | RI | NA |
|---|---|---|---|---|---|
| 4.1. Employee understands and complies with departmental rules, regulations, policies and procedures. | ☐ | ☒ | ☐ | ☐ | ☐ |
| 4.2. Employee possesses a good working knowledge of Municipal Violations, RI General Laws, Traffic Laws, and criminal procedure. | ☐ | ☒ | ☐ | ☐ | ☐ |
| 4.3. Employee applies above knowledge in the performance of his or her duties. | ☐ | ☒ | ☐ | ☐ | ☐ |
| **Knowledge and Application Comments** | | | | | |
| Sgt. Sion's years of expirience have resulted in a sharp understanding of all rules, regulations, statutes, and ordinances. | | | | | |

| 5.   Information Gathering Analysis | E | AA | MS | RI | NA |
|---|---|---|---|---|---|
| 5.1. Employee conducts effective interviews and interrogations. | ☐ | ☒ | ☐ | ☐ | ☐ |
| 5.2. Employee recognizes, identifies, and gathers pertinent facts. | ☐ | ☒ | ☐ | ☐ | ☐ |
| 5.3. Employee follows through on information gathered and utilizes proper available resources (e.g. Detective Bureau, Victim's Assistance, etc.). | ☐ | ☒ | ☐ | ☐ | ☐ |
| **Information Gathering Analysis Comments** | | | | | |
| Sgt. Sion has strong investigative skills. | | | | | |

| 6.   Communications (Radio and Computer) | E | AA | MS | RI | NA |
|---|---|---|---|---|---|
| 6.1. Employee utilizes proper codes and procedures regarding radio transmissions. | ☐ | ☒ | ☐ | ☐ | ☐ |
| 6.2. Employee monitors (listens and comprehends) radio transmissions. | ☐ | ☒ | ☐ | ☐ | ☐ |
| 6.3. Employee demonstrates good working knowledge of the Mobile Data Terminals and adheres to departmental guidelines regarding its use. | ☐ | ☒ | ☐ | ☐ | ☐ |
| **Communications Comments** | | | | | |
| | | | | | |

| 7.   Patrol Management | E | AA | MS | RI | NA |
|---|---|---|---|---|---|
| 7.1. Employee efficiently manages uncommitted time. | ☐ | ☒ | ☐ | ☐ | ☐ |
| 7.2. Employee identifies and addresses problems and concerns in his or her patrol area. | ☐ | ☒ | ☐ | ☐ | ☐ |
| 7.3. Employee efficiently manages calls for services and prioritizes workload. | ☐ | ☒ | ☐ | ☐ | ☐ |
| **Patrol Management Comments** | | | | | |
| Sgt. Sion is dedicated to the mission of the police department. | | | | | |

| 8.   Situational Effectiveness and Reasoning Ability | E | AA | MS | RI | NA |
|---|---|---|---|---|---|
| 8.1. Employee performs effectively when faced with the added physical or mental stress of an emergency situation. | ☐ | ☒ | ☐ | ☐ | ☐ |
| 8.2. Employee mediates disputes effectively offering possible avenues of resolution in an effort to maintain order and bring about a satisfactory conclusion. | ☐ | ☒ | ☐ | ☐ | ☐ |
| 8.3. Employee effectively takes command of a situation as appropriate (Verbal/Physical Skills/Tactics). | ☐ | ☒ | ☐ | ☐ | ☐ |
| 8.4. Employee exercises sound decisive judgment and accepts responsibility for his or her decisions. | ☐ | ☐ | ☒ | ☐ | ☐ |

Sion, Gregory, M                Employee Initial: _____                Page 2 of 6

PROVIDENCE POLICE DEPARTMENT
SUPERVISOR PERFORMANCE EVALUATION

| | E | AA | MS | RI | NA |
|---|---|---|---|---|---|
| 8.5. Employee demonstrates ability to find a rule or concept which fits the situation. | ☐ | ☒ | ☐ | ☐ | ☐ |
| 8.6. Employee demonstrates ability to see relationships between apparently dissimilar incidents and draw logical conclusions. | ☐ | ☒ | ☐ | ☐ | ☐ |
| 8.7. Employee demonstrates ability to interpret, retain, and apply information received from victims, witnesses, and suspects. | ☐ | ☒ | ☐ | ☐ | ☐ |

**Situational Comments**
On 07-06-2011 Sgt. Sion inexplicably used poor judgment regarding the reporting of the discharge of his firearm.  He was disciplined to include transfer from NOCB to the Patrol Bureau.  Not surprisingly Sgt. Sion continues to maintain a positive attitude and has put the issue in the past.

| 9.  Safety Issues | E | AA | MS | RI | NA |
|---|---|---|---|---|---|
| 9.1. Employee uses caution when handling suspects or prisoners and follows safety procedures. | ☐ | ☒ | ☐ | ☐ | ☐ |
| 9.2. Employee follows acceptable officer safety practices in general. | ☐ | ☒ | ☐ | ☐ | ☐ |
| 9.3. Employee is aware of surroundings, direction of travel and has the ability to arrive at locations in a timely manner. | ☐ | ☒ | ☐ | ☐ | ☐ |
| 9.4. Employee maintains control of the vehicle, evaluates driving situations and reacts properly (i.e. defensive driving, follows rules of the road per policy, etc.). | ☐ | ☒ | ☐ | ☐ | ☐ |
| 9.5. Employee shows good judgment in use of lights and sirens and speed control. | ☐ | ☒ | ☐ | ☐ | ☐ |

**Safety Issues Comments**
Sgt. Sion operates safely.

| 10. Key Elements of Job Performance | E | AA | MS | RI | NA |
|---|---|---|---|---|---|
| 10.1.   Personal appearance. | ☐ | ☒ | ☐ | ☐ | ☐ |
| 10.2.   Adherence to Uniform Standards. | ☐ | ☒ | ☐ | ☐ | ☐ |
| 10.3.   Attitude and cooperation. | ☐ | ☒ | ☐ | ☐ | ☐ |
| 10.4.   Professionalism | ☐ | ☒ | ☐ | ☐ | ☐ |
| 10.5.   Knowledge and application of duties, laws, procedures, rules and regulations. | ☐ | ☒ | ☐ | ☐ | ☐ |
| 10.6.   Reporting: Information gathering, written reports and forms. | ☐ | ☒ | ☐ | ☐ | ☐ |
| 10.7.   Reporting: Timeliness of report submission. | ☐ | ☒ | ☐ | ☐ | ☐ |
| 10.8.   Communications: Radio & Computer. | ☐ | ☒ | ☐ | ☐ | ☐ |
| 10.9.   Patrol management. | ☐ | ☒ | ☐ | ☐ | ☐ |
| 10.10.  Situational effectiveness, reasoning and decision-making ability. | ☐ | ☐ | ☒ | ☐ | ☐ |
| 10.11.  Safety issues. | ☐ | ☒ | ☐ | ☐ | ☐ |

| 11. Supervisor Criteria | E | AA | MS | RI | NA |
|---|---|---|---|---|---|
| 11.1.   Immediately and directly confronts inappropriate behavior in a fair and equitable manner. | ☐ | ☒ | ☐ | ☐ | ☐ |

Sion, Gregory, M                    Employee Initial: _____CJ_____                    Page 3 of 6

## PROVIDENCE POLICE DEPARTMENT
### SUPERVISOR PERFORMANCE EVALUATION

| | | | | | | |
|---|---|---|---|---|---|---|
| 11.2. | Takes responsibility for his/her actions and will not distort issues for personal gain. | ☐ | ☐ | ☒ | ☐ | ☐ |
| 11.3. | Deals fairly with all races, nationalities, cultures, disabilities, ages and gender. | ☐ | ☒ | ☐ | ☐ | ☐ |
| 11.4. | Provides direction and stability in a crisis situation. | ☐ | ☒ | ☐ | ☐ | ☐ |
| 11.5. | Makes good decisions based on analysis, experience, judgment, and common sense. | ☐ | ☐ | ☒ | ☐ | ☐ |
| 11.6. | Sets reasonable goals and objectives which can be monitored and measured. | ☐ | ☒ | ☐ | ☐ | ☐ |
| 11.7. | A good listener, easy to talk to, helpful and patient when working with subordinates. | ☐ | ☒ | ☐ | ☐ | ☐ |
| 11.8. | Trusts, empowers others, and creates an environment in which subordinates want to perform at their best. | ☐ | ☒ | ☐ | ☐ | ☐ |
| 11.9. | Explains reasons for key decisions, practices, and procedures. | ☐ | ☒ | ☐ | ☐ | ☐ |
| 11.10. | Utilizes subordinate's strengths, helps develop weaknesses, coaches, and provides guidance and instruction. | ☐ | ☒ | ☐ | ☐ | ☐ |
| 11.11. | Completes performance evaluations impartially and in a timely manner. | ☐ | ☒ | ☐ | ☐ | ☐ |
| 11.12. | Number of sick days used | | | | | |
| 11.13. | Number of complaints | 0 | | | | |
| 11.14. | Number of commendations | | | | | |

