**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| MARK MANCINI, | : | |
| *Plaintiff*, | : | |
| | : | |
| vs. | : | Civil Action No.  CA 13-092S |
| | : | |
| CITY OF PROVIDENCE, by and through its Treasurer, James J. Lombardi, III, | : : | |
| *Defendant.* | : | |
| | : | |

**DEFENDANT'S REPLY MEMORANDUM**

I.   **Introduction**

Now comes the Defendant City of Providence to submit the within memorandum of law in response to Plaintiff's Motion for Partial Summary Judgment Against Defendant City of Providence on the Issue of Liability on Counts I, II, III, and IV of the Complaint.

II.   **MAJOR FRANCISCO COLON'S REASONS FOR RECOMMENDING THAT PLAINTIFF RECEIVE A ZERO ON SERVICE POINTS WERE NOT DUE TO PLAINTIFF'S DISABILITY OR INJURED ON DUTY STATUS.**

In his Motion for Partial Summary Judgment, Plaintiff stated, "…the most specific reason provided by a commander for a low recommendation was by Colon, whose reason for a "0" was directly related to Mancini's disability (IOD status)." (See Pl.'s Mem. at 30.) This statement requires elaboration as to what Major Francisco Colon specifically said during lengthy questioning by Plaintiff's counsel as to his specific reasoning for recommending a zero (0) for the Plaintiff's service points on the 2012 Lieutenant's Promotional Exam. Specifically, Major Colon indicated that he had heard negative comments about the Plaintiff both before and during the meeting that was held to determine the awards of service points and factored that into his

1

decision to recommend a zero (0). (Excerpted Colon Depo. Tr. 43:18 – 23; 56:20 - 57:22, attached hereto as **Exhibit A**.) He furthermore indicated that another reason for recommending a zero (0) for service points was due to the Plaintiff's lack of responsiveness in filing certain medical documentation with Human Resources when asked by a superior officer. (Id. at 43:23 – 44:7.) Major Colon went on to indicate that Plaintiff, as a Sergeant, was a supervisor himself and that his exhibited behavior was "not the behavior you'd expect from a supervising officer." (Id. at 44:10 – 14.) At no time did Major Colon indicate during his deposition that he recommended a zero (0) for Sergeant Mancini's service points due to his disability or IOD status. Also, while not in response to a direct question as to reasons why Major Colon recommended a zero (0) for service points, he cited the fact that he viewed the Plaintiff as a "negative police officer" and one who he believed "complained about the job often." (Id. at 20:5-6; 28:2) Clearly, Major Colon's reasoning for recommending a zero (0) was not due to Plaintiff's disability or IOD status, but instead was non-discriminatory in nature.

III. **PLAINTIFF HAS FAILED TO DEMONSTRATE THAT ANY MEMBERS OF THE COMMAND STAFF OR COLONEL CLEMENTS CONSIDERED DISABILITY OR INJURED ON DUTY STATUS IN EITHER RECOMMENDING OR AWARDING THEIR SCORES FOR SARGEANT MANCINI'S SERVICE POINTS.**

Despite stating that "every member of the command staff who recommended low scores for Mancini had constructive knowledge of Mancini's IOD status at the time of the June 2012 Exam because the identity of office [sic] on IOD status were posted in plain view on a bulletin board in the Command Staff Meeting Room," Plaintiff has not pointed to any evidence that a single officer or Colonel Clements considered the Plaintiff's disability or IOD status in coming to their respective determinations on service points. (See Pl. Mem. at 30, Citing Pl.'s Excerpted Granata Depo. Tr. at 37:9 – 38:10.) In actuality, the entire record, and it is voluminous, is completely

devoid of any evidence that any employees of the Providence Police Department, including Colonel Clements, considered Sergeant Mancini's IOD status when recommending or awarding service points. In fact, Colonel Clements, who is the ultimate decision-maker in this case, articulated a plethora of non-discriminatory reasons for why he awarded Sergeant Mancini "0" for service points sufficient to carry Defendant's burden of production under the *McDonald Douglas* framework. (See Def.'s Mem. at 8-13.) Moreover, in addition to presenting the foregoing as evidence of non-discriminatory reasons for Colonel Clements' decision in regards to service points, Defendant has further presented a list of eleven (11) candidates for the 2012 Sergeant's Promotional Exam that were on IOD status who sat a mere week after the Lieutenant's Exam and their scores consisted of all fours (4) and fives (5) for service points, further demonstrating a lack of discriminatory intent or motive on the part of Colonel Clements as it pertains to the Plaintiff in this case. (Def. Mem. Ex. E; Pl. Mem. Ex. 6.); See also Furnco Const. Corp. v. Waters, 438 U.S. 567, 580 (1978) (A District Court could consider the statistical proof proffered by an employer regarding the composition of a workforce as proof of non-discriminatory motivation as a means of rebutting Plaintiff's *prima facie* case.)

IV.     Conclusion

Therefore, for the reasons set forth herein as well as in Defendant's Memorandum of Law in Support of Defendant's Objection to Plaintiff's Motion for Summary Judgment and in Support of Defendant's Cross-Motion for Summary Judgment, Defendant respectfully requests that Plaintiff's Motion for Summary Judgment be denied and that Defendant's Cross-Motion for Summary Judgment be granted.

DEFENDANT
By his Attorney,

JEFFREY DANA
CITY SOLICITOR

/s/Kevin F. McHugh

/s/Steven B. Nelson
Kevin F. McHugh (#3927)
Senior Assistant City Solicitor
Steven B. Nelson (#8142)
Assistant City Solicitor
City of Providence
City Solicitor's Office
444 Westminster Street, Suite 220
Providence, RI  02903
(401) 680-5333
(401) 680-5520 (fax)
kmchugh@providenceri.gov
snelson@providenceri.gov

## CERTIFICATION

I hereby certify that I have filed the within with the United States District Court on this 9th day of June, 2017, that a copy is available for viewing and downloading via the ECF system, and that I have caused a copy to be sent to:

> Mark P. Gagliardi
> 120 Wayland Avenue, Suite 7
> Providence, RI  02906

/s/Steven B. Nelson