UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

MARK MANCINI, :
    PLAINTIFF :
 :
 :
 :
v. : C.A. No. 13-092-S-PAS
 :
 :
CITY OF PROVIDENCE, by and Through Its :
Treasurer, James J. Lombardi, III, and :
HUGH CLEMENTS, JR., :
    DEFENDANTS. :

PLAINTIFF'S STATEMENT OF DISPUTED FACTS

Pursuant to Rule 56 of the Federal Rules of Civil Procedure and LR cv 56 of the Local Rules of the United States District Court for the District of Rhode Island, Plaintiff Mark Mancini, in connection with his Motion for Partial Summary Judgment (Doc. No. 86), hereby submits this Statement of Disputed Facts in response to Defendants' Statement of Undisputed Facts (Doc. No. 84). Mancini states that the following facts are disputed:

1. Plaintiff injured his right knee while chasing a suspect in the line of duty on or about November 15, 2010. (Def. Ex. A, Mancini Depo. Tr. Vol II 6:18-21.).

 **Plaintiff's Response:** Undisputed.

2. As a result of his injury, he was placed on "injured on duty" status, see R.I. Gen. Laws §45-19-1 et seq., and was out of work until May 2011.

 **Plaintiff's Response:** Undisputed.

3. He returned to work on "light duty" status until August 2011.

 **Plaintiff's Response:** Undisputed.

4. On or about September 2, 2011, Plaintiff applied for an accidental disability pension, which was denied on June 27, 2012 because Plaintiff did not qualify. (Pl. Ex. 4, Ex. 5.)

 **Plaintiff's Response:** It is undisputed that Plaintiff applied for and was denied an accidental disability pension. Plaintiff disputes that he was denied because he did not qualify since a reason for the denial is not provided in Pl.'s Ex. 4 or Ex. 5.

5. Plaintiff applied for a promotion from the rank of sergeant to the rank of lieutenant. (Pl. Ex. 8.)

   **Plaintiff's Response:** Undisputed.

6. The promotional process is governed by the Collective Bargaining Agreement ("CBA") between the City and the police union, the Providence Fraternal Order of Police Lodge 3 (the "Union"). (Pl. Ex. 3.).

   **Plaintiff's Response:** Undisputed.

7. The criteria for selecting a lieutenant is based upon a 100-point overall score whereby each candidate is awarded points as follows: (1) 0-85 points for his or her score on a 100-question written examination; (2) 0-5 points for his or her level of education; (3) 0-5 points for his or her level of seniority; and (4) 0-5 points for his or her service. (Pl. Ex. 3.)

   **Plaintiff's Response:** Undisputed.

8. The service component pertains to the candidate's overall performance as a police officer. (Pl. Ex. 3.)

   **Plaintiff's Response:** Undisputed.

9. The Chief of Police considers letters of commendation, memoranda of merit received, and other factors to determine a candidate's service points. (Pl.'s Ex. 3.)

   **Plaintiff's Response:** Undisputed.

10. Service points are awarded at the Police Chief's sole discretion. (Pl.'s Ex. 3.)

    **Plaintiff's Response:** Undisputed.

11. Pursuant to the CBA, the Chief of Police is to deliver his or her award of service points for all candidates to the Union prior to the administration of the written examination. (Pl. Ex. 3.)

    **Plaintiff's Response:** Undisputed.

12. On June 16, 2012, Plaintiff completed the exam and received an overall score of 88.2; (1) 78.2 points for the written examination; (2) 5 points for education; (3) 5 points for seniority; and (4) 0 points for his service.

    **Plaintiff's Response:** Undisputed.

13. Plaintiff's 88.2 overall score ranked him seventh of the sixteen sergeants who took the exam; therefore, he did not receive a promotion to lieutenant. (Pl. Ex. 8.)

    **Plaintiff's Response:** Undisputed.

14. Had Plaintiff received one more point overall, he would have tied with the fifth highest test taker and been eligible for promotion based on his seniority. (Pl. Ex. 3, Ex. 8).