**Supervisor Criteria Comments**

With the exception of the above mention incident Sgt. Sion is still an asset to the Providence Police Department and his positive attitude is infectous.

| | E | AA | MS | RI |
|---|---|---|---|---|
| **Overall Supervisory Performance Rating** | ☐ | ☒ | ☐ | ☐ |

**Overall Supervisory Performance Rating Comments (include remarks not stated elsewhere)**

**Future Performance Targets**

Sion, Gregory, M          Employee Initial:  _C J_

## PROVIDENCE POLICE DEPARTMENT
### SUPERVISOR PERFORMANCE EVALUATION

**Employee and Supervisory Review**

I have read this performance appraisal and have had the opportunity to discuss my work with my supervisor.  I realize that my signature on this form does not necessarily mean that I agree with this evaluation.  I may submit a written appeal about this evaluation to the Commanding Officer within ten (10) days of this date for inclusion in my personnel jacket.

☒ I accept this evaluation.

☐ I do not concur with this evaluation.

☐ I formally appeal this evaluation.

| Employee Signature | Date Signed |
|---|---|
| #99 | 03-21-12 |

| Evaluating Supervisor - Print Name | Signature | Date Signed |
|---|---|---|
| Lt. Michael E. Correia | L. M. E. C.  #20 | 3-21-12 |

| Reviewing Supervisor - Print Name | Signature | Date Signed |
|---|---|---|
| Major Thomas F. Oates | Major Thomas F. Oates | 3-21-12 |

**Appeal**

| Appeal Decision (Explain amended ratings.) | ☐ Appeal Approved | | |
|---|---|---|---|
| | ☐ Appeal Denied | | |
| Appeal Decision Notification | ☐ Employee Notified | Date Notified: | |
| | ☐ Evaluating Supervisor Notified | Date Notified: | |

Details of review and actions taken.  Explanation for amended ratings.  Use reverse side if necessary.

**Command Staff Review**

| Signature | Date Signed |
|---|---|
| | |

Sion, Gregory, M        Employee Initial: _____Q J_____        Page 5 of 6

## PROVIDENCE POLICE DEPARTMENT
### SUPERVISOR PERFORMANCE EVALUATION

This evaluation will be reviewed with the employee by his or her immediate supervisor. All supervisors in the chain of command will review the appraisals and comment if appropriate. The evaluation will be maintained in the command level personnel file and as directed by the Chief of Police. The Performance Evaluation will be used as an important factor in making discretionary personnel decisions and assignments.

Performance evaluations will be done on an ongoing dynamic basis. A formal evaluation, however, will be completed every six months. This time period will allow for an up-to-date and accurate evaluation process.

APPEAL PROCESS

1.  The purpose of an evaluation process is to allow an employee of the Department to appeal his or her evaluation.
2.  The employee has ten (10) days to submit a performance evaluation appeal form to the Chief of Police, through his or her chain-of-command, that includes the reasons for and details of his or her disagreement with the evaluation.
3.  The Chief of Police, or his designee, will investigate the appeal, reviewing documentation and conducting interviews where necessary.
4.  A decision will be rendered and communicated to the parties involved in the appeal in writing within thirty (30) days. The decision will become a part of the employee's personnel record.

PERFORMANCE STANDARDS

1.  Exceptional
    1.1.   Level of performance rarely achieved by others. Assignments and responsibilities are being accomplished at the highest possible level of performance. Employee is producing results exceptionally above the normal expectations of the job.
2.  Above Average
    2.1.   Consistently exceeds job requirements with above average quality and quantity. Assignments and responsibilities are being accomplished in a highly effective manner, with only general guidance. Employee is producing results above the normal expectations of the job.
3.  Meets Standard
    3.1.   Performs all aspects of the job and consistently meets job requirements. Assignments and responsibilities are accomplished effectively with normal supervision and direction. Employee is producing results at the normal expectations of the job.
4.  Requires Improvement
    4.1.   Unable to meet job requirements. Performs below standards. Assignments and responsibilities are not accomplished at an acceptable level of quality or quantity. Employee requires close supervision and direction. Employee producing inadequate results which requires immediate attention.

Sion, Gregory, M                   Employee Initial: _____                   Page 6 of 6

Confidential

# 19

PROVIDENCE POLICE DEPARTMENT
SUPERVISOR PERFORMANCE EVALUATION

| Last Name | First Name | Middle Initial | Rank |
|-----------|------------|----------------|------|
| Scanlon | Andrew | | Sergeant |

| Employee # | Assignment | Appraisal Period | | | Appraisal Date |
|------------|------------|------------------|---|---|----------------|
| | Patrol Bureau | From: | To: 12/10 | | 12/11 |

| | | Scoring Legend | | |
|---|---|---|---|---|
| E | AA | MS | RI | NA |
| Exceptional | Above Average | Meets Standard | Requires Improvement | Not Applicable |

| 1. Personal Appearance, Equipment Maintenance and Use | E | AA | MS | RI | NA |
|---|---|---|---|---|---|
| 1.1. Employee's uniform and appearance complies with department standards. | ☐ | ☐ | ☒ | ☐ | ☐ |
| 1.2. Employee's physical fitness is consistent with requirements of his or her assigned duties. | ☐ | ☐ | ☒ | ☐ | ☐ |
| 1.3. Employee properly uses and maintains departmental equipment. | ☐ | ☐ | ☒ | ☐ | ☐ |

**Personal Appearance, Equipment Maintenance and Use Comments**

| 2. Attitude and Cooperation | E | AA | MS | RI | NA |
|---|---|---|---|---|---|
| 2.1. Employee displays a positive attitude when interacting with other department employees. | ☐ | ☐ | ☒ | ☐ | ☐ |
| 2.2. Employee works effectively in a team-oriented environment. | ☐ | ☒ | ☐ | ☐ | ☐ |
| 2.3. Employee is cooperative in dealings with other departments. | ☐ | ☒ | ☐ | ☐ | ☐ |
| 2.4. Employee communicates with the public in a cooperative and tactful manner. | ☐ | ☐ | ☒ | ☐ | ☐ |
| 2.5. Employee effectively interacts with ethic groups and alternative lifestyles other than his or her own. | ☐ | ☒ | ☐ | ☐ | ☐ |
| 2.6. Employee's actions and efforts are directed towards the goals and objectives of the department. | ☐ | ☐ | ☒ | ☐ | ☐ |

**Attitude and Cooperation Comments**
Sgt Scanlon has had interactions with other Departments in my presence, Pawtucket PD in particular and has always effectively assisted and interacted with that agency in a professional and positive manner.

| 3. Professionalism | E | AA | MS | RI | NA |
|---|---|---|---|---|---|
| 3.1. Employee acts as a positive role model and demonstrates the ability to lead peers and public by example. | ☒ | ☒ | ☐ | ☐ | ☐ |
| 3.2. Employee possesses integrity and demonstrates ethical awareness. | ☐ | ☒ | ☐ | ☐ | ☐ |
| 3.3. Employee follows orders and instructions. | ☐ | ☐ | ☒ | ☐ | ☐ |
| 3.4. Employee performs his or her duties without close supervision. | ☐ | ☐ | ☒ | ☐ | ☐ |
| 3.5. Employee accepts feedback or criticism in a positive manner and applies it to improve performance. | ☐ | ☐ | ☒ | ☐ | ☐ |
| 3.6. Employee is reliable and punctual. | ☐ | ☐ | ☒ | ☐ | ☐ |

**Professionalism Comments**
Sgt Scanlon is an officer who demonstrates professionalism and follows orders and instructions.