    **Plaintiff's Response:** Undisputed.

15. Colonel Hugh T. Clements, Jr., Chief of Police, testified extensively during his deposition over the course of two days as to the nondiscriminatory reasons that he chose to award Mancini zero (0) service points. (Clements Depo Tr. Vol I and II.)

    **Plaintiff's Response:** Disputed. Defendant Clements has failed to provide a legitimate, nondiscriminatory reason for awarding Mancini a zero (0) service points that is sufficiently clear and specific to meet his burden as established in Texas Dept. of Comm. Affairs v. Burdine, 450 U.S. 248 (1981).

16. The only evidence Mancini presents to this Court to establish that his purported physical impairment substantially limits one or more major life activities is his own affidavit, prepared for purposes of moving for summary judgment. (See Pl. Mem. At 14.)

    **Plaintiff's Response:** Disputed. Pl.'s Ex. 4: Mancini's Application for Accidental Disability Benefits dated September 2, 2011. Answering further, Plaintiff's own testimony is sufficient to meet his burden in establishing that he is disabled within the meaning of the law. Katz v. City Metal Co., Inc., 687 F.3d 26, 32 (1st Cir. 1996) ("There is certainly no general rule that medical testimony is always necessary to establish disability. Some long-term impairments would be obvious to a lay jury (*e.g.*, a missing arm) and it is certainly within the realm of possibility that a plaintiff himself in a disabilities case might offer a description of treatments and symptoms over a substantial period that would put the jury in a position where it could determine that he did suffer from a disability within the meaning of the ADA.'); Palacios v. Cont'l Airlines, Inc., No. CIV.A. H-11-3085, 2013 WL 499866, at *4 (S.D. Tex. Feb. 11, 2013) (Plaintiff may testify as to whether his physical impairment substantially limits one or more of his major life activities because the primary object of attention in cases brought under the ADA should be whether covered entities have complied with their obligations and whether discrimination has occurred, not whether an individual's impairment substantially limits a major life activity. The court further stated "the threshold issue of whether an impairment 'substantially limits a major life activity should not demand extensive analysis.").

17. In his affidavit, Mancini avers the following: "At the time I sat for the June 2012 Lieutenant's Exam, my physical impairment substantially limited my ability to stand, walk, bend, lift, and work as compared to the average member in society." (Mancini Aff. ¶ 12.).

    **Plaintiff's Response:** Undisputed. Plaintiff refers to his response to Fact No. 16 for clarification.

18. Pursuant to the CBA, light duty status is reserved for those officers who are "expected to fully recover and return to his/her full police duties or other normal duties." (Def. Ex. D, Article X, Section 10 of the CBA.).

**Plaintiff's Response:** Undisputed to the extent that Defendants rely on Def. Ex. C, which contains Article X, Section 10 of the CBA.

19. Eleven (11) candidates for the 2012 Sergeant's promotional examination were also on injured on duty status at the time that they signed up to take that examination. (Pl. Ex. 6.)

**Plaintiff's Response:** Undisputed.

20. Every candidate on IOD status at the time of the Sergeant's examination received a five (5) for service points from Colonel Clements, other than Sean Carroll who received a four (4), and William Dickie, who did not meet the criteria for eligibility. (Def. Ex. E; Pl. Ex. 6.)

**Plaintiff's Response:** Undisputed to the extent that Defendants rely on Def. Ex. D, which contains Sergeant Examination scores.

MARK MANCINI
By His Attorney,

/s/Mark P. Gagliardi
Mark P. Gagliardi (#6819)
LAW OFFICE OF MARK P. GAGLIARDI
120 Wayland Avenue, Suite 7
Providence, RI 02906
(401) 277-2030
(401) 277-2021 (fax)
mark@markgagliardilaw.net

Dated: June 16, 2017

### CERTIFICATION

I hereby certify that on this **16**th day of June 2017, I filed electronically this document with the Clerk of the U.S. District Court for the District of Rhode Island and, therefore, all counsel-of-record has received notice electronically.

/s/Mark P. Gagliardi