Scanlon, Andrew,            Employee Initial: _A.S._            Page 1 of 6

PROVIDENCE POLICE DEPARTMENT
SUPERVISOR PERFORMANCE EVALUATION

| 4.   Knowledge and Application of Duties, Laws, Procedures, and Rules & Regulations | E | AA | MS | RI | NA |
|---|---|---|---|---|---|
| 4.1. Employee understands and complies with departmental rules, regulations, policies and procedures. | ☐ | ☐ | ☒ | ☐ | ☐ |
| 4.2. Employee possesses a good working knowledge of Municipal Violations, RI General Laws, Traffic Laws, and criminal procedure. | ☐ | ☐ | ☒ | ☐ | ☐ |
| 4.3. Employee applies above knowledge in the performance of his or her duties. | ☐ | ☐ | ☒ | ☐ | ☐ |
| Knowledge and Application Comments | | | | | |

| 5.   Information Gathering Analysis | E | AA | MS | RI | NA |
|---|---|---|---|---|---|
| 5.1. Employee conducts effective interviews and interrogations. | ☐ | ☐ | ☒ | ☐ | ☐ |
| 5.2. Employee recognizes, identifies, and gathers pertinent facts. | ☐ | ☐ | ☒ | ☐ | ☐ |
| 5.3. Employee follows through on information gathered and utilizes proper available resources (e.g. Detective Bureau, Victim's Assistance, etc.). | ☐ | ☐ | ☒ | ☐ | ☐ |
| Information Gathering Analysis Comments | | | | | |

| 6.   Communications (Radio and Computer) | E | AA | MS | RI | NA |
|---|---|---|---|---|---|
| 6.1. Employee utilizes proper codes and procedures regarding radio transmissions. | ☐ | ☐ | ☒ | ☐ | ☐ |
| 6.2. Employee monitors (listens and comprehends) radio transmissions. | ☐ | ☐ | ☒ | ☐ | ☐ |
| 6.3. Employee demonstrates good working knowledge of the Mobile Data Terminals and adheres to departmental guidelines regarding its use. | ☐ | ☐ | ☒ | ☐ | ☐ |
| Communications Comments | | | | | |

| 7.   Patrol Management | E | AA | MS | RI | NA |
|---|---|---|---|---|---|
| 7.1. Employee efficiently manages uncommitted time. | ☐ | ☐ | ☒ | ☐ | ☐ |
| 7.2. Employee identifies and addresses problems and concerns in his or her patrol area. | ☐ | ☐ | ☒ | ☐ | ☐ |
| 7.3. Employee efficiently manages calls for services and prioritizes workload. | ☐ | ☐ | ☒ | ☐ | ☐ |
| Patrol Management Comments | | | | | |

| 8.   Situational Effectiveness and Reasoning Ability | E | AA | MS | RI | NA |
|---|---|---|---|---|---|
| 8.1. Employee performs effectively when faced with the added physical or mental stress of an emergency situation. | ☐ | ☒ | ☐ | ☐ | ☐ |
| 8.2. Employee mediates disputes effectively offering possible avenues of resolution in an effort to maintain order and bring about a satisfactory conclusion. | ☐ | ☐ | ☒ | ☐ | ☐ |
| 8.3. Employee effectively takes command of a situation as appropriate (Verbal/Physical Skills/Tactics). | ☐ | ☒ | ☐ | ☐ | ☐ |
| 8.4. Employee exercises sound decisive judgment and accepts responsibility for his or her decisions. | ☐ | ☐ | ☒ | ☐ | ☐ |

Scanlon, Andrew,                Employee Initial:   A.S.                Page 2 of 6

## PROVIDENCE POLICE DEPARTMENT
### SUPERVISOR PERFORMANCE EVALUATION

| | E | AA | MS | RI | NA |
|---|---|---|---|---|---|
| 8.5. Employee demonstrates ability to find a rule or concept which fits the situation. | ☐ | ☐ | ☒ | ☐ | ☐ |
| 8.6. Employee demonstrates ability to see relationships between apparently dissimilar incidents and draw logical conclusions. | ☐ | ☐ | ☒ | ☐ | ☐ |
| 8.7. Employee demonstrates ability to interpret, retain, and apply information received from victims, witnesses, and suspects. | ☐ | ☐ | ☒ | ☐ | ☐ |

**Situational Comments**
Sgt Scanlon has the ability to think clearly make decisions and act effectively under stressful situations.

| 9   Safety Issues | E | AA | MS | RI | NA |
|---|---|---|---|---|---|
| 9.1. Employee uses caution when handling suspects or prisoners and follows safety procedures. | ☐ | ☐ | ☒ | ☐ | ☐ |
| 9.2. Employee follows acceptable officer safety practices in general. | ☐ | ☒ | ☐ | ☐ | ☐ |
| 9.3. Employee is aware of surroundings, direction of travel and has the ability to arrive at locations in a timely manner. | ☐ | ☒ | ☐ | ☐ | ☐ |
| 9.4. Employee maintains control of the vehicle, evaluates driving situations and reacts properly (i.e. defensive driving, follows rules of the road per policy, etc.). | ☐ | ☒ | ☐ | ☐ | ☐ |
| 9.5. Employee shows good judgment in use of lights and sirens and speed control. | ☐ | ☒ | ☐ | ☐ | ☐ |

**Safety Issues Comments**
Sgt Scanlon maintains and demonstrates a safe enviroment for self and others in the performance of his duties.

| 10. Key Elements of Job Performance | E | AA | MS | RI | NA |
|---|---|---|---|---|---|
| 10.1.   Personal appearance. | ☐ | ☐ | ☒ | ☐ | ☐ |
| 10.2.   Adherence to Uniform Standards. | ☐ | ☐ | ☒ | ☐ | ☐ |
| 10.3.   Attitude and cooperation. | ☐ | ☐ | ☒ | ☐ | ☐ |
| 10.4.   Professionalism | ☐ | ☐ | ☒ | ☐ | ☐ |
| 10.5.   Knowledge and application of duties, laws, procedures, rules and regulations. | ☐ | ☐ | ☒ | ☐ | ☐ |
| 10.6.   Reporting: Information gathering, written reports and forms. | ☐ | ☐ | ☒ | ☐ | ☐ |
| 10.7.   Reporting: Timeliness of report submission. | ☐ | ☐ | ☒ | ☐ | ☐ |
| 10.8.   Communications: Radio & Computer. | ☐ | ☐ | ☒ | ☐ | ☐ |
| 10.9.   Patrol management. | ☐ | ☐ | ☒ | ☐ | ☐ |
| 10.10.   Situational effectiveness, reasoning and decision-making ability. | ☐ | ☒ | ☐ | ☐ | ☐ |
| 10.11.   Safety issues. | ☐ | ☒ | ☐ | ☐ | ☐ |

| 11. Supervisor Criteria | E | AA | MS | RI | NA |
|---|---|---|---|---|---|
| 11.1.   Immediately and directly confronts inappropriate behavior in a fair and equitable manner. | ☐ | ☐ | ☒ | ☐ | ☐ |
| 11.2.   Takes responsibility for his/her actions and will not distort issues for personal gain. | ☐ | ☒ | ☐ | ☐ | ☐ |

Scanlon, Andrew;                Employee Initial:  A.S.

PROVIDENCE POLICE DEPARTMENT
SUPERVISOR PERFORMANCE EVALUATION

| | | | | | |
|---|---|---|---|---|---|
| 11.3. | Deals fairly with all races, nationalities, cultures, disabilities, ages and gender. | ☐ | ☐ | ☒ | ☐ | ☐ |
| 11.4. | Provides direction and stability in a crisis situation. | ☐ | ☐ | ☒ | ☐ | ☐ |
| 11.5. | Makes good decisions based on analysis, experience, judgment, and common sense. | ☐ | ☒ | ☐ | ☐ | ☐ |
| 11.6. | Sets reasonable goals and objectives which can be monitored and measured. | ☐ | ☐ | ☒ | ☐ | ☐ |
| 11.7. | A good listener, easy to talk to, helpful and patient when working with subordinates. | ☐ | ☒ | ☐ | ☐ | ☐ |
| 11.8. | Trusts, empowers others, and creates an environment in which subordinates want to perform at their best. | ☐ | ☒ | ☐ | ☐ | ☐ |
| 11.9. | Explains reasons for key decisions, practices, and procedures. | ☐ | ☒ | ☐ | ☐ | ☐ |
| 11.10. | Utilizes subordinate's strengths, helps develop weaknesses, coaches, and provides guidance and instruction. | ☐ | ☐ | ☒ | ☐ | ☐ |
| 11.11. | Completes performance evaluations impartially and in a timely manner. | ☐ | ☐ | ☒ | ☐ | ☐ |

**Supervisor Criteria Comments**

| | E | AA | MS | RI |
|---|---|---|---|---|
| **Overall Supervisory Performance Rating** | ☐ | ☐ | ☒ | ☐ |

**Overall Supervisory Performance Rating Comments (include remarks not stated elsewhere)**

**Future Performance Targets**

Scanlon, Andrew,                    Employee Initial:   _A. S._____                    Page 4 of 6

# PROVIDENCE POLICE DEPARTMENT
## SUPERVISOR PERFORMANCE EVALUATION

### Employee and Supervisory Review

I have read this performance appraisal and have had the opportunity to discuss my work with my supervisor. I realize that my signature on this form does not necessarily mean that I agree with this evaluation. I may submit a written appeal about this evaluation to the Commanding Officer within ten (10) days of this date for inclusion in my personnel jacket.

☒ I accept this evaluation.

☐ I do not concur with this evaluation.

☐ I formally appeal this evaluation.

| Employee Signature | Date Signed |
|---|---|
| Sgt. Andrew Scanlon | 1/27/12 |

| Evaluating Supervisor - Print Name | Signature | Date Signed |
|---|---|---|
| Lt. Oscar Perez | Lt. | 1/27/12 |

| Reviewing Supervisor - Print Name | Signature | Date Signed |
|---|---|---|
| Lt. John Ryan | | 1/31/12 |

### Appeal

| Appeal Decision (Explain amended ratings.) | ☐ | Appeal Approved | | |
|---|---|---|---|---|
| | ☐ | Appeal Denied | | |
| Appeal Decision Notification | ☐ | Employee Notified | Date Notified: | |
| | ☐ | Evaluating Supervisor Notified | Date Notified: | |

Details of review and actions taken. Explanation for amended ratings. Use reverse side if necessary

### Command Staff Review

| Signature | Date Signed |
|---|---|
| Capt. William T. Coppole | 2-3-12 |

Scanlon, Andrew,                    Employee Initial: _____            Page 5 of 6

## PROVIDENCE POLICE DEPARTMENT
### SUPERVISOR PERFORMANCE EVALUATION

This evaluation will be reviewed with the employee by his or her immediate supervisor. All supervisors in the chain of command will review the appraisals and comment if appropriate. The evaluation will be maintained in the command level personnel file and as directed by the Chief of Police. The Performance Evaluation will be used as an important factor in making discretionary personnel decisions and assignments.

Performance evaluations will be done on an ongoing dynamic basis. A formal evaluation, however, will be completed every six months. This time period will allow for an up-to-date and accurate evaluation process.

### APPEAL PROCESS

1. The purpose of an evaluation process is to allow an employee of the Department to appeal his or her evaluation.
2. The employee has ten (10) days to submit a performance evaluation appeal form to the Chief of Police, through his or her chain-of-command, that includes the reasons for and details of his or her disagreement with the evaluation.
3. The Chief of Police, or his designee, will investigate the appeal, reviewing documentation and conducting interviews where necessary.
4. A decision will be rendered and communicated to the parties involved in the appeal in writing within thirty (30) days. The decision will become a part of the employee's personnel record.

### PERFORMANCE STANDARDS

1. Exceptional
   1.1. Level of performance rarely achieved by others. Assignments and responsibilities are being accomplished at the highest possible level of performance. Employee is producing results exceptionally above the normal expectations of the job.
2. Above Average
   2.1. Consistently exceeds job requirements with above average quality and quantity. Assignments and responsibilities are being accomplished in a highly effective manner, with only general guidance. Employee is producing results above the normal expectations of the job.
3. Meets Standard
   3.1. Performs all aspects of the job and consistently meets job requirements. Assignments and responsibilities are accomplished effectively with normal supervision and direction. Employee is producing results at the normal expectations of the job.
4. Requires Improvement
   4.1. Unable to meet job requirements. Performs below standards. Assignments and responsibilities are not accomplished at an acceptable level of quality or quantity. Employee requires close supervision and direction. Employee producing inadequate results which requires immediate attention.

Scanlon, Andrew,                    Employee Initial: _____                    Page 6 of 6

Confidential

**20**



**Department of Public Safety, Police Department**
*"Building Pride in Providence"*

**MEMO TO FILE**

**Internal Affairs Bureau**

**Date:** April 6, 2001

**From: Investigator Thomas Clark, Internal Affairs Bureau**

**Subject:** Officer Andrew Scanlon

---

On the above date I received a call from Jackie Clinton (tel:453-3220) Director of The West Elmwood Housing Organization located at 392 Cranston Street. She requested that I respond to that agency to discuss a problem that some of her residents are having with a particular patrol officer.

Upon arrival I met Ms. Clinton and Mary Hunter. They advised that on February 26th they met with Major Young, Captain Glancy, Sergeant Ray Hull and Officer Max Dorley. This meeting was held in an attempt to improve police/community relations. During the meeting an officer was complained about as not acting on any complaints he is called to and looking the other way when he comes upon violations. He is referred to by the residents as "Officer Friendly". They added that he has worked this area for a long time, is a landlord who owns a few houses in the area and wears a toupee. The officer is likely to be Officer Andrew Scanlon. This officer allegedly confronted one of the residents on April 5th between the hours of 1530 and 1615 hours and said "I heard you were talking bad about at the meeting". Ms. Clinton fears he will or has approached other residents in a threatening manner. They are also concerned because he is suppose to be present at their next meeting.

I explained the civilian complaint process and other options in addressing their complaint. At this point in time they would like this officer spoken to, evaluate his performance and possibly replace him with another officer if that is possible. They would also like his immediate superiors apprised of their complaints as well as the Commanding Officers who were in attendance at the first meeting.

Upon receipt of this memo to file Lt. Tucker, Director of the Internal Affairs Bureau forwarded a copy to Captain Oates, Officer Scanlon's commanding officer. Captain Oates reportedly put Scanlon on notice and assigned him to desk duties for five nights.

On 4/23/01 I left a message with Jackie Clinton advising her of the actions taken against Officer Scanlon as a result of her complaint. She was asked to call this office with any other problems she may experience with this officer in the future.

Confidential

# 21

DEAN M. ESSERMAN
COLONEL

DAVID N. CICILLINE
MAYOR



## Department of Public Safety, Police Department
*"Building Pride in Providence"*

TO:        **Commander Paul Kennedy**

FROM:      **Inspector Francisco Colon**

SUBJECT:   **Steve Courville—Police Escort**

DATE:      **April 3, 2009**

On April 3, 2009, Steve Courville was called into my office in regards to his inappropriate use of police resources when he requested and received a police escort for his sister's wedding party from the State House to the Cranston Country Club on February 28, 2009.

Courville was accompanied by his Union Representative Michael Imondi. Inspector Colon began to explain and describe the allegation to Sergeant Courville and advised the Sergeant that this was an inappropriate use of police resources. While doing so, Courville began making faces and/or displayed facial expressions of disappointment or disagreement. Inspector Colon noted the visible expressions and questioned Courville as to whether or not he disagreed that this was an inappropriate use of police resources.

Courville stated that he understood and that it would not happen again. He also stated that this happens all the time by officers of a higher rank. He stated that he didn't think it was a big deal. He stated that he believed it was being brought to his attention only because of who he is or because it was him.

Courville was also advised that his actions would cause discredit to himself and the Police Department if it were to be aired on public radio and particularly the Buddy Cianci show. Courville did not respond. It should be noted that it is understood throughout the department that Courville regularly provides Buddy Cianci information relative to the Providence Police Department. Courville was further counseled and as a result this matter is considered closed.

Respectfully Submitted

Inspector Francisco Colon

# 22

Confidential

DEAN M. ESSERMAN
COLONEL

DAVID N. CICILLINE
MAYOR



## Department of Public Safety, Police Department
*"Building Pride in Providence"*

### *Colonel Dean Esserman, Chief of Police*

#### *-Memorandum-*

TO:     Sergeant Steven Courville, Uniform Division

FROM:    Colonel Dean Esserman

SUBJECT:    Disciplinary Action– Violations of Rules and Regulations

COMP. #    CC2008-045

DATE:    September 2, 2009

---

On or about June 15 and 16, 2009, a civilian complaint hearing was held in which Lt. Daniel Gannon presided. After reviewing Lt. Gannon's decision dated July 29, 2009, (attached) I agree with Lt. Gannon and find you in violation of department rules and regulations, and specifically;

**Part 11, Section 200.12 – Courtesy:** which states, *"Members shall be civil, orderly, diligent, discreet, courteous and patient as a reasonable person is expected to be in any situation, and shall not engage in any verbal altercation, such as using profane language (swearing), or physical altercation, whether on duty or off duty, with an member of the department, or any private citizen".*

**Part 11, Section 200.15 – Conduct Towards The Public:** which states, *"Personnel shall be courteous in their relationships with the public. They shall answer questions from citizens in a courteous manner and if unable to supply an answer, shall make every effort to obtain the answer for the citizen. Personnel shall avoid harsh, violent, profane (swearing) or insolent language or manner. Personnel shall maintain objective attitudes regardless of provocation.*

**Part 11, Section 200.5 – Standard of Conduct:** which States: *"Personnel shall conduct their private and professional lives in such a manner as to avoid bringing discredit upon themselves or the department".*

After reviewing this matter, I have decided to impose summary punishment on you in the form of a written reprimand for those violations, in accordance with the Law Enforcement Officers' Bill of Rights, section 42-28.6-13, as amended.

**This letter shall serve as a written reprimand and shall be placed in your 201 file.**

9-4-09
Date:

FOR: Colonel Dean Esserman

RECEIVED:

Sergeant Steven Courville

DATED:
9/4/09

WITNESS:

9-4-09

cc: Colonel Dean Esserman
    Commander Paul Kennedy
    Human Resources
    Internal Investigations

Confidential

23

# PROVIDENCE POLICE DEPARTMENT
## SUPERVISOR PERFORMANCE EVALUATION

| Last Name | First Name | Middle Initial | Rank |
|-----------|------------|----------------|------|
| **Fernandes** | **Richard** | | Sergeant |

| Employee # | Assignment | Appraisal Period | | Appraisal Date |
|------------|------------|------------------|---|---------------|
| 6173 | Car 260 A Group | From: 01-01-11 | To: 12-31-11 | 01-11-12 |

### Scoring Legend

| E | AA | MS | RI | NA |
|---|----|----|----|----|
| Exceptional | Above Average | Meets Standard | Requires Improvement | Not Applicable |

| 1.  Personal Appearance, Equipment Maintenance and Use. | E | AA | MS | RI | NA |
|---|---|---|---|---|---|
| 1.1. Employee's uniform and appearance complies with department standards. | ☐ | ☒ | ☐ | ☐ | ☐ |
| 1.2. Employee's physical fitness is consistent with requirements of his or her assigned duties. | ☐ | ☒ | ☐ | ☐ | ☐ |
| 1.3. Employee properly uses and maintains departmental equipment. | ☐ | ☒ | ☐ | ☐ | ☐ |

**Personal Appearance, Equipment Maintenance and Use Comments**
Sgt. Fernandes is always dressed in the proper uniform, maintains the department's equipment in proper working order

| 2.  Attitude and Cooperation | E | AA | MS | RI | NA |
|---|---|---|---|---|---|
| 2.1. Employee displays a positive attitude when interacting with other department employees. | ☐ | ☐ | ☒ | ☐ | ☐ |
| 2.2. Employee works effectively in a team-oriented environment. | ☐ | ☒ | ☐ | ☐ | ☐ |
| 2.3. Employee is cooperative in dealings with other departments. | ☐ | ☒ | ☐ | ☐ | ☐ |
| 2.4. Employee communicates with the public in a cooperative and tactful manner. | ☐ | ☒ | ☐ | ☐ | ☐ |
| 2.5. Employee effectively interacts with ethic groups and alternative lifestyles other than his or her own. | ☐ | ☐ | ☒ | ☐ | ☐ |
| 2.6. Employee's actions and efforts are directed towards the goals and objectives of the department. | ☐ | ☐ | ☒ | ☐ | ☐ |

**Attitude and Cooperation Comments**
One of Sgt Fernandes' chief attribute is his abilty to interact with the public in general, but more specifically at crime watch meetings.

| 3.  Professionalism | E | AA | MS | RI | NA |
|---|---|---|---|---|---|
| 3.1. Employee acts as a positive role model and demonstrates the ability to lead peers and public by example. | ☐ | ☒ | ☐ | ☐ | ☐ |
| 3.2. Employee possesses integrity and demonstrates ethical awareness. | ☐ | ☒ | ☐ | ☐ | ☐ |
| 3.3. Employee follows orders and instructions. | ☐ | ☒ | ☐ | ☐ | ☐ |
| 3.4. Employee performs his or her duties without close supervision. | ☐ | ☒ | ☐ | ☐ | ☐ |
| 3.5. Employee accepts feedback or criticism in a positive manner and applies it to improve performance. | ☐ | ☒ | ☐ | ☐ | ☐ |
| 3.6. Employee is reliable and punctual. | ☐ | ☒ | ☐ | ☐ | ☐ |

**Professionalism Comments**
Sgt Fernandes always performs his duties in the utmost professional manner and also has confidence in his decision

Fernandes, Richard,             Employee Initial: _____             Page 1 of 6

## PROVIDENCE POLICE DEPARTMENT
### SUPERVISOR PERFORMANCE EVALUATION

making to perform his job without close supervision.

| 4.   Knowledge and Application of Duties, Laws, Procedures, and Rules & Regulations. | E | AA | MS | RI | NA |
|---|---|---|---|---|---|
| 4.1. Employee understands and complies with departmental rules, regulations, policies and procedures. | ☐ | ☐ | ☒ | ☐ | ☐ |
| 4.2. Employee possesses a good working knowledge of Municipal Violations, RI General Laws, Traffic Laws, and criminal procedure. | ☐ | ☐ | ☒ | ☐ | ☐ |
| 4.3. Employee applies above knowledge in the performance of his or her duties. | ☐ | ☐ | ☒ | ☐ | ☐ |

**Knowledge and Application Comments**

| 5.   Information Gathering Analysis | E | AA | MS | RI | NA |
|---|---|---|---|---|---|
| 5.1. Employee conducts effective interviews and interrogations. | ☐ | ☒ | ☐ | ☐ | ☐ |
| 5.2. Employee recognizes, identifies, and gathers pertinent facts. | ☐ | ☒ | ☐ | ☐ | ☐ |
| 5.3. Employee follows through on information gathered and utilizes proper available resources (e.g. Detective Bureau, Victim's Assistance, etc.). | ☐ | ☒ | ☐ | ☐ | ☐ |

**Information Gathering Analysis Comments**
Sgt Fernandes has always had the ability to conduct interviews in a quality manner which enable him to gather pertinent facts which enables him to relay the information to the proper bureaus.

| 6.   Communications (Radio and Computer) | E | AA | MS | RI | NA |
|---|---|---|---|---|---|
| 6.1. Employee utilizes proper codes and procedures regarding radio transmissions. | ☐ | ☐ | ☒ | ☐ | ☐ |
| 6.2. Employee monitors (listens and comprehends) radio transmissions. | ☐ | ☐ | ☒ | ☐ | ☐ |
| 6.3. Employee demonstrates good working knowledge of the Mobile Data Terminals and adheres to departmental guidelines regarding its use. | ☐ | ☐ | ☒ | ☐ | ☐ |

**Communications Comments**

| 7.   Patrol Management | E | AA | MS | RI | NA |
|---|---|---|---|---|---|
| 7.1. Employee efficiently manages uncommitted time. | ☐ | ☒ | ☐ | ☐ | ☐ |
| 7.2. Employee identifies and addresses problems and concerns in his or her patrol area. | ☐ | ☒ | ☐ | ☐ | ☐ |
| 7.3. Employee efficiently manages calls for services and prioritizes workload. | ☐ | ☒ | ☐ | ☐ | ☐ |

**Patrol Management Comments**
Sgt Fernandes utilizes his uncommitted time to solve crime related and traffic issues and supervises his personnel that they do the same.

| 8.   Situational Effectiveness and Reasoning Ability | E | AA | MS | RI | NA |
|---|---|---|---|---|---|
| 8.1. Employee performs effectively when faced with the added physical or mental stress of an emergency situation. | ☐ | ☒ | ☐ | ☐ | ☐ |
| 8.2. Employee mediates disputes effectively offering possible avenues of resolution in an effort to maintain order and bring about a satisfactory conclusion. | ☐ | ☒ | ☐ | ☐ | ☐ |

Fernandes, Richard,          Employee Initial:           Page 2 of 6

## PROVIDENCE POLICE DEPARTMENT
### SUPERVISOR PERFORMANCE EVALUATION

| | E | AA | MS | RI | NA |
|---|---|---|---|---|---|
| 8.3. Employee effectively takes command of a situation as appropriate (Verbal/Physical Skills/Tactics). | ☐ | ☒ | ☐ | ☐ | ☐ |
| 8.4. Employee exercises sound decisive judgment and accepts responsibility for his or her decisions. | ☐ | ☒ | ☐ | ☐ | ☐ |
| 8.5. Employee demonstrates ability to find a rule or concept which fits the situation. | ☐ | ☒ | ☐ | ☐ | ☐ |
| 8.6. Employee demonstrates ability to see relationships between apparently dissimilar incidents and draw logical conclusions. | ☐ | ☒ | ☐ | ☐ | ☐ |
| 8.7. Employee demonstrates ability to interpret, retain, and apply information received from victims, witnesses, and suspects. | ☐ | ☒ | ☐ | ☐ | ☐ |

**Situational Comments**

One of Sgt. Fernandes finest qualities is his ability to take control of a situation and come to the best conclusion by using his logic and knowledge.

| 9. Safety Issues | E | AA | MS | RI | NA |
|---|---|---|---|---|---|
| 9.1. Employee uses caution when handling suspects or prisoners and follows safety procedures. | ☐ | ☐ | ☒ | ☐ | ☐ |
| 9.2. Employee follows acceptable officer safety practices in general. | ☐ | ☐ | ☒ | ☐ | ☐ |
| 9.3. Employee is aware of surroundings, direction of travel and has the ability to arrive at locations in a timely manner. | ☐ | ☐ | ☒ | ☐ | ☐ |
| 9.4. Employee maintains control of the vehicle, evaluates driving situations and reacts properly (i.e. defensive driving, follows rules of the road per policy, etc.). | ☐ | ☐ | ☒ | ☐ | ☐ |
| 9.5. Employee shows good judgment in use of lights and sirens and speed control. | ☐ | ☐ | ☒ | ☐ | ☐ |

**Safety Issues Comments**

| 10. Key Elements of Job Performance | E | AA | MS | RI | NA |
|---|---|---|---|---|---|
| 10.1. Personal appearance. | ☐ | ☒ | ☐ | ☐ | ☐ |
| 10.2. Adherence to Uniform Standards. | ☐ | ☒ | ☐ | ☐ | ☐ |
| 10.3. Attitude and cooperation. | ☐ | ☒ | ☐ | ☐ | ☐ |
| 10.4. Professionalism | ☐ | ☒ | ☐ | ☐ | ☐ |
| 10.5. Knowledge and application of duties, laws, procedures, rules and regulations. | ☐ | ☐ | ☒ | ☐ | ☐ |
| 10.6. Reporting: Information gathering, written reports and forms. | ☐ | ☒ | ☐ | ☐ | ☐ |
| 10.7. Reporting: Timeliness of report submission. | ☐ | ☒ | ☐ | ☐ | ☐ |
| 10.8. Communications: Radio & Computer. | ☐ | ☐ | ☒ | ☐ | ☐ |
| 10.9. Patrol management. | ☐ | ☒ | ☐ | ☐ | ☐ |
| 10.10. Situational effectiveness, reasoning and decision-making ability. | ☐ | ☒ | ☐ | ☐ | ☐ |
| 10.11. Safety issues. | ☐ | ☐ | ☒ | ☐ | ☐ |

Fernandes, Richard,          Employee Initial:           Page 3 of 6

## PROVIDENCE POLICE DEPARTMENT
### SUPERVISOR PERFORMANCE EVALUATION

| 11. Supervisor Criteria | | E | AA | MS | RI | NA |
|---|---|---|---|---|---|---|
| 11.1. | Immediately and directly confronts inappropriate behavior in a fair and equitable manner. | ☐ | ☒ | ☐ | ☐ | ☐ |
| 11.2. | Takes responsibility for his/her actions and will not distort issues for personal gain. | ☐ | ☒ | ☐ | ☐ | ☐ |
| 11.3. | Deals fairly with all races, nationalities, cultures, disabilities, ages and gender. | ☐ | ☒ | ☐ | ☐ | ☐ |
| 11.4. | Provides direction and stability in a crisis situation. | ☐ | ☒ | ☐ | ☐ | ☐ |
| 11.5. | Makes good decisions based on analysis, experience, judgment, and common sense. | ☐ | ☒ | ☐ | ☐ | ☐ |
| 11.6. | Sets reasonable goals and objectives which can be monitored and measured. | ☐ | ☐ | ☒ | ☐ | ☐ |
| 11.7. | A good listener, easy to talk to, helpful and patient when working with subordinates. | ☐ | ☒ | ☐ | ☐ | ☐ |
| 11.8. | Trusts, empowers others, and creates an environment in which subordinates want to perform at their best. | ☒ | ☐ | ☐ | ☐ | ☐ |
| 11.9. | Explains reasons for key decisions, practices, and procedures. | ☐ | ☒ | ☐ | ☐ | ☐ |
| 11.10 | Utilizes subordinate's strengths, helps develop weaknesses, coaches, and provides guidance and instruction. | ☐ | ☒ | ☐ | ☐ | ☐ |
| 11.11. | Completes performance evaluations impartially and in a timely manner. | ☐ | ☒ | ☐ | ☐ | ☐ |
| 11.12 | Number of sick days used | 0 | | | | |
| 11.13. | Number of complaints | 1 | | | | |
| 11.14. | Number of commendations | | | | | |

**Supervisor Criteria Comments**

| Overall Supervisory Performance Rating | E | AA | MS | RI |
|---|---|---|---|---|
| | ☐ | ☒ | ☐ | ☐ |

**Overall Supervisory Performance Rating Comments (include remarks not stated elsewhere)**

Sgt Fernandes is an 18 year veteran with the last 5 years as the out first D-6 sergeant.  Rick is able to take instructions from his supervisor and at the same time, is able to give instructions/orders to his subordinates and follows up those orders to ensure that they are completed.  Sgt. Fernandes is enthusiastic about performing his duties and always is aware how the dept would be regarded when making decisions.

**Future Performance Targets**

Fernandes, Richard,          Employee Initial: _____          Page 4 of 6

## PROVIDENCE POLICE DEPARTMENT
### SUPERVISOR PERFORMANCE EVALUATION

### Employee and Supervisory Review

I have read this performance appraisal and have had the opportunity to discuss my work with my supervisor.  I realize that my signature on this form does not necessarily mean that I agree with this evaluation.  I may submit a written appeal about this evaluation to the Commanding Officer within ten (10) days of this date for inclusion in my personnel jacket.

☑ I accept this evaluation.

☐ I do not concur with this evaluation.

☐ I formally appeal this evaluation.

| Employee Signature | Date Signed |
|---|---|
| | 1/23/12 |
| Evaluating Supervisor - Print Name | Signature | Date Signed |
| Lt. Patrick G Beddy | Lt Patrick B Beddy | 1/23/12 |
| Reviewing Supervisor - Print Name | Signature | Date Signed |
| Capt. WILLIAM T. CAMPBELL | William T Campbell | 1-25-12 |

### Appeal

| Appeal Decision (Explain amended ratings.) | ☐ | Appeal Approved | | |
|---|---|---|---|---|
| | ☐ | Appeal Denied | | |
| Appeal Decision Notification | ☐ | Employee Notified | Date Notified: | |
| | ☐ | Evaluating Supervisor Notified | Date Notified: | |

Details of review and actions taken.  Explanation for amended ratings.  Use reverse side if necessary.

### Command Staff Review

| Signature | Date Signed |
|---|---|
| | |
| | |

Fernandes, Richard,                     Employee Initial: _____                     Page 5 of 6

## PROVIDENCE POLICE DEPARTMENT
## SUPERVISOR PERFORMANCE EVALUATION

This evaluation will be reviewed with the employee by his or her immediate supervisor. All supervisors in the chain of command will review the appraisals and comment if appropriate. The evaluation will be maintained in the command level personnel file and as directed by the Chief of Police. The Performance Evaluation will be used as an important factor in making discretionary personnel decisions and assignments.

Performance evaluations will be done on an ongoing dynamic basis. A formal evaluation, however, will be completed every six months. This time period will allow for an up-to-date and accurate evaluation process.

### APPEAL PROCESS

1. The purpose of an evaluation process is to allow an employee of the Department to appeal his or her evaluation.
2. The employee has ten (10) days to submit a performance evaluation appeal form to the Chief of Police, through his or her chain-of-command, that includes the reasons for and details of his or her disagreement with the evaluation.
3. The Chief of Police, or his designee, will investigate the appeal, reviewing documentation and conducting interviews where necessary.
4. A decision will be rendered and communicated to the parties involved in the appeal in writing within thirty (30) days. The decision will become a part of the employee's personnel record.

### PERFORMANCE STANDARDS

1. Exceptional
   1.1.   Level of performance rarely achieved by others. Assignments and responsibilities are being accomplished at the highest possible level of performance. Employee is producing results exceptionally above the normal expectations of the job.
2. Above Average
   2.1.   Consistently exceeds job requirements with above average quality and quantity. Assignments and responsibilities are being accomplished in a highly effective manner, with only general guidance. Employee is producing results above the normal expectations of the job.
3. Meets Standard
   3.1.   Performs all aspects of the job and consistently meets job requirements. Assignments and responsibilities are accomplished effectively with normal supervision and direction. Employee is producing results at the normal expectations of the job.
4. Requires Improvement
   4.1.   Unable to meet job requirements. Performs below standards. Assignments and responsibilities are not accomplished at an acceptable level of quality or quantity. Employee requires close supervision and direction. Employee producing inadequate results which requires immediate attention.

Fernandes, Richard,                    Employee Initial:                                    Page 6 of 6

24

## PROVIDENCE POLICE DEPARTMENT
### SUPERVISOR PERFORMANCE EVALUATION

| Last Name | First Name | Middle Initial | Rank |
|---|---|---|---|
| Yang | Pao | | Sergeant |

| Employee # | Assignment | Appraisal Period | | Appraisal Date |
|---|---|---|---|---|
| 6203 | Patrol Sergeant Days Car 140 | From: 7/1/11 | To: 12/31/11 | 2-1-12 |

### Scoring Legend

| E | AA | MS | RI | NA |
|---|---|---|---|---|
| Exceptional | Above Average | Meets Standard | Requires Improvement | Not Applicable |

| 1. Personal Appearance, Equipment Maintenance and Use | E | AA | MS | RI | NA |
|---|---|---|---|---|---|
| 1.1. Employee's uniform and appearance complies with department standards. | | ☒ | ☐ | ☐ | ☐ |
| 1.2. Employee's physical fitness is consistent with requirements of his or her assigned duties. | ☒ | ☐ | ☐ | ☐ | ☐ |
| 1.3. Employee properly uses and maintains departmental equipment. | | ☒ | ☐ | ☐ | ☐ |

**Personal Appearance, Equipment Maintenance and Use Comments**
Sets the example in physical fitness and is in proper uniform.

| 2. Attitude and Cooperation | E | AA | MS | RI | NA |
|---|---|---|---|---|---|
| 2.1. Employee displays a positive attitude when interacting with other department employees. | ☐ | ☒ | ☐ | ☐ | ☐ |
| 2.2. Employee works effectively in a team-oriented environment. | ☐ | ☒ | ☐ | ☐ | ☐ |
| 2.3. Employee is cooperative in dealings with other departments. | ☐ | ☒ | ☐ | ☐ | ☐ |
| 2.4. Employee communicates with the public in a cooperative and tactful manner. | ☐ | ☒ | ☐ | ☐ | ☐ |
| 2.5. Employee effectively interacts with ethic groups and alternative lifestyles other than his or her own. | ☐ | ☒ | ☐ | ☐ | ☐ |
| 2.6. Employee's actions and efforts are directed towards the goals and objectives of the department. | ☐ | ☒ | ☐ | ☐ | ☐ |

**Attitude and Cooperation Comments**

| 3. Professionalism | E | AA | MS | RI | NA |
|---|---|---|---|---|---|
| 3.1. Employee acts as a positive role model and demonstrates the ability to lead peers and public by example. | ☐ | ☒ | ☐ | ☐ | ☐ |
| 3.2. Employee possesses integrity and demonstrates ethical awareness. | ☒ | ☐ | ☐ | ☐ | ☐ |
| 3.3. Employee follows orders and instructions. | ☐ | ☒ | ☐ | ☐ | ☐ |
| 3.4. Employee performs his or her duties without close supervision. | ☐ | ☒ | ☐ | ☐ | ☐ |
| 3.5. Employee accepts feedback or criticism in a positive manner and applies it to improve performance. | ☒ | ☐ | ☐ | ☐ | ☐ |
| 3.6. Employee is reliable and punctual. | ☐ | ☒ | ☐ | ☐ | ☐ |

**Professionalism Comments**
Sgt Yang is a reliable supervisor. He has strong ethical and integrity values and has gained experience in supervision which is noticeable.

Yang, Pao,                    Employee Initial:                    Page 1 of 6

PROVIDENCE POLICE DEPARTMENT
SUPERVISOR PERFORMANCE EVALUATION

| 4.   Knowledge and Application of Duties, Laws, Procedures, and Rules & Regulations | E | AA | MS | RI | NA |
|---|---|---|---|---|---|
| 4.1. Employee understands and complies with departmental rules, regulations, policies and procedures. | ☒ | ☐ | ☐ | ☐ | ☐ |
| 4.2. Employee possesses a good working knowledge of Municipal Violations, RI General Laws, Traffic Laws, and criminal procedure. | ☒ | ☐ | ☐ | ☐ | ☐ |
| 4.3. Employee applies above knowledge in the performance of his or her duties. | ☒ | ☐ | ☐ | ☐ | ☐ |
| Knowledge and Application Comments | | | | | |

| 5.   Information Gathering Analysis | E | AA | MS | RI | NA |
|---|---|---|---|---|---|
| 5.1. Employee conducts effective interviews and interrogations. | ☐ | ☒ | ☐ | ☐ | ☐ |
| 5.2. Employee recognizes, identifies, and gathers pertinent facts. | ☐ | ☒ | ☐ | ☐ | ☐ |
| 5.3. Employee follows through on information gathered and utilizes proper available resources (e.g. Detective Bureau, Victim's Assistance, etc.). | ☐ | ☒ | ☐ | ☐ | ☐ |
| Information Gathering Analysis Comments | | | | | |

| 6.   Communications (Radio and Computer) | E | AA | MS | RI | NA |
|---|---|---|---|---|---|
| 6.1. Employee utilizes proper codes and procedures regarding radio transmissions. | ☐ | ☒ | ☐ | ☐ | ☐ |
| 6.2. Employee monitors (listens and comprehends) radio transmissions. | ☒ | ☐ | ☐ | ☐ | ☐ |
| 6.3. Employee demonstrates good working knowledge of the Mobile Data Terminals and adheres to departmental guidelines regarding its use. | | | | | |
| Communications Comments | | | | | |
| sgt Yang is keen at monitoring the communication between officers and properly supervises it. | | | | | |

| 7.   Patrol Management | E | AA | MS | RI | NA |
|---|---|---|---|---|---|
| 7.1. Employee efficiently manages uncommitted time. | ☐ | ☐ | ☒ | ☐ | ☐ |
| 7.2. Employee identifies and addresses problems and concerns in his or her patrol area. | ☐ | ☒ | ☐ | ☐ | ☐ |
| 7.3. Employee efficiently manages calls for services and prioritizes workload. | ☐ | ☒ | ☐ | ☐ | ☐ |
| Patrol Management Comments | | | | | |
| Sgt Yang properly manages calls for services but I would like to see him more involved with community orgs and meetings on his down time. | | | | | |

| 8.   Situational Effectiveness and Reasoning Ability | E | AA | MS | RI | NA |
|---|---|---|---|---|---|
| 8.1. Employee performs effectively when faced with the added physical or mental stress of an emergency situation. | ☐ | ☒ | ☐ | ☐ | ☐ |
| 8.2. Employee mediates disputes effectively offering possible avenues of resolution in an effort to maintain order and bring about a satisfactory conclusion. | ☐ | ☒ | ☐ | ☐ | ☐ |
| 8.3. Employee effectively takes command of a situation as appropriate (Verbal/Physical Skills/Tactics). | ☐ | ☒ | ☐ | ☐ | ☐ |

Yang, Pao,                    Employee Initial: _____                    Page 2 of 6

## PROVIDENCE POLICE DEPARTMENT
### SUPERVISOR PERFORMANCE EVALUATION

| | E | AA | MS | RI | NA |
|---|---|---|---|---|---|
| 8.4. Employee exercises sound decisive judgment and accepts responsibility for his or her decisions. | ☒ | ☐ | ☐ | ☐ | ☐ |
| 8.5. Employee demonstrates ability to find a rule or concept which fits the situation. | ☒ | ☐ | ☐ | ☐ | ☐ |
| 8.6. Employee demonstrates ability to see relationships between apparently dissimilar incidents and draw logical conclusions. | ☐ | ☒ | ☐ | ☐ | ☐ |
| 8.7. Employee demonstrates ability to interpret, retain, and apply information received from victims, witnesses, and suspects. | ☐ | ☒ | ☐ | ☐ | ☐ |

**Situational Comments**
Works under stress.

| 9.  Safety Issues | E | AA | MS | RI | NA |
|---|---|---|---|---|---|
| 9.1. Employee uses caution when handling suspects or prisoners and follows safety procedures. | ☐ | ☒ | ☐ | ☐ | ☐ |
| 9.2. Employee follows acceptable officer safety practices in general. | ☐ | ☒ | ☐ | ☐ | ☐ |
| 9.3. Employee is aware of surroundings, direction of travel and has the ability to arrive at locations in a timely manner. | ☐ | ☒ | ☐ | ☐ | ☐ |
| 9.4. Employee maintains control of the vehicle, evaluates driving situations and reacts properly (i.e. defensive driving, follows rules of the road per policy, etc.). | ☐ | ☒ | ☐ | ☐ | ☐ |
| 9.5. Employee shows good judgment in use of lights and sirens and speed control. | ☐ | ☐ | ☐ | ☐ | ☐ |

**Safety Issues Comments**
Has not had an accident and leads by example in the care of equipment and vehicle.

| 10.  Key Elements of Job Performance | E | AA | MS | RI | NA |
|---|---|---|---|---|---|
| 10.1.    Personal appearance. | ☒ | ☐ | ☐ | ☐ | ☐ |
| 10.2.    Adherence to Uniform Standards. | ☐ | ☒ | ☐ | ☐ | ☐ |
| 10.3.    Attitude and cooperation. | ☒ | ☐ | ☐ | ☐ | ☐ |
| 10.4.    Professionalism | ☐ | ☒ | ☐ | ☐ | ☐ |
| 10.5.    Knowledge and application of duties, laws, procedures, rules and regulations. | ☐ | ☒ | ☐ | ☐ | ☐ |
| 10.6.    Reporting: Information gathering, written reports and forms. | ☐ | ☒ | ☐ | ☐ | ☐ |
| 10.7.    Reporting: Timeliness of report submission. | ☒ | ☐ | ☐ | ☐ | ☐ |
| 10.8.    Communications: Radio & Computer. | ☐ | ☒ | ☐ | ☐ | ☐ |
| 10.9.    Patrol management. | ☐ | ☐ | ☒ | ☐ | ☐ |
| 10.10.   Situational effectiveness, reasoning and decision-making ability. | ☐ | ☒ | ☐ | ☐ | ☐ |
| 10.11.   Safety issues. | ☐ | ☒ | ☐ | ☐ | ☐ |

| 11.  Supervisor Criteria | E | AA | MS | RI | NA |
|---|---|---|---|---|---|
| 11.1.    Immediately and directly confronts inappropriate behavior in a fair and equitable manner. | ☐ | ☒ | ☐ | ☐ | ☐ |

## PROVIDENCE POLICE DEPARTMENT
### SUPERVISOR PERFORMANCE EVALUATION

| | | | | | | |
|---|---|---|---|---|---|---|
| 11.2. | Takes responsibility for his/her actions and will not distort issues for personal gain. | ☐ | ☒ | ☐ | ☐ | ☐ |
| 11.3. | Deals fairly with all races, nationalities, cultures, disabilities, ages and gender. | ☐ | ☒ | ☐ | ☐ | ☐ |
| 11.4. | Provides direction and stability in a crisis situation. | ☐ | ☒ | ☐ | ☐ | ☐ |
| 11.5. | Makes good decisions based on analysis, experience, judgment, and common sense. | ☐ | ☒ | ☐ | ☐ | ☐ |
| 11.6. | Sets reasonable goals and objectives which can be monitored and measured. | ☐ | ☒ | ☐ | ☐ | ☐ |
| 11.7. | A good listener, easy to talk to, helpful and patient when working with subordinates. | ☐ | ☒ | ☐ | ☐ | ☐ |
| 11.8. | Trusts, empowers others, and creates an environment in which subordinates want to perform at their best. | ☐ | ☒ | ☐ | ☐ | ☐ |
| 11.9. | Explains reasons for key decisions, practices, and procedures. | ☐ | ☒ | ☐ | ☐ | ☐ |
| 11.10. | Utilizes subordinate's strengths, helps develop weaknesses, coaches, and provides guidance and instruction. | ☐ | ☒ | ☐ | ☐ | ☐ |
| 11.11 | Completes performance evaluations impartially and in a timely manner. | ☐ | ☒ | ☐ | ☐ | ☐ |
| 11.12. | Number of sick days used | 5 | | | | |
| 11.13. | Number of complaints | 0 | | | | |
| 11.14. | Number of commendations | 0 | | | | |

**Supervisor Criteria Comments**
Sgt Yang properly awards his officers with commendation and is dedicated to the mission of the Police Department

| | E | AA | MS | RI |
|---|---|---|---|---|
| **Overall Supervisory Performance Rating** | ☐ | ☒ | ☐ | ☐ |

**Overall Supervisory Performance Rating Comments (include remarks not stated elsewhere)**
SgT Yang is a good supervisor. He has come a long way from the first year as a supervisor and properly manages his time between adminstrative issues and in the field supervison. Keep it up.

**Future Performance Targets**
Improve on evaluation skills

Yang, Pao,                    Employee Initial:                    Page 4 of 6

## PROVIDENCE POLICE DEPARTMENT
### SUPERVISOR PERFORMANCE EVALUATION

| Employee and Supervisory Review |
|---|

I have read this performance appraisal and have had the opportunity to discuss my work with my supervisor.  I realize that my signature on this form does not necessarily mean that I agree with this evaluation.  I may submit a written appeal about this evaluation to the Commanding Officer within ten (10) days of this date for inclusion in my personnel jacket.

[X] I accept this evaluation.

[X] I do not concur with this evaluation.

[ ] I formally appeal this evaluation.

| Employee Signature | Date Signed |
|---|---|
| | 2/3/12 |

| Evaluating Supervisor - Print Name | Signature | Date Signed |
|---|---|---|
| Lt Wis F Srav Lum | | 2/5/12 |

| Reviewing Supervisor - Print Name | Signature | Date Signed |
|---|---|---|
| Capt. William T. Campbell | William F Campbell | 2-6-12 |

| Appeal | | |
|---|---|---|
| Appeal Decision (Explain amended ratings:) | [ ] Appeal Approved | |
| | [ ] Appeal Denied | |
| Appeal Decision Notification | [ ] Employee Notified | Date Notified: |
| | [ ] Evaluating Supervisor Notified | Date Notified: |

Details of review and actions taken.  Explanation for amended ratings.  Use reverse side if necessary.

| Command Staff Review | |
|---|---|
| Signature | Date Signed |
| | |
| | |

Yang, Pao,          Employee Initial: _____          Page 5 of 6

PROVIDENCE POLICE DEPARTMENT
SUPERVISOR PERFORMANCE EVALUATION

This evaluation will be reviewed with the employee by his or her immediate supervisor. All supervisors in the chain of command will review the appraisals and comment if appropriate. The evaluation will be maintained in the command level personnel file and as directed by the Chief of Police. The Performance Evaluation will be used as an important factor in making discretionary personnel decisions and assignments.

Performance evaluations will be done on an ongoing dynamic basis. A formal evaluation, however, will be completed every six months. This time period will allow for an up-to-date and accurate evaluation process.

APPEAL PROCESS

1. The purpose of an evaluation process is to allow an employee of the Department to appeal his or her evaluation.
2. The employee has ten (10) days to submit a performance evaluation appeal form to the Chief of Police, through his or her chain-of-command, that includes the reasons for and details of his or her disagreement with the evaluation.
3. The Chief of Police, or his designee, will investigate the appeal, reviewing documentation and conducting interviews where necessary.
4. A decision will be rendered and communicated to the parties involved in the appeal in writing within thirty (30) days. The decision will become a part of the employee's personnel record.

PERFORMANCE STANDARDS

1. Exceptional
   1.1. Level of performance rarely achieved by others. Assignments and responsibilities are being accomplished at the highest possible level of performance. Employee is producing results exceptionally above the normal expectations of the job.
2. Above Average
   2.1. Consistently exceeds job requirements with above average quality and quantity. Assignments and responsibilities are being accomplished in a highly effective manner, with only general guidance. Employee is producing results above the normal expectations of the job.
3. Meets Standard
   3.1. Performs all aspects of the job and consistently meets job requirements. Assignments and responsibilities are accomplished effectively with normal supervision and direction. Employee is producing results at the normal expectations of the job.
4. Requires Improvement
   4.1. Unable to meet job requirements. Performs below standards. Assignments and responsibilities are not accomplished at an acceptable level of quality or quantity. Employee requires close supervision and direction. Employee producing inadequate results which requires immediate attention.

Yang, Pao,                        Employee Initial: _____                        Page 6 of 6